(RZx), CLOSED, DISCOVERY, RELATED-G, TRANSFERRED

≈ 0 7 ⁻ 7 9 3 ≈

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Southern Division - Santa Ana)
## CIVIL DOCKET FOR CASE #: 8:07-cv-00829-AHS-RZ

Chriss Street v. Daniel Harrow et al

Assigned to: Judge Alicemarie H. Stotler

Referred to: Magistrate Judge Ralph Zarefsky

Related Case: 8:06-cv-00425-AHS-RZ

Case in other court: Superior Court of California County of Orange, 07CC07845

Cause: 28:1441 Notice of Removal - Contract Default

Date Filed: 07/19/2007

Date Terminated: 11/28/2007

Jury Demand: None

Nature of Suit: 190 Contract: Other

Jurisdiction: Federal Question

## Plaintiff

**Chriss Street**

represented by **Phillip B Greer**
Law Offices of Phillip B. Greer
1280 Bison Road B9-531
Newport Beach, CA 92660
949-640-8911
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**Daniel Harrow**

represented by **Bradley D Blakeley**
Blakeley & Blakeley LLP
1000 Quail Street, Suite 200
Newport beach, CA 92660
949-260-0611
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert T Kugler**
Leonard Street and Deinard
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
612-335-1645
Email: robert.kugler@leonard.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott E Blakeley**
Blakeley & Blakeley LLP
1000 Quail Street, Suite 200
Newport Beach, CA 92660
949-260-0611
Email: seb@bandblaw.com

I hereby attest and certify on *12-3-07*
that the foregoing document is a full, true
and correct copy of the original on file **in**
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

1079

1079

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DOES**
*1 through 25, inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/19/2007 | 1 | NOTICE OF REMOVAL from Superior Court of California County of Orange Central Justice Center, case number 07CC07845 with conformed copy of summons and complaint. Case assigned to Judge James V. Selna, discovery to Magistrate Judge Arthur Nakazato. (Filing fee $ 350 due), filed by defendant Daniel Harrow.(rla) (Entered: 07/30/2007) |
| 07/19/2007 | | FAX number for Attorneys Bradley D Blakeley, Scott E Blakeley is 949-260-0613. (rla) (Entered: 07/30/2007) |
| 07/19/2007 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Defendant Daniel Harrow. (rla) (Entered: 07/30/2007) |
| 07/23/2007 | 3 | NOTICE of Assignment to United States Magistrate Judge for Discovery filed by defendant Daniel Harrow. (esa) (Entered: 07/30/2007) |
| 08/01/2007 | 4 | ANSWER to Complaint filed by defendant Daniel Harrow.(esa) (Entered: 08/08/2007) |
| 08/03/2007 | 5 | NOTICE OF MOTION AND MOTION to Remand Case to State Court filed by plaintiff Chriss Street.Motion set for hearing on 9/10/2007 at 01:30 PM before Judge James V. Selna. (esa) (Entered: 08/09/2007) |
| 08/03/2007 | 6 | MEMORANDUM of Points and Authorities in support of MOTION to Remand Case to State Court[5] filed by Plaintiff Chriss Street. (esa) (Entered: 08/09/2007) |
| 08/03/2007 | 7 | PROOF OF SERVICE filed by plaintiff Chriss Street. Notice of Motion and Motion to Remand; Points and Authorities served on 8/2/07. (esa) (Entered: 08/09/2007) |
| 08/07/2007 | 8 | PROOF OF SERVICE filed by defendant Daniel Harrow. Notice of Motion and Motion to Transfer Venue; Memorandum of Points and Authorities; etc. were served on 8/6/07. (esa) (Entered: 08/14/2007) |
| 08/07/2007 | 9 | NOTICE OF MOTION AND MOTION to Transfer Case to District of Delaware filed by defendant Daniel Harrow.Motion set for hearing on 8/27/2007 at 01:30 PM before Judge James V. Selna. (esa) (Entered: 08/14/2007) |
| 08/07/2007 | 10 | MEMORANDUM of Points and Authorities in support of MOTION to Transfer Case to District of Delaware [9] filed by Defendant Daniel Harrow. (esa) (Entered: 08/14/2007) |
| 08/07/2007 | 11 | DECLARATION of Jacob B Sellers in support of MOTION to Transfer Case to District of Delaware[9] filed by Defendant Daniel Harrow. (esa) (Entered: 08/14/2007) |

| 08/15/2007 | 12 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 07.02 - Related Case- filed. Related Case No: SACV06-0425 AHS (RZx). Case transferred from Judge Arthur Nakazato and James V. Selna to Judge Alicemarie H. Stotler and Ralph Zarefsky for all further proceedings. The case number will now reflect the initials of the transferee Judge SACV07-829 AHS (RZx).Signed by Judge Alicemarie H. Stotler (smi) (Entered: 08/15/2007) |
|---|---|---|
| 08/16/2007 | 19 | APPLICATION of R T Kugler for Leave to Appear Pro Hac Vice. FEE PAID. filed by defendant Daniel Harrow. Lodged order. (dmjr) (Entered: 08/24/2007) |
| 08/21/2007 | 20 | ORDER by JudgeJames V Selna, granting APPLICATION of R T Kugler for Leave to Appear Pro Hac Vice. FEE PAID.[19] (dmjr) (Entered: 08/24/2007) |
| 08/22/2007 | 13 | ORDER TO PARTIES Requiring Rule 26 (f) Report by Judge Alicemarie H. Stotler: IT IS ORDERED, that all parties and counsel shall meet their obligations to disclose information, confer on a discovery plan, and file a report to the Court, as requried by FRCP 26(f). Rule 26 Meeting Report due no later than 11/5/2007. Failure to comply with this Order may result in the imposition of sanctions. IT IS FURTHER ORDERED that all counsel and parties appearing pro se must be familiar with the FRCP and Local Rules of the Central District of California. IT IS SO ORDERED.(rla) (Entered: 08/22/2007) |
| 08/22/2007 | 14 | MINUTES OF (IN CHAMBERS) ORDER by Judge Alicemarie H. Stotler: CONTINUING MOTION to Transfer Venue [9]. This matter has been transferred for all further proceedings, pursuant to General Order 07-02, from Hon. James V. Selna, to the calendar of Chief Judge Alicemarie H. Stotler, Santa Ana Courthouse, Courtroom 10A, 411 West Fourth Street, Santa Ana, California. On the Court's own motion, Motion to Transfer Venue is continued to 9/24/07, at 10:00 a.m.(rla) (Entered: 08/22/2007) |
| 08/22/2007 | 15 | NOTICE OF FILING REPORT AND RECOMMENDATION by Magistrate Judge Marc L. Goldman and Lodging of Proposed Judgment and Order.Objections to R&R due by 9/11/2007(dmjr) (Entered: 08/23/2007) |
| 08/22/2007 | 16 | NOTICE OF CLERICAL ERROR: Due to clerical error Re: Notice of Report and Recommendation[15] should have been docketed on another case (dmjr) (Entered: 08/23/2007) |
| 08/22/2007 | 17 | NOTICE OF FILING REPORT AND RECOMMENDATION by Magistrate Judge Marc L. Goldman Objections to R&R due by 9/11/2007 (dmjr) (Entered: 08/23/2007) |
| 08/24/2007 | 18 | NOTICE OF CLERICAL ERROR: Due to clerical error Re: Notice of Report and Recommendation[17] should have been filed on another case (dmjr) (Entered: 08/24/2007) |
| 08/27/2007 | 22 | DECLARATION of SARAH E. DOERR IN OPPOSITION TO PLAINTIFF'S MOTION FOR Remand filed by Defendant Daniel Harrow. (sd) (Entered: 09/07/2007) |

| 08/27/2007 | 23 | DEFENDANT DANIEL HARROW'S MEMORANDUM of LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND filed by DEFENDANT Daniel Harrow. (sd) (Entered: 09/07/2007) |
| 08/28/2007 | 21 | MINUTES OF IN CHAMBERS ORDER held before Judge Alicemarie H. Stotler : re: MOTION to Remand Case to State Court[5]. Motion reset for hearing on 9/24/2007 at 10:00 AM before Judge Alicemarie H. Stotler.(dmjr) (Entered: 08/29/2007) |
| 09/18/2007 | 24 | MINUTES OF IN CHAMBERS ORDER held before Judge Alicemarie H. Stotler: Court finds Plaintiffs MOTION to Remand Case to State Court[5] and Defendants MOTION to Transfer Case to District of Delaware[9] appropriate for submission on papers without oral argument. Matter is removed from Courts 09/24/07 calendar.(ln) (Entered: 09/20/2007) |
| 10/31/2007 | | MINUTES OF IN CHAMBERS ORDER before Judge Alicemarie H. Stotler: In light of pending motions, the Court orders the deadline for filing of the Rule 26(f) Report continued from November 5, 2007 to December 10, 2007. (em) (Entered: 10/31/2007) |
| 10/31/2007 | 25 | MINUTES OF IN CHAMBERS ORDER before Judge Alicemarie H. Stotler: In light of pending motions, the Court orders the deadline for filing of the Rule 26(f) Report continued from 11/5/07 to 12/10/2007. (em) (Entered: 11/01/2007) |
| 11/28/2007 | 26 | ORDER by Judge Alicemarie H. Stotler transferring case to UNITED STATES DISTRICT COURT for the DISTRICT OF DELAWARE. Order granting Defendant's Motion to Transfer Venue [9] and Denying Plaintiff's Motion to Remand [5]. Original file, certified copy of the transfer order and docket sheet sent. (MD JS-6. Case Terminated ) (rla) (Entered: 12/03/2007) |
| 12/03/2007 | | TRANSMITTAL of documents to Delaware District Court. (rla) (Entered: 12/03/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/03/2007 10:21:19 | | | |
| PACER Login: | us3877 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 8:07-cv-00829-AHS-RZ |
| Billable Pages: | 3 | Cost: | 0.24 |

FILED

1  Scott E. Blakeley (State Bar No. 141418)
   E-Mail: seb@bandblaw.com
2  Bradley D. Blakeley (State Bar No. 189756)
   BLAKELEY & BLAKELEY LLP
3  1000 Quail Street, Suite 200
   Newport Beach, CA 92660
4  Telephone: (949) 260-0611
   Facsimile: (949) 260-0613
5

2007 JUL 19  PM 12: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

6  Attorneys for Defendant,
7  Daniel Harrow

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                 SOUTHERN DIVISION

11  CHRISS STREET,                        CASE NO. _____

SACV07-829JVS (ANx)

12                Plaintiff,            **NOTICE OF REMOVAL OF CIVIL
13  v.                                  ACTION TO FEDERAL COURT**

14  DANIEL HARROW, DOES 1 through 25,
15  inclusive,

16                Defendants.

17

18
19  **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO
20  PLAINTIFF, CHRISS STREET, AND HIS COUNSEL OF RECORD HEREIN:**
21      **PLEASE TAKE NOTICE** that defendant Daniel Harrow ("Defendant"),
22  hereby removes to this Court the state court action described below.
23      1.    On July 12, 2007, an action commenced in the Superior Court for
24  the State of California in and for the County of Orange, entitled <u>Chriss Street v.
25  Daniel Harrow</u>, as Case Number 07-CC-07845 ("Action").
26      2.    The complaint and summons were served upon the Defendant.  A
27  true and correct copy of said complaint is attached hereto as Exhibit A.

DOCKETED ON CM

28  _____
    **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

JUL   0 2007

*Ntc of Removal v2.1*          **ORIGINAL**

BY _____  178

3.    The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1441(b) in that it is arises under 28 U.S.C. § 1334(b) and 28 U.S.C. § 1452(a) and is related to U.S. Bankruptcy Court (Dist. Delaware) Case No. 96-1563 (PJW).

4.    Plaintiff, Chriss Street, and Defendant in the Action are, respectively, the former and present Trustee of the End of the Road Trust, which "is a liquidating trust established under the laws of Delaware, pursuant to a plan of reorganization." Exh. A (Complaint ¶¶ 1-4, 7-10). The allegations asserted in this Action arise out of and relate to U.S. Bankruptcy Court (Dist. Delaware) Case No. 96-1563 (PJW).[1]

5.    After removal, Defendant will promptly move to transfer the Action to U.S. Bankruptcy Court (Dist. Delaware) Case No. 96-1563 (PJW). Defendant is also concurrently filing a copy of this notice with the Superior Court for the State of California in and for the County of Orange where the Action is pending.

6.    The Action is a core bankruptcy proceeding.

7.    Defendant consents to entry of final orders or judgment by U.S. Bankruptcy Court (Dist. Delaware) Case No. 96-1563 (PJW).

Dated: July 25, 2007                    BLAKELEY & BLAKELEY LLP

By
Bradley D. Blakeley
Attorneys for Defendant,
Daniel Harrow

---

[1] This is the second suit involving the same parties, but different facts. The first action filed by plaintiff, Chriss Street, was removed from State Court on April 28, 2006, to the Central District of California, Southern Division, Honorable Alicemarie H. Stotler presiding. On May 22, 2006, defendant Daniel Harrow, filed a motion to transfer venue to the Federal Court in the District of Delaware. On July 27, 2006, Chriss Street dismissed the complaint against Daniel Harrow.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DANIEL HARROW, DOES 1 thru 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHRISS STREET

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 1 2 2007

ALAN SLATER, Clerk of the Court

BY: _____ J. TRAN _____, DEPUTY

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Orange County Superior Court

ORANGE COUNTY SUPERIOR COURT
UNLIMITED JURISDICTION - CIVIL
700 CIVIC CENTER DR. WEST
P. O. BOX 838
SANTA ANA, CA 92702-063

**CASE NUMBER:**
*(Número del Caso)* **07CC07845**

**JUDGE WILLIAM M. MONROE**
**DEPT. C11**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Phillip B. Greer, Esq. 1280 Bison Road B9-531 Newport Beach, California 92660 (949) 640-8911

| DATE: *(Fecha)* | **ALAN SLATER** | Clerk, by **JOSEPH TRAN** *(Secretario)* | _____, Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 485
American LegalNet, Inc. | www.USCourtForms.com

1  PHILLIP B. GREER
   LAW OFFICES OF PHILLIP B. GREER
2  1280 Bison Road  B9-531
   Newport Beach, California
3  92660
   (949) 640-8911
4  (949) 759-7687

5  Attorney for Plaintiff

6

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 1 2 2007

ALAN SLATER, Clerk of the Court

BY: ____ J. TOAN ____, DEPUTY

7                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                        FOR THE COUNTY OF ORANGE

9

10  CHRISS STREET,                    )   Case No.: 07CC07845
                                      )
11            Plaintiff,              )   COMPLAINT FOR DAMAGES FOR
                                      )
12       vs.                          )      1.  Breach of Contract
                                      )      2.  Fraud
13  DANIEL HARROW and Does 1 thru 25  )      3.  Intentional Interference with
                                      )          Economic Relations
14  inclusive,                        )      4.  Negligent Interference with
                                      )          Economic Relations
15            Defendant               )      5.  Conspiracy
                                      )
16                                    )
                                      )   JUDGE WILLIAM M. MONROE
17                                    )        DEPT. C11
                                      )
18                                    )
                                      )
19  _____

20       Plaintiffs allege:

21       1.  Plaintiff, Chriss Street, is, and at all times mentioned herein was, a resident of

22            the County of Orange, State of California.

23       2.  Defendant, Daniel Harrow, is, and at all times mentioned herein was, a

24            resident of the State of California.

25

COMPLAINT FOR DAMAGES - 1

4

3. The true names and capacities of Defendant sued herein as Does 1 thru 25, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs at this time and, therefore, Plaintiffs sue said Defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of said Defendants when same are ascertained. Plaintiff is informed and believes, and thereon alleges, that said Defendants, and each of them, are responsible in some manner for the acts and/or damages alleged herein.

4. From approximately July 1996 to the end of August, 2005, Plaintiff served as the Trustee for the End of the Road Trust.

5. From approximately July 17, 2005 to July 17, 2006, Plaintiff was covered by a policy of Fiduciary Liability Insurance issued by Arch Specialty Insurance Company, policy No. FDC00090600. Pursuant to said policy, Plaintiff, as Trustee of End of the Road Trust, was entitled to coverage, including, but not limited to, a defense against liability for all actions taken as Trustee for the Trust.

6. On or about August 19, 2005, Plaintiff, was served with a subpoena by the United States Department of Labor in his capacity as the Trustee of the End of the Road Trust.

7. On or about August 19, 2006, Plaintiff, pursuant to his voluntary resignation as Trustee was replaced as Trustee of the End of the Road Trust by Defendant, Daniel Harrow.

8. Pursuant to the terms and conditions of the policy of fiduciary liability insurance, Plaintiff tendered the defense of the United States Department of Labor subpoena to Defendant, Daniel Harrow for processing pursuant to his

1      duties as the new Trustee for the Trust. Subsequent to the tender of the

2      defense of the Department of Labor subpoena to Mr. Harrow, Plaintiff was

3      informed that there was no coverage and that Plaintiff would have to defend

4      the subpoena personally. At the time Defendants, and each of them, informed

5      ·Plaintiff of the denial of coverage by Arch, Plaintiff was unaware of what, if

6      any, information had been provided to Arch and what, therefore, was the

7      basis for the denial of coverage.

8    9.  Plaintiff has defended, and continues to defend, the subpoena and

9      subsequent actions of the United States Department of Labor as they relate

10      to Plaintiff's tenure as Trustee of the End of the Road Trust without the

11      assistance mandated by the policy of insurance.

12   10.  On or about March, 2007, Plaintiff discovered, pursuant to a review of

13      documents unearthed in responding to unrelated actions by the End of the

14      Road Trust, correspondence dated April 13, 2006, from attorneys

15      representing Arch Specialty Insurance Company to counsel for Defendant

16      Harrow detailing the basis for the denial of a defense to Plaintiff in regard to

17      the Department of Labor matter. Pursuant to the correspondence, a copy of

18      which is attached hereto as Exhibit "A", certain responses provided by Mr.

19      Harrow, in response to inquiries made by Arch to determine coverage, were

20      "false when made." (Exhibit A, page Six, paragraph 1). The correspondence

21      goes on to state that Mr. Harrow, as the Trustee, "may have made additional

22      misrepresentations relating to the nature of the Trust's business." (Exhibit A,

23      page Six, paragraph 2).

24

25

## FIRST CAUSE OF ACTION

### (Breach of Contract Against All Defendants)

11. Plaintiffs repeat and reallege each and every allegation in Paragraphs One thru Nine as if fully set forth herein.

12. Defendants, and each of them, knew that pursuant to the policy of insurance issued by Arch, both Arch and Defendants, and each of them, had a duty and obligation to provide a defense for Plaintiff against the Department of Labor subpoena. Furthermore, Defendants, and each of them, knew thatArch's coverage position would be dependent upon the information provided by Defendants, and each of them, as requested by Arch in making its coverage decision. Pursuant to the policy of fiduciary liability insurance issued by Arch, Defendants, and each of them, had a duty to provide accurate and truthful information to Arch.

13. Plaintiff has performed all conditions on his part to be performed pursuant to said agreement with the exception of those conditions whose non-performance is excused by the conduct of Defendants, and each of them, as herein described and alleged.

14. Defendants, and each of them, breached said agreement by failing to provide all necessary and appropriate information in a truthful and accurate manner to Arch so as to allow Arch to conclude that it had a duty to provide a defense to Plaintiff in regard to the Department of Labor subpoena and subsequent related actions.

15. As a direct and proximate result of the breaches by Defendants, and each of them, Plaintiff was forced to provide, and continues to provide, a personal

COMPLAINT FOR DAMAGES - 4

defense to the subpoena and related actions of the Department of Labor, all

to his damage in an amount to be proven at the time of trial.

## SECOND CAUSE OF ACTION

### (Fraud Against All Defendants)

16. Plaintiff repeats and realleges each and every allegation in Paragraph One
thru Fifteen as if fully set forth herein.

17. As hereinabove described, Defendants, and each of them, represented to
Plaintiff that they would provide a defense to each and every action taken by
Plaintiff during his tenure as Trustee of the End of the Road Trust. Defendant,
and each of them, further represented to Plaintiff that they would provide Arch
with honest and accurate information as to any and all claims made pursuant
to said policy.

18. The representations made by Defendants, and each of them, were false and
Defendants, and each of them, had no reasonable grounds for believing them
to be true. The facts were that Defendants, and each of them, knew or should
have known that they had not properly processed the application of Plaintiff,
had not provided Arch with all necessary, appropriate, honest and accurate
information so as to allow Arch to provide a defense and, in fact, provided
Arch with false and misleading information as to the nature and extent of the
claim.

19. At the time Defendants, and each of them, made the aforementioned
representations, Plaintiff reasonably relied upon them and believed them to
be true. In reliance upon those representations, Plaintiff did not immediately
seek alternative means of defending against the subpoena and subsequent

8

1    actions of the Department of Labor subpoena. Had Plaintiff known the true

2    facts, Plaintiff would not have relied upon the actions and representations of

3    Defendants, and each of them, as herein described .

4    20. Plaintiff has been damaged as a result of the fraudulent misrepresentations of

5    Defendants, and each of them, in that Plaintiff has had to incur considerable

6    legal and related expenses in defending himself against the Department of

7    Labor subpoena and related actions. Plaintiff furthermore has been put into a

8    compromising position exposing Plaintiff to the potential of considerable and

9    unnecessary liability in regard to the Department of Labor subpoena and

10    related actions due to the fact that Defendants, and each of them, have

11    denied Plaintiff access to all necessary and appropriate books, records, files

12    and other information as requested by the United States Department of

13    Labor. Plaintiff does not yet know the full extent and true amount of damages

14    suffered as a result of the fraudulent misrepresentations of Defendants, and

15    each of them, and will seek leave to amend this compliant when the full

16    amount of damages is ascertained.

17    21. Defendants, and each of their, actions, in fraudulently misrepresenting the

18    true facts and their true intentions, were intentional and done for the purpose

19    of inducing plaintiff to take the actions hereinabove described and, therefore,

20    Plaintiff is entitled to punitive and exemplary damages in an amount to be

21    determined at trial.

22

23

24

25

1
2                          THIRD CAUSE OF ACTION
3         (Intentional Interference with Economic Relationship Against all Defendants)
4
5         22. Plaintiff repeats and realleges each and every allegation in Paragraphs One
6             thru Sixteen, inclusive, as if fully set forth herein.
7         23. Defendants, and each of them, knew of the above described relationship
8             between Plaintiff and the Arch Specialty Insurance Company in that
9             defendants, and each of them, had copies of the insurance policy in question
10            and provided information to Arch during Arch's investigation of the claim.
11        24. On or about August 19, 2005, and continuing thereafter, defendants, and
12            each of them, continued to falsely represent to Plaintiff that they were
13            pursuing coverage pursuant to the policy of insurance issued by Arch and
14            that, as a result, Plaintiff would enjoy the benefits of that policy of insurance.
15            Defendants, and each of them, made these representations not only to
16            Plaintiff but to third parties as well.
17        25. On or about February, 2006, the Arch denied coverage under the policy of
18            insurance as a result of the misrepresentations, falsehoods and breaches
19            made by Defendants, and each of them.
20        26. As a proximate result of defendants, and each of their, conduct, and the
21            denial of coverage pursuant to the policy of fiduciary liability insurance in
22            place at the time, plaintiff has suffered damages in an amount to be proven at
23            trial.
24
25

COMPLAINT FOR DAMAGES - 7

27. The aforementioned acts of defendants, and each of them, were willful, oppressive, fraudulent and malicious. Plaintiff is therefore entitled to punitive damages.

## FOURTH CAUSE OF ACTION

(Negligent Interference with Economic Relationship Against All Defendants)

28. Plaintiff repeats and realleges each and every allegation in Paragraphs One thru Twenty Seven, inclusive, as if fully set forth herein.

29. Defendants, and each of them, were informed when they agreed to provide fiduciary liability insurance that their failure to cooperate with Arch in its investigation into the claim, its failure to provide honest and accurate information and its failure to make all regarding a claim available to Plaintiff and Arch would cause Plaintiff to lose the benefits and advantages of the policy of insurance and cause Plaintiff to be exposed to liability for acts engaged in while Trustee of the End of the Road Trust, acts which should have been covered pursuant to the policy of insurance.

30. Defendants, and each of them, nevertheless negligently failed to provide Arch with truthful and accurate information regarding the claim in a timely manner, failed to cooperate with Arch and failed to provide Arch and Defendant with all relevant information.

31. As a result of defendants, and each of their, negligence, plaintiff was denied coverage despite the existence of the policy of insurance, all to his damage in an amount to be proven at trial.

1

2                                    FIFTH CAUSE OF ACTION

3                                  (Conspiracy Against All Defendants)

4

5      32. Plaintiff repeats and realleges each and every allegation in Paragraphs One

6           thru Thirty One, inclusive, as if fully set forth herein.

7      33. On or about August 2005, and continuing thereafter, Defendants, and each of

8           them, knowingly and willingly conspired and agreed among themselves to

9           withhold pertinent, honest and accurate information to both Arch and Plaintiff

10          and instead provided false, misleading and fraudulent information to Arch

11          Specialty Insurance Company so as to manipulate Arch's investigation of the

12          Department of Labor's subpoena and related activities, resulting in the denial

13          of coverage for Plaintiff in regard to the United States Department of Labor

14          subpoena, and related activities, pursuant to the policy of fiduciary liability

15          insurance issued by Arch.

16      34. Pursuant to Exhibit A, attached hereto, Defendants, and each of them

17          provided Arch with false and misleading information so as to have Arch deny

18          coverage pursuant to the policy of insurance.

19      35. Defendants, and each of them, did the acts and things herein alleged

20          pursuant to, and in furtherance of, the conspiracy and above alleged

21          agreement.

22      36. Plaintiff is informed and believes and thereon alleges that the last overt act in

23          pursuance of the above described conspiracy occurred on or about April 13,

24          2006 on which date defendants, and each of them continued to provide Arch

25          with false and misleading information.

COMPLAINT FOR DAMAGES - 9

1   37. Plaintiff did not know of the conspiracy as hereinabove described until on or

2       about March 2007 when, pursuant to a review of documents heretofore

3       unavailable, Plaintiff discovered the correspondence identified as Exhibit A

4       hereto. Since said information was in the possession of Defendants, and each

5       of them, until such time as Plaintiff discovered said correspondence pursuant

6       to discovery requests in another matter involving the End of the Road Trust,

7       plaintiff had no reason or ability to determine the existence of said

8       documents.

9   38. As a proximate result of the wrongful acts herein alleged, Plaintiff has been

10      generally damaged in an amount to be determined at trial.

11  39. In doing the things herein alleged, defendants, and each of them, acted with

12      malice, oppression and fraud, willfully and with the intent to cause injury to

13      Plaintiff. Defendants were therefore guilty of malice, oppression and fraud in

14      conscious disregard of Plaintiff's rights, thereby warranting an assessment of

15      punitive damages in an amount appropriate to punish defendants and deter

16      others from engaging in similar misconduct.

17

18  WHEREFORE, Plaintiff prays judgment against Defendants, and each of them,

19  as follows:

20  FIRST CAUSE OF ACTION

21  1. For general damages in an amount to be proven at trial

22  2. For special damages in an amount to be proven at trial

23  SECOND CAUSE OF ACTION

24  3. For general damages in an amount to be proven at trial

25  4. For special damages in an amount to be proven at trial

COMPLAINT FOR DAMAGES - 10

5. For punitive or exemplary damages in an amount to be proven at trial

THIRD CAUSE OF ACTION

6. For general damages in an amount to be proven at trial

7. For special damages in an amount to be proven at trial

8. For punitive or exemplary damages in an amount to be proven at trial

FOURTH CAUSE OF ACTION

9. For general damages in an amount to be proven at trial

10. For special damages in an amount to be proven at trial

FIFTH CAUSE OF ACTION

11. For general damages in an amount to be proven at trial

12. For special damages in an amount to be proven at trial

13. For punitive or exemplary damages in an amount to be proven at trial

ALL CAUSES OF ACTION

14. For attorney fees and costs incurred herein

15. For such other and further relief as the Court deems just and proper

Dated this 15th day of June, 2007

PHILLIP B. GREER
Attorney for Plaintiff
Chriss Street

COMPLAINT FOR DAMAGES - 11

14



# TUCKER ELLIS & WEST LLP

ATTORNEYS AT LAW

One Market Street  Steuart Tower  Suite 1300  San Francisco, California  94105
phone 415.617.2400  fax 415.617.2409  tuckerellis.com

Direct Dial: 415.617.2224
Email: Kwest@tuckerellis.com

April 13, 2006

## VIA CERTIFIED MAIL & E-MAIL

Ali M.M. Mojdehi, Esq.
Baker & McKenzie LLP
101 West Broadway, Twelfth Floor
San Diego, California 92101-3890

| Re: | Insured: | Pension Transfer Corporation/End of the Road Trust |
|-----|----------|---------------------------------------------------|
| | Insurer: | Arch Specialty Insurance Company |
| | Policy: | Fiduciary Liability Insurance |
| | Policy No.: | FDC00090600 |
| | Policy Period: | July 17, 2005 to July 17, 2006 |
| | Ref. Nos. | Arch: 20675 |
| | | TEW: 10177/00005 |
| | Claim: | DOL Subpoena to Chriss W. Street |

Dear Mr. Mojdehi:

Our firm has been retained to represent the interests of Arch Specialty Insurance
Company ("Arch") in connection with the August 19, 2005, Department of Labor ("DOL")
subpoena ("the DOL Subpoena") issued to Chriss W. Street ("Street"), former Trustee of End of
the Road Trust ("the Trust"). The DOL Subpoena was reported to Arch under Fiduciary Liability
Insurance Policy No. FDC000990600 ("the Policy"). We write to respond to your letter to Arch
dated January 31, 2006.

We have carefully re-examined the provisions of the Policy in light of your
correspondence. While Arch has modified certain of its positions, it continues to appear that the
Policy would not afford coverage for any loss to Street or the Trust arising from the DOL
Subpoena. In addition, Arch has identified additional coverage issues which otherwise could
serve to preclude or limit coverage. Such coverage issues also are discussed herein.

10177\00005\144557\5\

15

# TUCKER ELLIS & WEST LLP

### ATTORNEYS AT LAW

Ali M.M. Mojdehi
Baker & McKenzie LLP
*Re:  Pension Transfer Corporation/End of the*
*    Road Trust/DOL Subpoena to Street*
April 13, 2006
Page 2


## RESPONSE TO JANUARY 31, 2005 LETTER

### A.    Arch's Communications with Mr. Street

We acknowledge your concern with regard to the Policy's notice provisions given the replacement of Street by Daniel W. Harrow ("Harrow") as the current Trustee and sole authorized representative of the Named Corporations (*i.e.*, Pension Transfer Corporation and/or End of the Road Trust), effective August 2, 2005. However, your contention that the October 19, 2005 letter from Street's attorney (Joseph C. Faucher), as well as Arch's Response, "are in abrogation of the essential terms and conditions of the Policy" is an exaggeration under the circumstances. Street is an Insured Person under the Policy, a point which you appear ready to concede.

Nevertheless, Arch regrets this oversight and Mr. Harrow's delayed receipt of Arch's November 18, 2005 letter. In the future, we will direct all communications to you and/or Mr. Harrow. As you may already know, on March 22, 2006, Arch issued coverage correspondence to Donald Sheetz in connection with his December 12, 2005 notice to Arch involving the action styled *Double A Trailer Sales, Inc. v. Chriss W. Street, et al. (*"the *Double A* Action"). We understand that Mr. Sheetz and Mr. Harrow have discussed the *Double A* Action and that Mr. Harrow was aware that Mr. Sheetz would be reporting the *Double A* Action to Arch.

### B.    The DOL Subpoena is a Potential Claim

After further consideration, Arch is now of the view that the DOL Subpoena is not a Claim as initially asserted. However, we have considered whether the subpoena is a potential Claim. In relevant part, Section VII of the Policy states that:

> If during the Policy Period the Insureds shall become aware of any
> circumstances which may reasonably be expected to give rise to a
> Claim being made against an Insured and shall give written notice
> to the Insurer of the circumstances, the anticipated allegations of
> Wrongful Act(s) and the reasons for anticipating such a Claim,
> with full particulars as to dates, persons and entities involved, then
> a Claim which is subsequently made against such Insured and
> reported to the Insurer for a Wrongful Act:
>
> (1)    which is the same as any Wrongful Act alleged or contained
>        in such notice, or

10177\00005\144557\5\



## TUCKER ELLIS & WEST LLP

ATTORNEYS AT LAW

Ali M.M. Mojdehi
Baker & McKenzie LLP
*Re:  Pension Transfer Corporation/End of the*
*Road Trust/DOL Subpoena to Street*
April 13, 2006
Page 3

> (2)    which together with any Wrongful Act alleged or contained
> in such notice constitute Interrelated Wrongful Acts,
>
> shall be considered made at the time such notice of circumstances
> was first given to the Insurer. However, the Insurer shall not be
> liable under this Policy for any amount incurred by an Insured in
> the defense, investigation or settlement of any such potential Claim
> prior to the date the Claim is actually made against the Insured.

The DOL Subpoena contains the following requests:

- **Request No. 5.** "All documents relating to the decision to retain SAM [Street Asset Management] as a service provider for the Plan."

- **Request No. 6.** "All documents reflecting any communication, analysis, evaluation, report, recommendation or request for information or advice relating to the investment of the Plan in Dorsey Trailer or Dorsey Holdings."

- **Request No. 8.** "All documents reflecting your investment or legal advice, opinions, or recommendations relating to the Plan."

- **Request No. 9.** "All documents reflecting any indemnification agreement, other agreement, or insurance policy (including any fiduciary liability, professional liability, directors and officers liability, or errors and omissions liability policy) that may cover any losses incurred by the Plan."

The foregoing requests relate to Street's conduct in connection with the Fruehauf Trailer Corporation Retirement Plan and appear to suggest that the DOL's suspects self-dealing by Street. Thus, a reasonable person could conclude the subpoena involves circumstances which may reasonably be expected to give rise to a Claim by the DOL. It therefore appears the DOL Subpoena represents a potential Claim and, accordingly, Arch will treat the October 19, 2005 letter of Street's attorney (Joseph C. Faucher) as notice of a potential Claim. That said, Arch would have no obligation to indemnify any of Street's expense in responding to the DOL Subpoena; coverage would be available only for those expenses incurred after an actual Claim is made against Street.

{0177 \ 00005 \ 144557 \ 5 \



# TUCKER ELLIS & WEST LLP

### ATTORNEYS AT LAW

Ali M.M. Mojdehi
Baker & McKenzie LLP
*Re:  Pension Transfer Corporation/End of the*
    *Road Trust/DOL Subpoena to Street*
April 13, 2006
Page 4

### C.    Misrepresentations in the Application

Even though the DOL Subpoena is a potential Claim, and not a Claim, the Company was still required to disclose the DOL subpoena in its Policy Application.

#### 1.    Application

The Policy defines Application to mean:

> [E]ach and every signed application, any attachments to such applications, other materials submitted therewith or incorporated therein and any other documents submitted in connection with the underwriting of this Policy or the underwriting of any other fiduciary, directors and officers and/or corporation (or equivalent) liability policy issued by the Insurer, or any of its affiliates, of which this Policy is a renewal, replacement or which it succeeds in time[.]

The Trust submitted to Arch an "Application for Fiduciary Insurance," signed by Daniel Harrow and dated October 3, 2005. This submission is an Application, as defined.

The Trust also submitted warranty letters, signed by Daniel Harrow, and dated August 31, 2005 and September 6, 2005. The warranty letters are part of the "Application for Fiduciary Insurance" dated October 3, 2005 because they are, at a minimum, "any other documents submitted in connection with the underwriting of this Policy."

#### 2.    Section XVIII [Representations]

Section XVIII [Representations] of the Policy provides that:

> By acceptance of this Policy the Insureds agree that the statements in the Application are their agreements and representations and that this Policy is issued in reliance upon the truth of such agreements and representations, which are deemed material to the acceptance of the risk or the hazard assumed by the Insurer under the Policy.
>
> If any Insured has knowledge or information, as of the effective date of the Application, of any act, error, omission or circumstance

10177\00005\144557\5\

18



# TUCKER ELLIS & WEST LLP

### ATTORNEYS AT LAW

Ali M.M. Mojdehi
Baker & McKenzie LLP
Re:  *Pension Transfer Corporation/End of the*
     *Road Trust/DOL Subpoena to Street*
April 13, 2006
Page 5

> which may give rise to a Claim and which is required to be
> disclosed in the Application, whether or not actually disclosed in
> the Application, any Claim subsequently arising therefrom shall be
> excluded from coverage under this Policy; provided this paragraph
> does not limit and is without prejudice to any other rights, defenses
> and remedies available to the Insurer.  Only the knowledge of
> Executives shall be imputed to the Corporation and any Plan for
> purposes of this Section XVIII.

3.    **Application Question**

The Company submitted to Arch an "Application for Fiduciary Insurance," signed by
Dan Harrow and dated October 3, 2005. Page six of the Application contains the following
question:

#### PRIOR KNOWLEDGE

> Does any person or entity for whom this insurance is intended,
> have any knowledge or information concerning any actual or
> alleged act, error, omission, fact or circumstance which may give
> rise to a Claim which may fall within the scope of the proposed
> insurance? (emphasis supplied)

> IT IS UNDERSTOOD AND AGREED THAT IF SUCH
> KNOWLEDGE OR INFORMATION EXISTS, ANY CLAIM
> ARISING THEREFROM IS EXCLUDED FROM THIS
> PROPOSED INSURANCE.

In response, the Trust answered "No" and "None Known."

4.    **The Warranty Letters**

The August 31, 2005 warranty letter, which was signed by Mr. Harrow, stated "please be
advised that I am not aware of any incident that might result in a loss since July 17, 2005." The
September 6, 2005 warranty letter, signed by "a trustee," states that we are not aware of any
known losses that involve the Fiduciary Liability placement."

10177\00005\144557\5\

9



# TUCKER ELLIS & WEST LLP

### ATTORNEYS AT LAW

Ali M.M. Mojdehi
Baker & McKenzie LLP
*Re:  Pension Transfer Corporation/End of the*
*Road Trust/DOL Subpoena to Street*
April 13, 2006
Page 6

### 5.    Analysis

As disused above, the DOL Subpoena constitutes a potential Claim against Street. Street is an Insured Person and an Executive, as defined, and thus is a "person for whom this insurance is intended." Street was served with the DOL Subpoena on August 19, 2005. Thus, as of October 3, 2005, at least one Insured Person and Executive (Street) had "knowledge or information concerning any actual or alleged act, error, omission, fact or circumstance which may give rise to a Claim which may fall within the scope of the proposed insurance." Accordingly, Mr. Harrow's negative response to the above Application question and the statements in the warranty letters were false when made. Mr. Harrow's actual knowledge or lack of knowledge of the DOL Subpoena is irrelevant in this regard.

Therefore, contrary to your assertions, Arch has a substantial basis to contend that misrepresentations were made to it during the Application process and Arch's assertion of the same was entirely appropriate. Moreover, as discussed below, there is evidence that the Trust may have made additional misrepresentations relating to the nature of the Trust's business.

Based on the foregoing, Arch affirms its declination and sees no basis to "retract" its earlier response as you request.

### ADDITIONAL COVERAGE ISSUES

#### A.    Potential Claim

As we noted previously, Faucher's October 19, 2005 letter is notice of a potential Claim. Arch has no obligation to indemnify any of Street's expense in responding to the DOL Subpoena. Such obligation, if any, would arise only after an actual Claim is made against Street and would be limited to expenses incurred after such Claim was made.

#### B.    Exclusions

Pursuant to Section IV [Exclusions] of the Policy, the Insurer shall not be liable to make any payment for Loss as a result of a Claim made against an Insured:

      (a)    arising out of, based upon or attributable to the gaining of any profit, remuneration or financial advantage to which such Insured was not legally entitled, as evidenced by a written statement or written admission by such Insured or a judgment or other final



# TUCKER ELLIS & WEST LLP

### · ATTORNEYS AT LAW

Ali M.M. Mojdehi
Baker & McKenzie LLP
*Re:  Pension Transfer Corporation/End of the*
*Road Trust/DOL Subpoena to Street*
April 13, 2006
Page 7

> adjudication in the underlying action or in a separate action,
> alternative dispute resolution process (including one pursuant to
> Section XIV) or other proceeding;

> (b)    arising out of, based upon or attributable to the committing of any
> deliberate criminal or deliberate fraudulent act by such Insured, as
> evidenced by a written statement or written admission by such
> Insured or a judgment, ruling or other finding of fact in the
> underlying action or in a separate action, alternative dispute
> resolution process (including one pursuant to Section XIV) or
> other proceeding.

To the extent the DOL Subpoena suggests the DOL may suspect Street of self-dealing,
Arch reserves the right to decline coverage for any Claim which actually results from the DOL
Subpoena, containing such allegations, pursuant to Exclusions (a) and (b) of the Policy.

### C.    Possible Misrepresentations Regarding Nature of Business

Arch has become aware of information which suggests that the Trust may have made
additional misrepresentations in its Policy Application dated October 3, 2005. Such
misrepresentations may involve statements relating to the nature of the Trust's business and
whether the Trust was in control of any Plans at the time the Trust was submitted.[1] Arch is
investigating this issue and expressly reserves the right to deny coverage for any Claim arising
from the DOL Subpoena based on any such misrepresentations. Arch also reserves the right to
reform or rescind the Policy.

### CONCLUSION

Arch reserves the right to supplement the coverage positions set forth herein, specifically
including the right to raise additional coverage defenses under the Policy, including the right to
rescind the Policy, should the facts and circumstances developed in this matter so warrant.

---

[1] Such misrepresentations relate to what you describe as "an error that was committed (which error may
have been due to Arch's negligence in part) in the inappropriate conversion of the policy to a runoff policy." From
our investigation thus far, it appears any such "error" is attributable entirely to the Trust and its agents.



# TUCKER ELLIS & WEST LLP

ATTORNEYS AT LAW

Ali M.M. Mojdehi
**Baker & McKenzie LLP**
*Re:  Pension Transfer Corporation/End of the
    Road Trust/DOL Subpoena to Street*
April 13, 2006
Page 8

Accordingly, the comments herein concerning coverage are based upon the facts presently known with regard to the DOL investigation. If you believe that any of the coverage positions taken herein by Arch are incorrect, please advise us and Arch will be pleased to consider any additional information or arguments it may wish to submit. In the interim, all rights of Arch arising under the Policy, any applicable law and in equity, should be considered fully and specifically reserved at all times.

While we encourage you to first contact us or Arch with any questions or concerns you may have with regard to this letter, you may be entitled to have its claim reviewed by the California Department of Insurance to the extent you disagree with any or all of the positions expressed herein. Your inquiry should be directed as follows:

> California Department of Insurance
> Claims Service Bureau – 11th Floor
> 300 South Spring Street
> Los Angeles CA 90013
>
> Telephone:     1-800-927-HELP
>                1-800-927-4357
>                1-213-897-8921

Once you have had an opportunity to review this letter, feel free to contact us with any questions or comments you may have.

Very truly yours,

Kim W. West

KWW/WJL/PKS

Cc: Please see attached list.

10177\00005\144557\5\

22



# TUCKER ELLIS & WEST LLP

### ATTORNEYS AT LAW

Ali M.M. Mojdehi
Baker & McKenzie LLP
*Re:  Pension Transfer Corporation/End of the*
*Road Trust/DOL Subpoena to Street*
April 13, 2006
Page 9

cc:    Claudia Cinardo (via e-mail)
      **Arch Insurance Company**

      Daniel W. Harrow (via regular mail)
      **End of the Road Trust**
      11766 Wilshire Blvd.
      Suite 870
      Los Angeles, CA  90025

      Joseph C. Faucher (via regular mail)
      **Reish, Luftman, Reicher & Cohen**
      11755 Wilshire Blvd.
      10th Floor
      Los Angeles, California, 90025-1539

      Chriss W. Street (via regular mail)
      1111 Bayside Drive
      Carona del Mar, California 92625

      Bill Schwartz (via regular mail)
      **Schwartz & Company**
      P.O. Box 1260
      La Quinta, CA 92247

      Mary Walrond (via e-mail at mwalrond@trinitymgrs.com)
      **Trinity Managers International**

10177\00005\144557\5\

23

1

DECLARATION OF SERVICE

2

The undersigned certifies and declares as follows:

3

I am employed in the City of Newport Beach and County of Orange, in the State of California.

4

I am over the age of 18 and not a party to the within action. I am employed by Blakeley & Blakeley

5

LLP, whose business address is 1000 Quail Street, Suite 200, Newport Beach, California 92660.

6

On **July 18, 2007**, I served the forgoing document described as:

7

8

## NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

9

10

on the interested parties in this action [X] by placing [] the original [X] a true copy thereof enclosed in

11

sealed envelopes, with postage fully prepaid, addressed as follows:

12

## SEE ATTACHED SERVICE LIST

13

[X]    By U.S. Mail

14

[X]    I am readily familiar with Blakeley & Blakeley's practice of collecting and processing

15

correspondence for mailing via U.S. Mail. Correspondence so collected and processed is deposited

16

with the United States Postal Service that same day in the ordinary course of business.    I am aware

17

that on motion of the party served, service is presumed invalid if postal cancellation date or postage

18

meter date is more than one day after date of deposit of mailing in declaration

19

[X]    I declare under penalty of perjury under the laws of the United States of America that

20

the foregoing is true and correct. Executed on **July 18, 2007**, at Newport Beach, California.

21

22

23

24

Megan Rutledge

25

26

27

28

Proof of Svc Mail (MR)

1

## **SERVICE LIST:**

**COUNSEL FOR PLAINTIFF**
PHILLIP B. GREER
LAW OFFICES OF PHILLIP B. BREER
1280 Bison Road B9-531
Newport Beach, CA 92660

FILED

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF OR
DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER

Scott E. Blakeley
Blakeley & Blakeley LLP
1000 Quail Street, Ste. 200
Newport Beach, California 92660
Ph: 949-260-0611
Fx: 949-260-0613

2007 JUL 19  PM 12: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY____

ATTORNEYS FOR: Defendant, Daniel Harrow

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Chriss Street | CASE NUMBER |
|---|---|
| Plaintiff(s), | **SACV07-829JVS (ANx)** |
| v. | |
| Daniel Harrow | **CERTIFICATION AND NOTICE OF INTERESTED PARTIES** |
| Defendant(s) | **(Local Rule 7.1-1)** |

TO:   THE COURT AND ALL PARTIES APPEARING OF RECORD:

The undersigned, counsel of record for  Daniel Harrow

(or party appearing in pro per), certifies that the following listed party (or parties) has (have) a direct, pecuniary interest in the outcome of this case.  These representations are made to enable the Court to evaluate possible disqualification or recusal.  (Use additional sheet if necessary.)

| **PARTY** | **CONNECTION** |
|---|---|

(List the names of all such parties and identify their connection and interest.)

| End of the Road Trust | Plaintiff is the former Trustee and Defendant is the current Trustee of the End of the Road Trust |
| Arch Specialty Insurance Company | Arch Specialty Insurance Company is the provider of the Fiduciary Liability Insurance for the trustee of the End of the Road Trust |

7/19/07

Date

Scott E. Blakeley

Attorney of record for or party appearing in pro per

DOCKETED ON CM

JUL 3 0 2007

BY _____ 178

**NOTICE OF INTERESTED PARTIES**

ORIGINAL

1   Scott E. Blakeley (State Bar No. 141418)
    E-Mail: seb@bandblaw.com
2   Bradley D. Blakeley (State Bar No. 189756)
    BLAKELEY & BLAKELEY LLP
3   1000 Quail Street, Suite 200
    Newport Beach, CA 92660
4   Telephone: (949) 260-0611
5   Facsimile: (949) 260-0613

6   Attorneys for Defendant,
7   Daniel Harrow

FILED
CLERK, U.S. DISTRICT COURT

JUL 2 3 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                       DEPUTY

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                  SOUTHERN DIVISION

11  CHRISS STREET,                          CASE NO.  SACV 07-829-JVS(ANz)

12                  Plaintiff,              **NOTICE OF ASSIGNMENT TO
13  v.                                      UNITED STATES MAGISTRATE
                                            JUDGE FOR DISCOVERY**
14  DANIEL HARROW, DOES 1 through 25,
15  inclusive,

16                  Defendants.

DOCKETED ON CM

JUL 3 0 2007

BY

28  **NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

Ntc  of Removal v2.1                 ORIGINAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV07- 829 JVS (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

1

DECLARATION OF SERVICE

2

The undersigned certifies and declares as follows:

3

I am employed in the City of Newport Beach and County of Orange, in the State of California.

4

I am over the age of 18 and not a party to the within action. I am employed by Blakeley & Blakeley

5

LLP, whose business address is 1000 Quail Street, Suite 200, Newport Beach, California 92660.

6

On **July 20, 2007,** I served the forgoing document described as:

7

8

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR
DISCOVERY**

9

on the interested parties in this action [X] by placing [] the original [X] a true copy thereof enclosed in

10

sealed envelopes, with postage fully prepaid, addressed as follows:

11

**SEE ATTACHED SERVICE LIST**

12

[X]    By U.S. Mail

13

[X]    I am readily familiar with Blakeley & Blakeley's practice of collecting and processing

14

correspondence for mailing via U.S. Mail. Correspondence so collected and processed is deposited

15

with the United States Postal Service that same day in the ordinary course of business.    I am aware

16

that on motion of the party served, service is presumed invalid if postal cancellation date or postage

17

meter date is more than one day after date of deposit of mailing in declaration

18

[X]    I declare under penalty of perjury under the laws of the United States of America that

19

20

the foregoing is true and correct. Executed on **July 20, 2007**, at Newport Beach, California.

21

22

23

Madison Bush

24

25

26

27

28

Proff of Svc Via Mail (MB) Federal

1

## **SERVICE LIST:**

### **COUNSEL FOR PLAINTIFF**
PHILLIP B. GREER
LAW OFFICES OF PHILLIP B. GREER
1280 Bison Road B9-531
Newport Beach, CA 92660

FILED

1  Scott E. Blakeley (State Bar No. 141418)
2  E-Mail: SEB@BandBLaw.com
   Bradley D. Blakeley (State Bar No. 189756)       2007 AUG -1  PM 1:31
3  E-Mail: BBlakeley@BandBLaw.com
4  BLAKELEY & BLAKELEY LLP
   1000 Quail Street, Suite 200
5  Newport Beach, CA 92660
6  Telephone: (949) 260-0611
   Facsimile: (949) 260-0613
7
8  Attorneys for Defendant,
   Daniel Harrow
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                   SOUTHERN DIVISION

13

| | |
|---|---|
| 14  CHRISS STREET, | CASE NO. SACV07-829JVS (ANx) |
| 15                Plaintiff, | **ANSWER TO COMPLAINT FOR** |
| 16  v. | **DAMAGES FOR (1) BREACH OF CONTRACT; (2) FRAUD; (3)** |
| 17  DANIEL HARROW, DOES 1 through 25, | **INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS;** |
| 18  inclusive, | **(4) NEGLIGENT INTERFERENCE WITH ECONOMIC RELATIONS;** |
| 19                Defendants. | **AND (5) CONSPIRACY** |
| 20 | |
| 21 | |
| 22 | |
| 23 | |

24      Defendant, Daniel Harrow, ("Defendant"), hereby submits his Answer to the

25  Complaint of Chriss Street, an individual ("Plaintiff"), as follows.  Defendant:

26
27      1.     Lacks knowledge or information sufficient to form a belief as to the truth

28  of the allegations contained in paragraph 1, and on that basis denies the allegations.

ORIGINAL

1  2.  Admits the allegations contained in paragraph 2.

2  3.  Lacks knowledge or information sufficient to form a belief as to the truth

3  of the allegations contained in paragraph 3, and on that basis denies the allegations.

4  4.  Denies the allegations contained in paragraph 4.

5

6  5.  Lacks knowledge or information sufficient to form a belief as to the truth

7  of the allegations contained in paragraph 5, and on that basis denies the allegations.

8  6.  Lacks knowledge or information sufficient to form a belief as to the truth

9  of the allegations contained in paragraph 6, and on that basis denies the allegations.

10  7.  Denies the allegations contained in paragraph 7.

11

12  8.  Lacks knowledge or information sufficient to form a belief as to the truth

13  of the allegations contained in paragraph 8, and on that basis denies the allegations.

14  9.  Lacks knowledge or information sufficient to form a belief as to the truth

15  of the allegations contained in paragraph 9, and on that basis denies the allegations.

16  10.  Lacks knowledge or information sufficient to form a belief as to the truth

17  of the allegations contained in paragraph 10, and on that basis denies the allegations.

18

19  11.  Repeats the corresponding admissions and denials of paragraphs 1

20  through 10 herein.

21  12.  Denies the allegations contained in paragraph 12.

22  13.  Lacks knowledge or information sufficient to form a belief as to the truth

23  of the allegations contained in paragraph 13, and on that basis denies the allegations.

24  14.  Denies the allegations contained in paragraph 14.

25

26  15.  Lacks knowledge or information sufficient to form a belief as to the truth

27  of the allegations contained in paragraph 15, and on that basis denies the allegations.

28

---

**ANSWER TO COMPLAINT**

-2-

16.    Repeats the corresponding admissions and denials of paragraphs 1 through 15 herein.

17.    Denies the allegations contained in paragraph 17.

18.    Denies the allegations contained in paragraph 18.

19.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and on that basis denies the allegations.

20.    Denies the allegations contained in paragraph 20.

21.    Denies the allegations contained in paragraph 21.

22.    Repeats the corresponding admissions and denials of paragraphs 1 through 21 herein.

23.    Denies the allegations contained in paragraph 23.

24.    Denies the allegations contained in paragraph 24.

25.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and on that basis denies the allegations.

26.    Denies the allegations contained in paragraph 26.

27.    Denies the allegations contained in paragraph 27.

28.    Repeats the corresponding admissions and denials of paragraphs 1 through 27 herein.

29.    Denies the allegations contained in paragraph 29.

30.    Denies the allegations contained in paragraph 30.

31.    Denies the allegations contained in paragraph 31.

32.    Repeats the corresponding admissions and denials of paragraphs 1 through 31 herein.

1   33.   Denies the allegations contained in paragraph 33.

2   34.   Denies the allegations contained in paragraph 34.

3   35.   Denies the allegations contained in paragraph 35.

4   36.   Denies the allegations contained in paragraph 36.

5

6   37.   Lacks knowledge or information sufficient to form a belief as to the truth

7   of the allegations contained in paragraph 37, and on that basis denies the allegations.

8   38.   Denies the allegations contained in paragraph 38.

9   39.   Denies the allegations contained in paragraph 39.

10                          **AFFIRMATIVE DEFENSES**

11                       **FIRST AFFIRMATIVE DEFENSE**

12

13                         (Failure to State a Cause of Action)

14          The Complaint, and each and every cause of action therein, fails to state a cause

15   of action upon which relief can be granted.  Accordingly, the First, Second, Third,

16   Fourth, and Fifth causes of action of the Complaint should be dismissed.

17                       **SECOND AFFIRMATIVE DEFENSE**

18

19            (Failure to State a Prayer Upon Which Relief May Be Granted)

20          The Complaint, and each and every cause of action therein, fails to state a

21   prayer upon which relief can be granted.  Accordingly, the First, Second, Third,

22   Fourth, and Fifth causes of action of the Complaint should be dismissed.

23                        **THIRD AFFIRMATIVE DEFENSE**

24                            (Consent; Ratification)

25          The Complaint, and each cause of action therein, is barred because Plaintiff

26   consented to and/or ratified the alleged conduct of Defendant.

27

28

**ANSWER TO COMPLAINT**
-4-

1

## FOURTH AFFIRMATIVE DEFENSE

2

(Inadequate Notice of Alleged Breach)

3    The Complaint, and each cause of action therein, is barred in that Plaintiff gave

4    Defendant no or inadequate notice of any purported breach of contract within a

5    reasonable time after the purported breach and/or knowledge thereof.

6

## FIFTH AFFIRMATIVE DEFENSE

7

(Statute of Limitations)

8    Each cause of action therein, is barred by the Statute of Limitations.

9    Accordingly, the First, Second, Third, Fourth, and Fifth Causes of Action of the

10   Complaint should be dismissed.

11

## SIX AFFIRMATIVE DEFENSE

12

13   (Excuse)

14   Any duty of Defendant has been excused by Plaintiff's breach of condition

15   precedent, prevention, frustration of purpose and/or acceptance.

16

## SEVENTH AFFIRMATIVE DEFENSE

17

(Waiver)

18   Plaintiff is barred in whole or in part by the doctrine of waiver to assert the

19   causes of action in the Complaint against Defendant.

20

21

## EIGHTH AFFIRMATIVE DEFENSE

22   (Estoppel)

23   Defendant is estopped from asserting the causes of action alleged in the

24   Complaint against Defendant.

25

26

27

28

1

## NINTH AFFIRMATIVE DEFENSE

2

(Laches)

3

Plaintiff is barred in whole or in part by the equitable doctrine of laches from

4

asserting the causes of action alleged in the Complaint against Defendant.

5

6

## TENTH AFFIRMATIVE DEFENSE

7

(Unclean Hands)

8

Plaintiff is barred in whole or in part by the equitable doctrine of unclean hands

9

to assert the claims alleged in Complaint against Defendant.

10

## ELEVENTH AFFIRMATIVE DEFENSE

11

(Performance)

12

13

Defendant has fully performed each and every obligation required under any

14

contract entered into between the parties.

15

## TWELFTH AFFIRMATIVE DEFENSE

16

(Failure to Mitigate)

17

Plaintiff has failed to mitigate its damages, thus barring or proportionately

18

diminishing his recovery, if any, as alleged in the Complaint against Defendant.

19

20

## THIRTEENTH AFFIRMATIVE DEFENSE

(Set-Off)

21

22

To the extent that Plaintiff establishes any liability in damages against

23

Defendant, which liability and damages Defendant denies, Defendant is entitled to an

24

offset against such damages by reason of Plaintiff's breach of contract as set forth in

25

the Complaint.

26

27

28

*Answer to Complaint v2.doc*

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

(Damages Not Proximately Caused by Defendant)

3      Defendant alleges that the causes of action are barred because all damages

4  suffered by Plaintiff, if any, were not caused by any conduct or inaction of Plaintiff.

5

## FIFTEENTH AFFIRMATIVE DEFENSE

6

(Negligence)

7      Defendant alleges that the causes of action are barred because all damages, if

8  any, sustained or suffered Plaintiff were proximately caused by the negligent conduct

9  of Plaintiff.

10

## SIXTEENTH AFFIRMATIVE DEFENSE

11

(No Reliance)

12

13      Defendant alleges that the causes of action are barred because Plaintiff did not

14  rely on the alleged misrepresentations.

15  Dated: August ⎣ , 2007                          BLAKELEY & BLAKELEY LLP

16

17                                                  By:

18                                                       Scott E. Blakeley
                                                    Counsel for Defendant, Daniel

19                                                  Harrow

20

21

22

23

24

25

26

27

28

1    DECLARATION OF SERVICE

2    The undersigned certifies and declares as follows:

3    I am employed in the City of Newport Beach and County of Orange, in the State of

4    California. I am over the age of 18 and not a party to the within action. I am employed by Blakeley

5    & Blakeley LLP, whose business address is 1000 Quail Street, Suite 200, Newport Beach, California

6    92660.

7    On **August 1, 2007**, I served the forgoing document described as:

8    **ANSWER TO COMPLAINT FOR DAMAGES FOR (1) BREACH OF CONTRACT; (2)**
     **FRAUD; (3) INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS; (4)**
9    **NEGLIGENT INTERFERENCE WITH ECONOMIC RELATIONS; AND (5)**
     **CONSPIRACY**
10

11   on the interested parties in this action [X] by placing [] the original [X] a true copy thereof enclosed

12   in sealed envelopes addressed as follows:

13   **SEE ATTACHED SERVICE LIST**

14   [X]    **BY FEDERAL EXPRESS**

15   [X]    I deposited such envelope in a Federal Express drop box or other facility maintained

16   by Federal Express at Newport Beach, California. The envelope was mailed with postage thereon

17   fully prepaid.

18   [X]    I am readily familiar with Blakeley & Blakeley's practice of collecting and

19   processing correspondence for mailing. Under that practice the envelope would be deposited with

20   Federal Express on that same day with postage thereon fully prepaid at Newport Beach, California in

21   the ordinary course of business. I am aware that on motion of the party served, service is presumed

22   invalid if postal cancellation date or postage meter date is more than one day after date of deposit of

23   mailing in affidavit.

24   [X]    I declare under penalty of perjury under the laws of the United States that the

25   foregoing is true and correct. Executed on **August 1, 2007**, at Newport Beach, California.

26

27

28   Madison Bush

## **SERVICE LIST:**

**COUNSEL FOR PLAINTIFF**
PHILLIP B. GREER
LAW OFFICES OF PHILLIP B. GREER
1280 Bison Road B9-531
Newport Beach, CA 92660

1  PHILLIP B. GREER SBN 96438
   LAW OFFICES OF PHILLIP B. GREER
2  1280 Bison Road  B9-531
   Newport Beach, California
3  92660
   (949) 640-8911
4  (949) 759-7687 (fax)

5  Attorney for Plaintiff, Chriss Street

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                          SOUTHERN DIVISION

10

11

12
   CHRISS STREET,                  )   Case No.: SACV 07-829-JVS(ANz)
13                                  )
              Plaintiff,            )   PLAINTIFF'S NOTICE OF MOTION AND
14                                  )   MOTION TO REMAND CASE TO STATE
         vs.                        )   COURT
15                                  )
   DANIEL HARROW, DOES 1 through 25,)   Date: September 10, 2007
16                                  )   Time: 1:30 pm
   inclusive,                       )   Dept: 10C
17                                  )   Judge: Hon. James V. Selna
              Defendant             )
18   _____

19
         TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:
20
         PLEASE TAKE NOTICE THAT ON September 10, 2007 at 1:30 pm or as soon
21
   thereafter as counsel may be heard, in Courtroom 10C of the above entitled court,
22
   located at 411 W. Fourth Street, Santa Ana, California, plaintiff, Chriss Street will and
23
   hereby does move the Court for an order remanding the above named action to State
24
   Court on the grounds that this Court lacks subject matter jurisdiction over the claims
25
   asserted by Plaintiff.

               PLAINTIFFS NOTICE OF MOTION AND MOTION TO REMAND - 1

1    This motion is necessary and proper based upon 28 USC Section 1441(a) et seq
2  which governs the Court's subject matter jurisdiction in this case. The motion is based
3  upon this notice, the attached memorandum of points and authorities, the pleadings on
4  file in this action, and upon such oral argument as shall be allowed at the hearing on
5  this motion.

6

7  Dated this 2nd day of August, 2007

8

9                                                      PHILLIP B. GREER
                                                       Attorney for Plaintiff
10                                                     Chriss Street

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



1  PHILLIP B. GREER       SBN 96438
   LAW OFFICES OF PHILLIP B. GREER
2  1280 Bison Road  B9-531
   Newport Beach, California
3  92660
   (949) 640-8911
4  (949) 759-7687 (fax)

5  Attorney for Plaintiff, Chriss Street

6

7                UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9                    SOUTHERN DIVISION

10

11  CHRISS STREET,                    )  Case No.: SACV 07-829-JVS(ANz)
                                      )
12          Plaintiff,                )  PLAINTIFF'S MEMORANDUM OF
                                      )  POINTS AND AUTHORITIES IN
13      vs.                           )  SUPPORT OF MOTION TO REMAND
                                      )
14  DANIEL HARROW, DOES 1 through 25, )  Date: September 10, 2007
                                      )  Time: 1:30 pm
15  inclusive,                        )  Dept: 10C
                                      )  Judge: Hon James V Selna
16          Defendant                 )
                                      )
17  ——————————————————————————————————

18

19                  **INTRODUCTION**

20

21      On July 12, 2007, Plaintiff, Chriss Street filed an action in Orange County

22  Superior Court against Daniel Harrow, as an individual, alleging a number of business

23  torts, based upon California law, against Mr. Harrow arising out of conduct and actions

24  taken by Mr. Harrow that have been and are detrimental to Mr. Street. The underlying

25  basis for all operative claims is that Mr. Harrow made false and misleading statements

1  pertaining to Mr. Street's eligibility for coverage under various policies of insurance. In

2  fact, coverage counsel for the insurance company that issued the policy of insurance

3  concluded that Mr. Harrow provided responses to the insurance company that "were

4  false when made." (Page Six of Exhibit A to Plaintiff's Complaint for Damages attached

5  hereto as Exhibit 1). As a result of the statements made by Mr. Harrow, Mr. Street was

6  denied coverage that should have been rightly afforded to him.

7          On July 18, 2007 Defendant removed the matter to Federal Court with the

8  conclusory statement that Plaintiff's action are part of a bankruptcy proceeding in the

9  State of Delaware. Other than this bare statement, Defendants offer no facts which

10  would warrant removal of this case to Federal Court and then, ultimately, to the

11  Bankruptcy Court in Delaware. Accordingly , this matter should be remanded in its

12  entirety to Orange County Superior Court.

13          Additionally, removal for the improvident purpose of delaying the action or

14  harassing Plaintiff, subjects Defendants, pursuant to 28 USC Section 1447(c ) to liability

15  for costs and fees.

16

17  **FACTUAL BACKGROUND**

18

19          Plaintiff, pursuant to a policy of fiduciary liability insurance issued by Arch

20  Specialty Insurance Company, sought coverage, pursuant to said policy, as a result of

21  an investigation undertaken by the United States Department of Labor, including the

22  issuance of a subpoena, demanding that Mr. Street appear and provide testimony

23  regarding various issues that the Department of Labor was reviewing. Arch denied

24  coverage of the claim and declined to provide a defense for Mr. Street, based upon an

25  investigation of the facts surrounding investigation and subsequent issuance of the

1  subpoena. Arch, in investigating Mr. Street's claim, sought, and received, from Mr.

2  Harrow information regarding the claim. Based upon the information provided by Mr.

3  Harrow, Arch denied Mr. Street's claim and, as a result, Mr. Street had to incur, and

4  continues to incur, costs and fees in dealing with the issue.

5  Subsequent to the denial of the claim by Arch, Mr. Street, pursuant to discovery

6  in another, unrelated, matter discovered correspondence, dated April 13, 2006, and

7  attached as Exhibit A to the underlying complaint filed by Mr. Street in State Court,

8  which details Arch's rational for denying Mr. Street coverage. That correspondence,

9  from coverage counsel for Arch Insurance, unequivocally states and concludes that Mr.

10  Harrow made false statements to the investigators reviewing Mr. Street's claim and that

11  the denial of Mr. Street's claim was based, if not entirely then predominantly, upon

12  those false statements.

13  Upon discovery of the actions of Mr. Harrow, Mr. Street filed a complaint in

14  Orange County Superior Court based entirely upon California state law. However, in an

15  act meant to merely delay and harass Plaintiff, on July 18, 2007, Defendants filed a

16  Notice of Removal stating the litigation is related to US Bankruptcy Court (Dist.

17  Delaware) Case No 96-1563(PJW)

18

19  ## REMAND IS BOTH APPROPRIATE AND NECESSARY

20

21  In that Plaintiff chose to file the complaint in Orange County Superior Court, the

22  case "may be removed only if the district court could have exercised jurisdiction of the

23  action if originally filed there." *Duncan v Stuetzl* 76 F3d 1480 (9th Cir 1996).

24  Additionally, "if there is doubt as to removability, it is resolved in favor of remanding the

25  case to state court." *Daniels v Philip Morris Cos* 18 F Supp 2d 1110 (S.D. Cal 1998)

1  Remand to state court may be ordered either for lack of subject matter jurisdiction or for
2  any defect in the removal procedure. 28 USC Section 1447(c ).In addition, if the federal
3  claim is separate and independent, is joint with a non-removable claim and/or issues of
4  state law predominate, the entire case may be remanded. 28 USC Section 1441(c) .

5  The Ninth Circuit has consistently held that because of the congressional desire
6  and intent to restrict the jurisdiction of the federal courts on removal, the statute is
7  strictly construed and federal jurisdiction must be rejected if there is any doubt as to the
8  right of removal in the first instance. *Duncan* 76F3d at 1485. As such, there is a "strong
9  presumption against removal jurisdiction." *Guas v Miles Inc* 980 F2d 566 (9th Cir 1992)
10 Where federal jurisdiction is doubtful, a remand is necessary. *Sherman v Sigma Alpha*
11 *Mu Fraternity* (2001) 128 F Supp 842

12 In their Notice of Removal, Defendants make the conclusory allegation that the
13 underlying state action is somehow a "core bankruptcy proceeding" without stating any
14 facts which demonstrate that there

15  is a federal question, much less a bankruptcy question, involved. In the instant matter,
16 Plaintiff's causes of action against Daniel Harrow are alleged against him as an
17 individual and involve actions committed outside of the bankruptcy proceedings. They
18 are not germane to any bankruptcy proceedings.

19 Defendants reliance on 28 USC 1334(b) and 28 USC 1452(a), as interpreted
20 through 28 USC 1441(b) is misplaced. 28 USC 1334, in pertinent part, provides that on
21 a timely motion by any party to the state court action, the federal court must abstain
22 from exercising jurisdiction pursuant to that code section where all of the following are
23 shown:

24  1. The state court action is based on a state law claim or cause of action;

25

2. The claim or cause of action is merely "related" to a bankruptcy case (See In Re Woods (5th Cir 1987) 825 F2d 90);

3. Federal courts would otherwise have no jurisdiction over the state law claim (i.e. no diversity of citizenship between the parties); and

4. The matter can be "timely adjudicated" in a state court of "appropriate jurisdiction"

Here, all the criteria are met: the action is based upon a state law claim, there is no diversity

jurisdiction amongst the Defendants, the causes of action simply involve to two of many parties participating in a bankruptcy proceeding three thousand miles away, the federal courts would not otherwise have jurisdiction over these claims and the matter was already proceeding in state court.

As such, under 28USC 1334(c )(2) there is no removal jurisdiction and this Court must, thereforer, abstain from exercising jurisdiction over this matter and remanded the action to state court. Furthermore, a district court must abstain from hearing a purely state law claim where there is no other basis for federal jurisdiction other that its relatedness to a bankruptcy proceeding and where the claim can be timely adjudicated in state court. *State Bank of Lombard v Charthouse Inc* (ND IL 1985) 46 BR 468

The federal court also has discretionary power to abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law" (28 USC 1334(c )(1)) and may remand on any equitable ground (28 USC 1452(b)) For example, abstention and remand may be ordered because state issues substantially predominate and/or because the state court is thoroughly familiar with the matter so that judicial economy would be served by remand. As such, even if the Court is not mandated to

1  abstain from exercising jurisdiction, the Court may do so by exercising its discretionary

2  power of abstention. In that there are no federal claims set forth in the underlying action,

3  the Defendants have not proven that this is a core bankruptcy action, much less one

4  arising from post confirmation bankruptcy proceedings, the Court should remand the

5  case to state court where Plaintiff will have the ability and opportunity to seek a remedy

6  to his claims based upon California law, the law under which the action was brought.

7      The courts have consistently held that "a cause of action arises under federal law

8  only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro Life*

9  *Insurance Co v Taylor* 481 US 58, 107 S Ct 1542. Here, the complaint, regardless of

10  how well pled, does not raise any triable issue of federal law. The action is based upon

11  California law and, as such, should be decided by the California courts. The courts have

12  consistently held that a proceeding that does not involve a substantive right created by

13  the federal bankruptcy law, and is one that could exist outside of bankruptcy, is not a

14  core proceeding. For a case to be considered a core proceeding, the case would not

15  exist but for bankruptcy. *Doshea Dean et al v American General Finance* (1996) 191 BR

16  463

17      Here, the allegations against Mr. Harrow exist independent of the bankruptcy. Mr.

18  Street's request for coverage pursuant to an existing policy of fiduciary liability

19  insurance has nothing to do with the relationship between debtors and creditors and has

20  everything to do with the malicious actions of a vengeful individual outside the

21  parameters of any bankruptcy proceeding. It is settled law that a proceeding that does

22  not involve a substantive right created by the federal bankruptcy law, and is one that

23  could exist outside of bankruptcy, is not a core proceeding. *Doshea Dean* at page 468

24  *Doshea Dean* goes on to hold that there must be a nexus between the bankruptcy

25  proceeding and the related action. A controversy, the resolution of which may only have

1 speculative, indirect or incidental effects on the bankruptcy estate is unrelated to the

2 bankruptcy and not one over which the bankruptcy court can exercise jurisdiction.

3 *Doshea Dean* at page 470 As is quite clear from the complaint filed in state court, Mr.

4 Street seeks nothing by way of the bankruptcy estate; his action is against Mr. Harrow

5 in his capacity as a resident of the State of California.

6       In *Epi-Scan Inc v Estee Lauder Inc* (1987) 71 BR 975, the court wrestled with the

7 question of what to do when there is both a core and non core proceeding alleged in a

8 removal petition. When the removal was challenged on remand, the court concluded

9 that even if the mandatory abstention provisions of the code were not applicable, the

10 discretionary provisions prevailed and the matter should be remanded. Using criteria

11 developed over the years, the court found that where the challenged action related to

12 but did not arise under the bankruptcy code and could not have been commenced in a

13 court of the United States absent jurisdiction under Section 1334, where the action is

14 pending in an appropriate state forum and can be timely adjudicated therein, the

15 litigation should, as a matter of course, be remanded back to the state court. See also

16 *Retirement Systems of Alabama v Merrill Lynch & Co* (2002) 209 F Supp2d 1257. Here,

17 there is no core proceeding to conflict with non-core actions, despite Defendants

18 unsupported, arbitrary statement that a business tort commenced under California law

19 constitutes a core proceeding in a Delaware bankruptcy.

20       Where a state court proceeding sounds in state law and bears a limited

21 connection to the bankruptcy case, abstention is particularly compelling. *In Re Titan*

22 *Energy Inc* (1988) 837 F 2d 325. The bankruptcy court, where this matter is headed if

23 Defendants have their way, need not exercise jurisdiction where the nexus between the

24 related state court action and the bankruptcy estate is attenuated. *In Re Titan* at page

25 333. *In Re Nanodata Computer Corporation* (1987) 74 BR 766, 77 goes even further,

1   holding that bankruptcy jurisdiction is not intended as a method of bringing state claims

2   into a federal forum. Federal Courts acting in the bankruptcy context should deal with

3   state law only to the extent such is necessarily and directly implicated by the bankruptcy

4   issues. Debtor-creditor relationships, which are at the core of the federal bankruptcy

5   power, must be distinguished from the adjudication of state created private rights, such

6   as the right to recover damages arising from contracts and business torts. *In re*

7   *Nanodata* at page 79 Questions or doubts as to jurisdiction and the appropriateness of

8   remand are to be resolved in favor of returning the matter to the state court. Doshea

9   Dean at page 466

## **SANCTIONS ARE APPROPRIATE IN THIS MATTER**

13   When granting a motion for remand, the Court "may require payment of just costs

14   and any actual expenses, including attorney fees, incurred as a result of the removal."

15   28 USC 1447 (c ). The Ninth Circuit notes that a fee award under this statute "is not

16   punative; it simply reimburses Plaintiff for 'wholly unnecessary litigation costs' inflicted

17   by the defendants." *Hofler v Aetna US Healthcare of Ca*. 296 F3d 764 (9th Cir 2001) It is

18   irrelevant if defendant's position on remand was "fairly supportable" and the question of

19   whether or not to award fees "is within the discretion of the district court, and bad faith

20   need not be demonstrated." *Moore v Permanente Med Group Inc* 981 F2d 443 (9th Cir

21   1992)

22   ///

23   ///

24   ///

25   ///

1

## **CONCLUSION**

2      Defendants have provided no basis in fact or law allowing for the removal of this

3   state action to the federal court. As such, for the reasons articulated above, this matter

4   should be remanded back to the Orange County Superior Court.

5

6

7   Dated this 31st day of July, 2007

8

9

                                    _____
10                                  PHILLIP B. GREER
                                    Attorney for Plaintiff
                                    Chriss Street
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**POS-030**

| | | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> Phillip B. Greer                    SBN 96438 <br> 1280 Bison Road  B9-531 <br> Newport Beach, California <br> 92660 <br><br> TELEPHONE NO.: 949 640 8911              FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

PETITIONER/PLAINTIFF: CHRISS STREET

RESPONDENT/DEFENDANT: DANIEL HARROW, DOES 1 through 25, inclusive

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER: <br> SACV 07-829-JVS (ANz) |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1.  I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2.  My residence or business address is:
    1280 Bison Road  B9-531
    Newport Beach, California  92660
3.  On *(date):* August 2, 2007        I mailed from *(city and state):* Newport Beach, California
    the following **documents** *(specify):*
    PLAINTIFFS NOTICE OF MOTION AND MOTION TO REMAND
    POINTS AND AUTHORITIES IN SUPPORT THEREOF

    ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4.  I served the documents by enclosing them in an envelope and *(check one):*
    a. ☑ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
    b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5.  The envelope was addressed and mailed as follows:
    a. **Name** of person served: Scott E Blakeley
    b. **Address** of person served:
       Blakeley & Blakeley
       1000 Quail Street   suite 200
       Newport Beach, California
       92660
    ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 2, 2007

Phillip B Greer
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)                (SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use <br> Judicial Council of California <br> POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL** <br> **(Proof of Service)** | Code of Civil Procedure, §§ 1013, 1013a <br> www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.USCourtForms.com

DOCKETED
AUG – 9 2007
074
BY

**POS-040**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Bradley D. Blakeley    (State Bar # 189756)<br>Blakeley & Blakeley LLP<br>1000 Quail Street, Suite 200<br>Newport Beach, CA 92660<br>TELEPHONE NO.: (949) 260-0611    FAX NO. *(Optional):* (949) 260-0613<br>E-MAIL ADDRESS *(Optional):* bblakeley@bandblaw.com<br>ATTORNEY FOR *(Name):* Daniel Harrow, Defendant | FOR COURT USE ONLY<br><br>FILED<br><br>2007 AUG -7  AM 11: 07<br><br>CLERK U.S. DISTRICT COURT<br>CENTRAL DIST. OF CALIF.<br>SANTA ANA<br>BY___ |
| STREET ADDRESS: Central District of California<br>MAILING ADDRESS: 411 W. Fourth Street, #1053<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: United States District Court | |
| PETITIONER/PLAINTIFF: Chriss Street | |
| RESPONDENT/DEFENDANT: Daniel Harrow | CASE NUMBER: |
| **PROOF OF SERVICE—CIVIL** | SACV07-829JVS (ANx) |
| **Check method of service (only one):** | |
| [X] By Personal Service    [ ] By Mail    [ ] By Overnight Delivery | JUDGE: |
| [ ] By Messenger Service    [ ] By Facsimile    [ ] By E-Mail/Electronic Transmission | DEPT.: |

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My address is *(specify one):*

   a. [X] Business: 2005 Quail Street         b. [ ] Residence:
                Newport Beach, CA 92660

3. On *(date):*   August 6, 2007   I served the following **documents** *(specify):*

   DEFENDANT DANIEL HARROW'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE;
   DEFENDANT DANIEL HARROW'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE; AND
   DELCARATION OF JACOB B. SELLERS IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE

   [ ] The documents are listed in the *Attachment to Proof of Service—Civil (Documents Served)* (form POS-040(D)).

4. I served the documents on the **persons** below, as follows:

   a. Name of person served: Phillip B. Greer, Esq.

   b. Address of person served: 1280 Bison Road B9-531
                      Newport Beach, CA 92660

   c. Fax number or e-mail address of person served, if service was by fax or e-mail:

   d. Time of service, if personal service was used: 2:00 p.m.

   [ ] The names, addresses, and other applicable information about the persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

5. The documents were served by the following means *(specify):*

   a. [X] **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4.
       (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the
       documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an
       individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the
       party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in
       the evening.

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [New January 1, 2005] | **PROOF OF SERVICE—CIVIL**<br>**(Proof of Service)** | Code of Civ. Proc., §§ 1011,<br>1013, 1013a, 2015.5<br>www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

| CASE NAME | CASE NUMBER: |
|---|---|
| Chriss Street v. Daniel Harrow | SACV07-829JVS (ANx) |

5 b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state)*:

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 6, 2007

_____
Miguel Casas
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 5d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

POS-040 [New January 1, 2005]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

*LexisNexis® Automated California Judicial Council Forms*

1 | Robert T. Kugler (MN #194116)
2 | Robert L. DeMay (MN #22081)
  | Jacob B. Sellers (MN #348879)
3 | **LEONARD, STREET AND DEINARD**
  | *Professional Association*
4 | 150 South Fifth Street
5 | Suite 2300
  | Minneapolis, MN 55402
6 | Telephone: (612) 335-1500

7 | *-and-*

8 |
  | Scott E. Blakeley (State Bar No. 141418)
9 | E-Mail: SEB@BandBLaw.com
  | Bradley D. Blakeley (State Bar No. 189756)
10 | E-Mail: BBlakeley@BandBLaw.com
11 | BLAKELEY & BLAKELEY LLP
  | 1000 Quail Street, Suite 200
12 | Newport Beach, CA 92660
13 | Telephone: (949) 260-0611
  | Facsimile: (949) 260-0613
14 |

15 | **ATTORNEYS FOR DEFENDANT,**
  | **DANIEL HARROW**

16 | UNITED STATES DISTRICT COURT

17 | CENTRAL DISTRICT OF CALIFORNIA

18 | SOUTHERN DIVISION

19 |

20 | CHRISS STREET,                        CASE NO. SACV07-829JVS (ANx)

21 |          Plaintiff,                  **DEFENDANT DANIEL HARROW'S**
22 | v.                                    **NOTICE OF MOTION AND MOTION**
                                          **TO TRANSFER VENUE**
23 | DANIEL HARROW, DOES 1 through 25,
  | inclusive,
24 |

25 |          Defendants.                 Hearing Date and Time
                                          DATE:    August 27, 2007
26 |                                       TIME:    1:30 p.m.
                                          PLACE:   Courtroom 10C
27 |

28 |

**DEFENDANT DANIEL HARROW'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE**

**ORIGINAL**



DOCKETED ON CM

AUG  14 2007

BY _____ 074

1  **TO CHRISS STREET AND HIS ATTORNEY OF RECORD:**

2  **PLEASE TAKE NOTICE THAT** on August 27, 2007, at 1:30 p.m. in Courtroom

3  10C before the Honorable James V. Selna of the above entitled court, located at 411 West

4  Fourth Street, Santa Ana, California, Defendant will and hereby move this Court for an

5  Order transferring this action to the United States District Court for the District of Delaware.

6  This motion is based on the fact that a transfer is in the interest of justice, convenient to the

7  parties, and the entire subject of the complaint relates to a pending bankruptcy case.

8  **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Rule 7-9 any

9  opposition to the motion shall be in writing and shall be served upon Blakeley & Blakeley

10  LLP at the address listed on the first page, upper left-hand column, and filed with the Court

11  by the responding party not later than fourteen (14) calendar days prior to the hearing date.

12  Opposition shall be accompanied by evidence establishing its factual allegations. Without

13  good cause, no party shall be heard in opposition to the motion at oral argument if written

14  opposition to the motion has not been timely filed.

15  This Motion is supported by this Notice, the accompanying Memorandum of Law, the

16  Declaration of Jacob B. Sellers filed concurrently herewith, the court files in this action and

17  any other matters or arguments as may be presented to the Court.

18

19  Dated: August 3, 2007                    Respectfully submitted,

20

21                                           BLAKELEY & BLAKELEY LLP

22

23                                           Scott E. Blakeley

24                                           *-and-*

25                                           Robert T. Kugler (MN #194116)
                                             Robert L. DeMay (MN# 22081)
26                                           Jacob B. Sellers (MN #348879)

27                                           **ATTORNEYS FOR PLAINTIFFS**
                                             **DANIEL W. HARROW**
28

DEFENDANT DANIEL HARROW'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE

2

0 7 - 7 9 3

1 | Robert T. Kugler (MN #194116)
Robert L. DeMay (MN #22081)
2 | Jacob B. Sellers (MN #348879)
3 | **LEONARD, STREET AND DEINARD**
*Professional Association*
4 | 150 South Fifth Street
Suite 2300
5 | Minneapolis, MN 55402
6 | Telephone: (612) 335-1500

7 | -and-

8 |
Scott E. Blakeley (State Bar No. 141418)
9 | E-Mail: SEB@BandBLaw.com
Bradley D. Blakeley (State Bar No. 189756)
10 | E-Mail: BBlakeley@BandBLaw.com
11 | **BLAKELEY & BLAKELEY LLP**
1000 Quail Street, Suite 200
12 | Newport Beach, CA 92660
Telephone: (949) 260-0611
13 | Facsimile: (949) 260-0613

14 |

15 | **ATTORNEYS FOR DEFENDANT,
DANIEL HARROW**

16 |

UNITED STATES DISTRICT COURT
17 | CENTRAL DISTRICT OF CALIFORNIA
18 | SOUTHERN DIVISION

19 | CHRISS STREET,                    CASE NO. SACV07-829JVS (ANx)

20 |         Plaintiff,          **DEFENDANT DANIEL HARROW'S**
21 | v.                          **MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANT'S**
22 | DANIEL HARROW, DOES 1 through 25,   **MOTION TO TRANSFER VENUE**
23 | inclusive,
                              Hearing Date and Time
24 |         Defendants.         DATE:    August 27, 2007
                              TIME:    1:30 p.m.
25 |                            PLACE:  Courtroom 10C
26 |

27 |

1

**ORIGINAL**

1

2

## **TABLE OF CONTENTS**

Page

INTRODUCTION ..............................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND ....................................................1

ARGUMENT......................................................................................................................5

I.      This Matter Should be Transferred to the Delaware District under 1406(a) or, Alternatively, under 1404(a). ........................................................................5

        A.      This Matter is a Core Proceeding Within the Exclusive Jurisdiction of the Bankruptcy Court. ...........................................................5

        B.      This Matter is "Related to" the Bankruptcy Proceeding. ...........................7

CONCLUSION ................................................................................................................10

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **TABLE OF AUTHORITIES**

2

Page

3

### **CASES**

4

*Abramowitz v. Palmer*, 999 F.2d 1274 (8th Cir. 1993) ............................................................10

*In re Coral Petroleum, Inc.*, 249 B.R. 721 (Bankr. S.D. Tex. 2000) ........................................7

*In re Fruehauf*, 2007 WL 1805078 (Bankr. D. Del. June 22, 2007).................................6, 7, 8

*In re Gruntz*, 202 F.3d 1074 (9th Cir. 2000) .............................................................................5

*In re Pegasus Gold Corp.*, 394 F.3d 1189 (9th Cir. 2005)........................................................8

*In re Resorts Intern.*, 372 F.2d 154 (3rd. Cir. 2004) ................................................................8

*In re Southmark Corp.*, 163 F.3d 925 (5th Cir. 1999)...............................................................7

5

6

7

8

9

10

11

12

### **OTHER AUTHORITIES**

13

*1 Collier on Bankruptcy*, P3.02[2] (15th ed. 2003)....................................................................5

28 U.S.C. § 1334 ........................................................................................................................5

28 U.S.C. § 1404(a) .................................................................................................................5, 7

28 U.S.C. § 1406(a) ....................................................................................................................5

28 U.S.C. § 1409(a) ....................................................................................................................7

28 U.S.C. § 157 ........................................................................................................................5, 7

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## INTRODUCTION

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

The *entire* subject matter of Plaintiff Chriss Street's ("Street") Complaint arises out of, and relates to, bankruptcy proceedings pending in the Bankruptcy Court for the District of Delaware. Plaintiff is the former trustee of The End of the Road Liquidating Trust (the "Trust"), replaced by Defendant Daniel Harrow (the "Successor Trustee"). There is a pending Chapter 11 adversary proceeding by the Successor Trustee against Street (the "Bankruptcy Action") involving the subject matter of this action pending in the Delaware Bankruptcy Court. One week before filing this action, Plaintiff filed his answer and counterclaim in that adversary proceeding. Instead of bringing his claims in this action with his counterclaim in the proper forum, the Delaware Bankruptcy Court, Street has elected to forum shop, resulting in duplicative litigation—contrary to the interest of both justice and judicial economy. Given these circumstances, this Court should transfer this action to the federal court handling the related proceedings in bankruptcy court.

17

## FACTUAL AND PROCEDURAL BACKGROUND

18

19

20

21

22

23

24

25

26

27

On October 7, 1996, the Fruehauf Trailer Corporation and certain of its subsidiaries (collectively the "Debtors") filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Street served as Chairman of the Board, President and CEO of the Debtors during the Chapter 11 case and was responsible for the formulation of the Debtors' Amended Joint Plan of Reorganization (the "Plan"). *See* Exhibit A to the Declaration of Jacob B. Sellers ("Sellers Dec.") at 1. The Plan was confirmed by the Bankruptcy Court on September 17, 1998 and was later amended on October 20, 1998. *See* Ex. B to Sellers Dec.

28

1    The sole purpose and intent of the Plan was the orderly and expedient liquidation of

2    the Debtors' remaining assets for the benefit of the Debtors' approximately 4,100 creditors.

3
4    As a vehicle to effectuate its purpose and intent, the Plan called for the creation of a

5    liquidating trust. *See* Ex. A to Sellers Dec. at ¶¶ 6.1-6.6 and 1.41. Under the terms of the

6    Plan, all of the Debtors' remaining assets were transferred to a trustee for liquidation and

7    distribution of the proceeds to the creditor-beneficiaries. *See id.* at ¶¶ 6.1-6.6. The draft

8
9    Liquidating Trust Agreement (the "Trust Agreement") was attached as an exhibit to the Plan.

10   *See* Ex. C to Sellers Dec. The Plan indicated Street would be, and he in fact was, appointed

11   trustee. *See* Ex. A to Sellers Dec. at ¶¶ 6.7

12   Street served as Trustee from October 27, 1998 until August 1, 2005. On or about

13
14   August 1, 2005 Street was replaced in all capacities by Daniel W. Harrow (the "Successor

15   Trustee"). The Consent Order removing Street as Trustee recognized the retention of all

16   rights, claims and causes of action by the Successor Trustee against Street and provided that

17   the Bankruptcy Court "shall retain jurisdiction over any matter related to this Order." *See*

18
19   Ex. D to Sellers Dec. at ¶ 12.

20   On March 29, 2006, following the filing of the Successor Trustee's report on Street's

21   tenure as trustee with the Bankruptcy Court, Street filed an action against the Successor

22   Trustee in the California Superior Court, County of Orange, for defamation and conversion.

23
24   On April 28, 2006, that action was removed to this Court and a motion to transfer venue to

25   the Bankruptcy Court was filed. On the eve of the hearing on the motion to transfer venue

26   and after he had won the election for election as the Orange County Treasurer, Street

27   consequently dismissed the action. Thereafter, the Successor Trustee filed a motion for

28

1   sanctions against Street and his counsel and, although Judge Stotler denied the motion for

2   sanctions, she admonished Plaintiff's counsel for his disregard for the Local Rules and the

3   rules of professional responsibility. *See* Ex. E to Sellers Dec.

4

5   On January 9, 2007, Street filed a Petition for Advancement and Indemnification in

6   the Court of Chancery of the State of Delaware against the Trust. *See* Ex. F to Sellers Dec.

7   In his Petition, Street seeks advancement of fees and costs that include, ironically, fees and

8   costs for the Department of Labor's investigation into transactions undertaken by Street in
9
10  his capacity as trustee. *Id.* at ¶ 13. On February 2, 2007, Street's advancement and

11  indemnification case was removed to the United States District Court for the District of

12  Delaware and is currently pending on Street's motion for remand.

13
    On February 2, 2007, after substantial investigation into Street's conduct while
14
15  trustee, the Successor Trustee initiated an adversary proceeding (the "Adversary

16  Proceeding") in the Bankruptcy Court to redress the serious damage Street wrought on the

17  beneficiaries of the Trust. *See* Ex. G to Sellers Dec. at ¶ 1. The Adversary Proceeding,

18
    which is currently pending in Bankruptcy Court, seeks relief based on Street's multiple
19
20  breaches of fiduciary duty, breaches of contract, fraud and conversion. *See generally id.*

21  The complaint in the Adversary Proceeding alleges that Street utterly failed to fulfill his

22  responsibility to efficiently and expeditiously liquidate the assets of the Trust, and thereby

23
    fulfill the purpose and intent of the Plan. Instead, over his seven-year tenure as trustee,
24
25  Street routinely abused his position as trustee, transferring millions of dollars in Trust assets

26  as a means to protect his interests and enrich himself. *Id.* at ¶¶ 1-163. Street's failure to

27  fulfill his duties and obligations under the Plan, Trust Agreement and the fiduciary

28
    DEFENDANT DANIEL HARROW'S MEMORANDUM OF LAW IN SUPPORT
    OF DEFENDANT'S MOTION TO TRANSFER VENUE

1    relationship they created severely injured approximately 4,100 creditors of Fruehauf Trailer
2    Corporation.

3
4         On June 22, 2007, Street moved to dismiss the Adversary Proceeding claiming that
5    the Bankruptcy Court did not have subject-matter jurisdiction because the claims in that
6    proceeding were state law claims based on post-confirmation conduct. In denying Street's
7    motion to dismiss, the Bankruptcy Court held that Street's alleged misconduct occurred in
8    the course of his duties as the central figure in the consummation of the Plan and
9    administration of the estate of the Liquidating Trust and, therefore, it unquestionably had
10   subject matter jurisdiction.  Shortly thereafter, Street filed his answer and asserted a
11   counterclaim in the Adversary Proceeding. Street's counterclaim seeks indemnification for,
12
13   *inter alia*, his costs and expenses incurred in connection with the Successor Trustee's
14
15   investigation of Street's conduct and Street's defense of the Adversary Proceeding. *See*
16   Ex. H to Sellers Dec. at 29-30.

17        Less than three weeks after the Bankruptcy Court denied his motion to dismiss and
18   ten days after he filed his counterclaim, Street filed this action. Although his position is far
19   from clear, Street appears to seek damages from the Successor Trustee based on the Trust's
20   fiduciary liability insurer's decision not to extend coverage to the Trust for the Department
21   of Labor's investigation of transactions undertaken by Street while trustee.  These
22   transactions, which the insurer characterized as "self-dealing," are some of the very
23   transactions at issue in the Adversary Proceeding.
24
25
26
27
28
                            DEFENDANT DANIEL HARROW'S MEMORANDUM OF LAW IN SUPPORT
                                   OF DEFENDANT'S MOTION TO TRANSFER VENUE

                                                    4

1

## **ARGUMENT**

2

A matter venued in an improper jurisdiction shall be dismissed or, if it is in the

3

4

interest of justice, transferred to any district in which it could have been brought. 28 U.S.C.

5

§ 1406(a). In addition, a district court has discretion to transfer any civil action to any

6

district court in which the matter might have been brought when doing so would be in the

7

convenience of parties or in the interest of justice. 28 U.S.C. § 1404(a). As fully set forth

8

9

below, this matter should be transferred to the United States District Court for the District of

10

Delaware (the "Delaware District Court") under either 1406(a) or 1404(a) for consolidation

11

with the matter already pending in that Court.

12

**I.    THIS MATTER SHOULD BE TRANSFERRED TO THE DELAWARE DISTRICT UNDER**

13

**1406(a) OR, ALTERNATIVELY, UNDER 1404(a).**

14

**A.    THIS MATTER IS A CORE PROCEEDING WITHIN THE EXCLUSIVE**

15

**JURISDICTION OF THE BANKRUPTCY COURT.**

16

Proceedings "arising in a case under title 11" are referred to as core proceedings. *See*

17

*1 Collier on Bankruptcy*, P3.02[2], at 3-35 (15th ed. 2003). Congress vested bankruptcy

18

19

courts with full and exclusive adjudicative power with regard to "core" proceedings. *See*

20

28 U.S.C. §§ 1334 and 157(a). A proceeding is core if it falls within the non-exhaustive list

21

in 28 U.S.C. § 157(b) or invokes a substantive right provided by Title 11 or by its nature

22

could arise only in the context of a bankruptcy case. *In re Gruntz*, 202 F.3d 1074, 1082 (9th

23

Cir. 2000).

24

25

Although hard to follow, the allegations of Street's Complaint appear to boil down to

26

this: the Successor Trustee, in fulfilling his duties and responsibilities as trustee, has

27

deprived Street of a right he purportedly maintains by virtue of his status as the former

28

DEFENDANT DANIEL HARROW'S MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION TO TRANSFER VENUE

5

1    trustee. Compl. at §§ 5 and 10. Despite the ambiguity of his allegations, one thing is clear

2    Street's allegations directly concern the administration of the Trust, which is a the heart of

3    the Plan. Therefore, this matter is a *core* bankruptcy proceeding.

4

5    In administering the Trust, the Successor Trustee is obligated to "take such actions as

6    shall be necessary or advisable to preserve, maintain, and protect the Trust Estate." Ex. C to

7    Sellers Dec. at § 7.1.2. In carrying out this responsibility, the Successor Trustee is afforded

8    broad discretion, including the discretion to purchase and maintain such insurance as the

9

10   Trustee deems reasonable, necessary, or appropriate to protect the Trust Estate. *Id.* at

11   § 7.1.1. Exercising his discretion, the Successor Trustee acquired the fiduciary liability

12   insurance and, at Street's request, submitted Street's application for insurance coverage to

13   the insurer. Street's challenge to the Successor Trustee's exercise of rights and duties under

14   the Trust Agreement and Plan, *i.e.* the acquisition and/or administration of fiduciary liability

15   

16   coverage for the trustee, directly concerns the "administration of the estate" and is, therefore,

17   a "core proceeding" under 28 U.S.C. § 157. In alleging that the Successor Trustee engaged

18   in conduct that deprived Street, as predecessor trustee, of coverage for the Department of

19   

20   Labor's investigation, Street seeks to charge Trust assets by reason of the Successor

21   Trustee's alleged failure to perform his duties under the Trust Agreement and Plan. As the

22   Bankruptcy Court has already stated, such matters are within the exclusive jurisdiction of the

23   Bankruptcy Court. *See In re Fruehauf*, 2007 WL 1805078 at *5 (Bankr. D. Del. June 22,

24   

25   2007) (holding court's ability to supervise its appointed fiduciaries *are* with this

26

27

28

jurisdiction);[1] *See also In re Southmark Corp.*, 163 F.3d 925 (5th Cir. 1999) (same) and *In re Coral Petroleum, Inc.*, 249 B.R. 721, 728 (Bankr. S.D. Tex. 2000) (same).

Street's allegation that he has been deprived of his right to coverage under the Trust's fiduciary liability insurance fares no better. The Trust's fiduciary liability insurance protects the Trust estate from liability for, *inter alia*, the actions of the trustee. In his capacity as trustee, and in that capacity alone, Street was afforded coverage under the Trust's fiduciary liability insurance. The Trust's fiduciary liability insurer has determined that there is as of yet no "claim" which could be covered by the policy, and the "[p]olicy would not afford coverage for any loss to Street or the Trust arising from the DOL Subpoena" because "the DOL suspects self-dealing by Street." *See* Ex. A to the Compl. at 1 and 3. Putting aside the issue of whether Street has a claim against the Successor Trustee for the insurer's decision, the deprivation of any right Street may have solely by virtue of his status as the former trustee concerns the "administration of the estate" and is, therefore, a "core proceeding." 28 U.S.C. § 157.

## B. THIS MATTER IS "RELATED TO" THE BANKRUPTCY PROCEEDING.

Under section 1404(a) a district court has discretion to transfer any civil action to any district court in which the matter might have been brought when doing so would serve the convenience of parties or in the interest of justice. 28 U.S.C. § 1404(a). Matters "related to" a case under title 11 may be commenced in the district court in which such case is pending." 28 U.S.C. § 1409(a). This matter clearly could have been brought in the United States

---

[1] A copy of *In re Fruehauf*, 2007 WL 1805078 (Bankr. D. Del. June 22, 2007) is attached to the Declaration of Jacob B. Sellers as Exhibit H.

1  District Court for the District of Delaware because it is "related to" the debtors' bankruptcy

2  case currently pending in the bankruptcy court of the district.

3

4          After confirmation, bankruptcy courts continue to retain jurisdiction over matters that

5  have "a *close nexus* to the bankruptcy plan or proceeding." *In re Resorts Intern.*, 372 F.2d

6  154, 168-69 (3rd. Cir. 2004) (emphasis added). "Matters that affect the interpretation,

7  implementation, consummation, execution, or administration of a confirmed plan or

8
   incorporated litigation trust agreement" have the requisite close nexus. *Id.* In proceedings
9

10  involving continuing trusts, the nexus is significant. *Id.* at 165. Continuing trusts, such as

11  the Liquidating Trust at issue here, "by their nature maintain a connection to the bankruptcy

12  even after confirmation" because the trust "exists for the singular purpose of executing an

13
   order of the bankruptcy court." *Id.* The Ninth Circuit has adopted the Third Circuit's test
14

15  for determining whether a proceeding is "related to" a bankruptcy case. *See In re Pegasus*

16  *Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005).

17          The Bankruptcy Court has already determined that matters involving Street's conduct

18
   as trustee are, at a minimum, "related to" the Bankruptcy Case. *See In re Fruehauf*, 2007
19

20  WL 1805078. This matter is no different. The Department of Labor has investigated, and

21  continues to investigate, transactions undertaken by Street while trustee. These transactions

22  squandered millions of dollars in Trust and Fruehauf Retirement Plan assets.  As the

23
   fiduciary liability insurer has pointed out, "the DOL suspects self-dealing by Street" and on
24

25  that basis the insurer has denied coverage. Street's allegation that he is entitled to coverage

26  under the Trust fiduciary liability policy and his challenge to the Successor Trustee's

27

28

1  performance of his duties under the Trust Agreement and Plan are undisputedly "related to"
2  the Bankruptcy Case.

3
4  Moreover, transferring this case to the Delaware District Court serves the convenience
5  of the parties and the interest of the justice. Ten days before he filed this action Street filed a
6  counterclaim in the Adversary Proceeding seeking indemnification for, *inter alia*, his costs
7  and expenses incurred in connection with the Successor Trustee's investigation and
8
9  defending the Adversary Proceeding. As set forth above, the Adversary Proceeding seeks to
10  recover damages from Street for his misconduct while trustee—misconduct which includes
11  that transactions being investigated by the DOL.

12  In addition, as also fully set forth above, earlier this year Street filed a Petition for
13  Advancement and Indemnification in the Court of Chancery of the State of Delaware against
14
15  the Trust seeking advancement of costs for, *inter alia*, the same costs for which he seeks
16  damages in the Complaint here—costs associated with the Department of Labor's
17  investigation into transactions he undertook while trustee. On February 2 , 2007, that case
18
19  was removed to the United States District Court for the District of Delaware where it is
20  currently pending on Street's motion for remand.  The Successor Trustee expects that
21  Street's motion for remand will be denied and the matter transferred to the Bankruptcy
22  Court—the proper forum for all of these matters.

23
24  As practical matter, if this matter is not transferred, there is a substantial risk of
25  inconsistent rulings between this Court and the Bankruptcy Court. It would be wasteful and
26  duplicative to maintain parallel litigations across federal district courts involving and
27  addressing the same subject matter. Judicial economy is served by transferring this matter to
28

1  the District of Delaware.  The transfer serves judicial economy by putting the "related to"

2  matter before the court with the power to transfer this matter to the Bankruptcy Court—the

3
4  court with continuing and exclusive jurisdiction over the Trust, and the Court in which all of

5  these matters should eventually be resolved.  *See, e.g., Abramowitz v. Palmer*, 999 F.2d

6  1274, 1277 (8th Cir. 1993) (holding exercise of "related to" jurisdiction under Section

7  1334(b) "avoid[s] the inefficiencies of piecemeal adjudication and promote[s] judicial

8
9  economy by aiding in the efficient and expeditious resolution of all matters connected to the

10  debtor's estate").

11  ## CONCLUSION

12  For the reasons discussed above, the Successor Trustee respectfully request that this

13  Honorable Court transfer this action to the United States District Court for the District of

14  Delaware.
15

16  Dated: August 3, 2007

17  Respectfully submitted,

18

19  BLAKELEY & BLAKELEY LLP

20
21  Scott E. Blakeley

22  *-and-*

23  Robert T. Kugler (MN #194116)
   Robert L. DeMay (MN# 22081)
24  Jacob B. Sellers (MN #348879)

25  **ATTORNEYS FOR PLAINTIFFS**
26  **DANIEL W. HARROW**

27

28

07-793

1 | Robert T. Kugler (MN #194116)
Robert L. DeMay (MN #22081)
2 | Jacob B. Sellers (MN #348879)
3 | **LEONARD, STREET AND DEINARD**
*Professional Association*
4 | 150 South Fifth Street
5 | Suite 2300
Minneapolis, MN 55402
6 | Telephone: (612) 335-1500
7 | *-and-*
8 |
Scott E. Blakeley (State Bar No. 141418)
9 | E-Mail: SEB@BandBLaw.com
Bradley D. Blakeley (State Bar No. 189756)
10 | E-Mail: BBlakeley@BandBLaw.com
11 | BLAKELEY & BLAKELEY LLP
1000 Quail Street, Suite 200
12 | Newport Beach, CA 92660
13 | Telephone: (949) 260-0611
Facsimile: (949) 260-0613
14 |
15 | **ATTORNEYS FOR DEFENDANT,**
**DANIEL HARROW**
16 |
17 | UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
18 | SOUTHERN DIVISION

19 | CHRISS STREET,                          CASE NO. SACV07-829JVS (ANx)
20 |            Plaintiff,                   **DECLARATION OF JACOB B.**
21 | v.                                      **SELLERS IN SUPPORT OF**
                                            **DEFENDANT'S MOTION TO**
22 | DANIEL HARROW, DOES 1                   **TRANSFER VENUE**
23 | through 25, inclusive,
24 |            Defendants.                  Hearing Date and Time
                                            DATE:     August 27, 2007
25 |                                         TIME:     1:30 p.m.
26 |                                         PLACE:    Courtroom 10C
27 |
28 |

DECLARATION OF JACOB B. SELLERS IN SUPPORT OF DEFENDANT'S
MOTION TO TRANSFER VENUE

**ORIGINAL**



VOLUMINOUS PLEADING
(Filed Separately)

FILED
CLERK, U.S. DISTRICT COURT
AUG – 7 2007
1:00
CENTRAL DISTRICT OF CALIFORNIA
BY                   DEPUTY

AUG 1 4 2007



# ORIGINAL

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 1 5 2007

SDM        9:00

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISS STREET | CASE NUMBER: |
| Plaintiff(s), | SA CV 07-0829 JVS (ANx) |
| v. | |
| DANIEL HARROW | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 07-02 ( Related Cases) |
| Defendant(s). | |

### CONSENT

I hereby consent to the transfer of the above-entitled case to my calendar, pursuant to General Order 07-02.

AUG 1 3 2007

_____        _____
Date                           United States District Judge

### DECLINATION

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth:

_____

_____

_____

_____        _____
Date                           United States District Judge

### REASON FOR TRANSFER AS INDICATED BY COUNSEL

Case _____SA CV 06-0425 AHS (RZx)_____ and the present case:

☐ A. Arise from the same or closely related transactions, happenings or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

### NOTICE TO COUNSEL FROM CLERK

Pursuant to the above transfer, any discovery matters that are or may be referred to a Magistrate Judge are hereby transferred from Magistrate Judge _Arthur Nakazato_ to Magistrate Judge _Ralph Zarefsky_.

On all documents subsequently filed in this case, please substitute the initials _AHS (RZx)_ after the case number in place of the initials of the prior judge, so that the case number will read _SA CV 07-0 829 AHS (RZx)_ This is very important because documents are routed to the assigned judges by means of these initials. The case file, under seal documents, exhibits, docket, transcripts or depositions may be viewed at the ☐ Western ☒ Southern ☐ Eastern Division.

**Subsequent documents must be filed at the ☐ Western ☒ Southern ☐ Eastern Division:**
**Failure to file at the proper location will result in your documents being returned to you.**

DOCKETED ON CM

AUG 15 2007

SDM

*SEND*

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 2 2 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

CHRISS STREET,                    )    SA CV07-829-AHS(RZx)
                                  )
                                  )
              Plaintiff(s),       )    **ORDER TO PARTIES REQUIRING RULE
                                  )    26(f) REPORT TO BE FILED NO LATER
       v.                         )    THAN NOVEMBER 5, 2007**
                                  )
DANIEL HARROW, et al.,            )
                                  )
                                  )
              Defendant(s).       )

DOCKETED ON CM

AUG 22 2007

BY _____ 1/8

All cases, except those exempted by the local rules or statute, shall be governed by a Scheduling Order to be issued as required under Fed. R. Civ. P. 16(b).

IT IS ORDERED, therefore, that all parties and counsel shall meet their obligations to disclose information, confer on a discovery plan, and file a report to the Court, as required by Fed. R. Civ. P. 26 (f) no later than <u>November 5, 2007</u>. Failure to comply with this Order may result in the imposition of sanctions.

**Based on the pleadings and the parties' Rule 26(f) Report, the Court will issue a Scheduling Order without convening a Scheduling Conference.**

*(13)*

1    The parties are referred to Fed. R. Civ. P. 26(f) and Local

2    Rule 26-1 for the specific contents of the report. **The parties shall**

3    **include in the joint report a factual summary or analysis of the case.**

4    IT IS FURTHER ORDERED that all counsel and parties appearing

5    *pro se* must be familiar with the Federal Rules of Civil Procedure and

6    the Local Rules of the Central District of California.  Obligations of

7    "counsel" in this Order also include obligations of parties appearing

8    *pro se*, unless otherwise expressly excluded.

9    IT IS SO ORDERED.

10

11   Dated: <u>August 22, 2007</u>.

12

13

14                                    _____

                                      ALICEMARIE H. STOTLER
                                      CHIEF U. S. DISTRICT COURT JUDGE

15

16                                    Courtroom Deputy Clerk for
                                      Judge Stotler:

17                                    _____

                                      Telephone No. (714) 338-4758

18

19

20

21

22

23

24

25

26

27

28

*PSEND*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

**Case No.:** SA CV 07-829-AHS(RZx)          **Date:** August 22, 2007

**Case Title:** CHRISS STREET v. DANIEL HARROW, et al.

=============================================================================

**PRESENT:** THE HONORABLE ALICEMARIE H. STOTLER, CHIEF U.S. DISTRICT JUDGE

        **Ellen Matheson**              **None**
        Courtroom Deputy               Court Reporter

**ATTORNEY(S) PRESENT FOR PLAINTIFF(S):**    **ATTORNEY(S) PRESENT FOR DEFENDANT(S):**
None Present                                  None Present

**PROCEEDINGS:** (IN CHAMBERS) ORDER CONTINUING DEFENDANT'S
                MOTION TO TRANSFER VENUE

     This matter has been transferred for all further proceedings, pursuant to General Order 07-02, from the Hon. James V. Selna, to the calendar of Chief Judge Alicemarie H. Stotler, Santa Ana Courthouse, Courtroom 10A, 411 West Fourth Street, Santa Ana, California.

     On the Court's own motion, Defendant Daniel Harrrow's Notice of Motion and Motion to Transfer Venue originally scheduled for August 27, 2007, is continued to September 24, 2007, at 10:00 a.m.

DOCKETED ON CM

22 ?? 7

Initials of Deputy Clerk: _____

14

07 - 793 -

FILED
CLERK, U.S DISTRICT COURT

AUG 2 3 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                                      DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Chriss Street | CASE NUMBER |
|---|---|
| PLAINTIFF(S), | SACV 07-829 JVS |
| v. | |
| Daniel Harrow | NOTICE OF CLERICAL ERROR |
| DEFENDANT(S), | |

TO:    U. S. District Judge(s)
       U. S. Magistrate Judge(s)
       Counsel of Record

You are hereby notified that due to a clerical error ☐ documents associated with the filing of the new action ☐ the following scanned document ☑ docket entry  have/has been corrected as indicated below.

Title of Scanned Document:  notice of R&R

Filed Date:  8/22/07                                   Document Number:  15

☐    Incorrect case number _____ was assigned to this ☐ action ☐ document.

☐    Case number has been corrected. The correct case number is _____

☐    Incorrect judge's initials were indicated on this ☐ action ☐ document. The correct judge's initials are _____

☐    Incorrect magistrate judge's initials were indicated on this ☐ action ☐ document. The correct magistrate judge's initials
       are _____.

☐    Case has been reassigned from ☐ Judge ☐ Magistrate Judge _____ to

       ☐ Judge ☐ Magistrate Judge _____. The initials of the new judge(s) are _____

☐    Case was assigned to ☐ Western ☐ Southern ☐ Eastern division. Pursuant to General Order ☐ 349, ☐ 98-3 ☐ 02-06,

       the case has been reassigned to the ☐ Western ☐ Southern ☐ Eastern division. The former case number _____
       has been reassigned to new case number _____

☐    Subsequent documents must be filed at the ☐ Western ☐ Southern ☐ Eastern division. Failure to file at the proper location
       will result in your documents being returned to you.

☐    Case title is corrected from _____ to _____

☐    Document has been re-numbered as document number _____

☐    Incorrect ☐ Filed Date ☐ Date of Document ☐ ENTERED Date ☐ DATE ENTERED ON CM/ICMS was stamped on
       document. The correct date is _____

☐    Document is missing page number(s): _____

☐    To ensure proper routing of documents, all documents filed with the court must reflect the following case number and judge's
       initials: _____

☑    Other:  should have been docketed on another case

DOCKETED ON
AUG 2 3 2014

CLERK, U.S. DISTRICT COURT

Date  8/23/07                                   By: _____    R Mason

                                               Deputy Clerk

cc: Intake Supervisor / Deputy In Charge
       BY

G-11 (06/05)                              NOTICE OF CLERICAL ERROR

FILED
CLERK. U.S DISTRICT COURT

AUG 2 4 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Chriss Street | | CASE NUMBER |
|---|---|---|
| | PLAINTIFF(S), | SACV 07-829 AHS |
| Daniel Harrow | v. | |
| | DEFENDANT(S), | NOTICE OF CLERICAL ERROR |

TO:    U. S. District Judge(s)
       U. S. Magistrate Judge(s)
       Counsel of Record

You are hereby notified that due to a elerical error ☐ documents associated with the filing of the new action ☐ the following scanned document ☑ docket entry   have/has been corrected as indicated below.

Title of Scanned Document: notice of filing R&R

Filed Date: _____    Document Number: 17

☐  Incorrect case number _____ _____ _____ _____ was assigned to this ☐ action ☐ document.

☐  Case number has been corrected. The correct case number is _____

☐  Incorrect judge's initials were indicated on this ☐ action ☐ document. The correct judge's initials are _____ _____

☐  Incorrect magistrate judge's initials were indicated on this ☐ action ☐ document. The correct magistrate judge's initials are _____.

☐  Case has been reassigned from ☐ Judge ☐ Magistrate Judge _____ to

    ☐ Judge ☐ Magistrate Judge _____. The initials of the new judge(s) are _____ _____

☐  Case was assigned to ☐ Western ☐ Southern ☐ Eastern division. Pursuant to General Order ☐ 349, ☐ 98-3 ☐ 02-06,

    the case has been reassigned to the ☐ Western ☐ Southern ☐ Eastern division. The former case number _____
    has been reassigned to new case number _____

☐  Subsequent documents must be filed at the ☐ Western ☐ Southern ☐ Eastern division. Failure to file at the proper location
    will result in your documents being returned to you.

☐  Case title is corrected from _____ to _____

☐  Document has been re-numbered as document number _____ _____ _____

☐  Incorrect ☐ Filed Date ☐ Date of Document ☐ ENTERED Date ☐ DATE ENTERED ON CM/ICMS was stamped on
    document. The correct date is _____

☐  Document is missing page number(s): _____

☐  To ensure proper routing of documents, all documents filed with the court must reflect the following case number and judge's
    initials: _____

☑  Other: should have been docketd on another case

DOCKETED ON CM

AUG 2 4 2007

024

Date 8/24/07

cc: Intake Supervisor / Deputy In Charge

CLERK, U.S. DISTRICT COURT

By: _____   R Mason
           Deputy Clerk



Robert T. Kugler
Leonard, Street and Deinard
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Tel: (612) 335-1500

FILED
CLERK, U.S. DISTRICT COURT

AUG 6 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| CHRISS STREET,                    | CASE NUMBER |
|                                   | SACV07-829JVS (ANx) |
| Plaintiff(s) |  |
| v. |  |
| DANIEL HARROW, DOES 1 through 25, inclusive, | APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE |
| Defendant(s). |  |

NOTICE: Effective June 1, 2004, the fee for *Pro Hac Vice* Appearance is $185.00 for **each case** application. Please submit the fee with your application. Pursuant to Local Rule 83-2.4, submission of this application and the fee is waived for attorneys for the United States, its departments and agencies with Appointment Affidavits on file with the Clerk. If no Appointment Affidavit is on file, submission of the application is required.
*To receive orders and judgements by e-mail, complete and return the Optical Scanning Enrollment form (G-76), available on the court's website at www.cacd.uscourts.gov.*

I, _____Robert T. Kugler_____ , hereby apply to the Court under Local Rule 83-2.8.2
for permission to appear and participate in the above-entitled action on behalf of ☐ Plaintiff   ☑ Defendant:
_____Daniel Harrow_____ by whom I have been retained.

My *out-of-state* business information is as follows:

Leonard, Street and Deinard
*Firm Name*

150 South Fifth Street, Suite 2300
*Street Address*

| Minneapolis, Minnesota 55402 | robert.kugler@leonard.com |
| *City, State, Zip* | *E-Mail Address* |
| (612) 335-1500 | (612) 335-1657 |
| *Telephone Number* | *Fax Number* |

I am a member in good standing and eligible to practice before the following courts:

| *Title of Court* | *Date of Admission* |
| Minnesota | 10/28/1988 |
| Northern District of California | 08/31/1993 |
| Wisconsin | 05/21/1996 |

I am not a resident of, nor am I regularly employed, engaged in business, professional or other activities in the State of California. I am not currently suspended or disbarred in any court.

DOCKETED ON CM

AUG 2 4 2007



PAID

AUG 1 7 2007

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                        Deputy

G-64 (06/05)       **APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE**

ORIGINAL

I have concurrently, or within three (3) years of this application, made *Pro Hac Vice* applications to this Court in the following actions:

| Case Number | Title of Action | Date of Application | Application Granted or Denied |
|---|---|---|---|
| SACV06425AHS(RZx) | Chriss Street v. Harrow, et al. | 5/22/2006 | 5/23/2006 |
| 2:04-CV-02694 | Tag-It Pacific v. Pro-Fit | 5/16/2006 | 5/17/2007 |

If any *Pro Hac Vice* applications submitted within three (3) years of this application have been denied by the Court, please explain:

I designate _____ Scott E. Blakeley _____ as local counsel, whose business information is as follows:

Blakeley & Blakeley LLP
_____
*Firm Name*
1000 Quail Street, Suite 200
_____
*Street Address*

Newport Beach, California 92660                     scb@bandblaw.com
_____   *E-Mail Address*
City, State, Zip
(949) 260-0611                                      (949) 260-0613
*Telephone Number*                                 *Fax Number*

who is a member in good standing of the Bar of this Court and maintains an office in the Central District of California for the practice of law, as the attorney with whom the Court and opposing counsel may readily communicate regarding the conduct of this case, and upon whom papers may be served.

I declare under penalty of perjury that the foregoing is true and correct and that I am familiar with the Local Rules, the Local Criminal Rules, the F.R. Civ. P., the F.R. Crim. P., and the F.R. Evidence.

Dated August 13, 2007                     Robert T. Kugler

                                          *Applicant's Name (please print)*

                                          *Applicant's Signature*

I hereby consent to the foregoing designation as local counsel.

Dated August 13, 2007                     Scott E. Blakeley
                                          *Designee's Name (please print)*

                                          *Designee's Signature*
                                          State Bar No. 141418
                                          *Designee's California State Bar Number*

**NOTE: COUNSEL AND PARTIES ARE REMINDED TO SUBMIT A COMPLETED *ORDER ON APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE* (G-64 ORDER) ALONG WITH THIS APPLICATION.**

1

## DECLARATION OF SERVICE

2

The undersigned certifies and declares as follows:

3

I am employed in the City of Newport Beach and County of Orange, in the State of California.

4

I am over the age of 18 and not a party to the within action. I am employed by Blakeley & Blakeley

5

LLP, whose business address is 1000 Quail Street, Suite 200, Newport Beach, California 92660.

6

On **August 15, 2007,** I served the forgoing document described as:

7

8

## APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE

9

on the interested parties in this action [X] by placing [] the original [X] a true copy thereof enclosed in

10

sealed envelopes, with postage fully prepaid, addressed as follows:

11

## SEE ATTACHED SERVICE LIST

12

[X]    By U.S. Mail

13

[X]    I am readily familiar with Blakeley & Blakeley's practice of collecting and processing

14

correspondence for mailing via U.S. Mail. Correspondence so collected and processed is deposited

15

with the United States Postal Service that same day in the ordinary course of business.    I am aware

16

that on motion of the party served, service is presumed invalid if postal cancellation date or postage

17

meter date is more than one day after date of deposit of mailing in declaration

18

[X]    I declare under penalty of perjury under the laws of the United States of America that

19

the foregoing is true and correct. Executed on **August 15, 2007**, at Newport Beach, California.

20

21

22

23

Madison Bush

24

25

26

27

28

Proff of Svc Via Mail (MB) Federal

1

## **SERVICE LIST**

### **COUNSEL FOR PLAINTIFF**
Phillip B. Greer, Esq.
LAW OFFICES OF PHILLIP B. GREER
1280 Bison Road B9-531
Newport Beach, CA 92660

Robert T. Kugler
Leonard, Street and Deinard
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Tel: (612) 335-1500

LODGED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 1 6 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

AUG 2 1 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISS STREET <br><br> Plaintiff(s) <br><br> v. <br><br> DANIEL HARROW, DOES 1 through 25, inclusive, <br><br> Defendant(s). | CASE NUMBER <br> SACV07-829JVS (ANx) <br><br> ORDER ON <br> APPLICATION OF NON-RESIDENT <br> ATTORNEY TO APPEAR IN A SPECIFIC <br> CASE |

The Court, having reviewed the accompanying Application of _____ Robert T. Kugler _____,

Applicant's Name

of _____ Leonard, Street and Deinard _____ for permission to appear and participate in the above-entitled

Firm Name

action on behalf of ☐ Plaintiff  X Defendant _____ Daniel Harrow _____

and the designation of _____ Scott E. Blakeley _____ of _____ Blakeley & Blakeley LLP _____

Local Counsel Designee                          Local Counsel Firm

as local counsel, hereby **ORDERS** the Application be:

☑ GRANTED

☐ DENIED.  Fee, if paid, shall be returned by the Clerk.

Dated 8/21/07 _____

_____
U. S. District Judge/U.S. Magistrate Judge

DOCKETED ON CM

AUG 2 4 2007

BY _____ 024

**ORIGINAL**

20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

Case No.:  SA CV 07-829-AHS(RZx)          Date: August 28, 2007

Case Title: CHRISS STREET v. DANIEL HARROW, et al.

===========================================================================

PRESENT:  THE HONORABLE ALICEMARIE H. STOTLER, CHIEF U.S. DISTRICT JUDGE

         Ellen Matheson              None
         Courtroom Deputy            Court Reporter

ATTORNEY(S) PRESENT FOR PLAINTIFF(S):   ATTORNEY(S) PRESENT FOR DEFENDANT(S):
None Present                            None Present

PROCEEDINGS: (IN CHAMBERS) ORDER CONTINUING HEARING ON PLAINTIFF'S
             MOTION TO REMAND CASE TO STATE COURT

     On the Court's own motion, plaintiff's motion to remand case to state
court originally scheduled for September 10, 2007, at 1:30 p.m., in
Courtroom 10C, is continued and will be heard on September 24, 2007, at
10:00 a.m., in Courtroom 10A.

.

Initials of Deputy Clerk: _____emg_____ : _____

ENTERED ON CM

AUG 2 9 2007

BY _____ 024

2)



FILED

2007 AUG 27 PM 4:00

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF
SANTA ANA
BY:

1  Robert T. Kugler (MN #194116)
   Robert L. DeMay (MN #22081)
2  Sarah E. Doerr (MN #338679)
   Jacob B. Sellers (MN #348879)
3  **LEONARD, STREET AND DEINARD**
   *Professional Association*
4  150 South Fifth Street
5  Suite 2300
   Minneapolis, MN 55402
6  Telephone: (612) 335-1500

7  *-and-*

8

9  Scott E. Blakeley (State Bar No. 141418)
   E-Mail: SEB@BandBLaw.com
10 Bradley D. Blakeley (State Bar No. 189756)
   E-Mail: BBlakeley@BandBLaw.com
11 BLAKELEY & BLAKELEY LLP
12 1000 Quail Street, Suite 200
   Newport Beach, CA 92660
13 Telephone: (949) 260-0611
   Facsimile: (949) 260-0613
14

15 ATTORNEYS FOR DEFENDANT,
   DANIEL HARROW
16

DOCKETED ON CM

SEP - 7 2007

BY_____ 211

17              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
18                    SOUTHERN DIVISION

19
   CHRISS STREET,                          CASE NO. SACV07-829JVS (ANx)
20
                Plaintiff,                 **DECLARATION OF SARAH E.**
21 v.                                      **DOERR IN OPPOSITION TO**
                                           **PLAINTIFF'S MOTION FOR**
22 DANIEL HARROW, DOES 1                   **REMAND**
23 through 25, inclusive,
24              Defendants.                Hearing Date and Time
25                                         DATE:   September 24, 2007
                                           TIME:   10:00 a.m.
26                                         PLACE:  Courtroom 10C
27

28              ORIGINAL

DECLARATION OF SARAH E. DOERR IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1    Sarah E. Doerr declares and states as follows:

2    1.    I am an attorney with the law firm of Leonard, Street and Deinard, Professional

3    Association, and one of the attorneys representing Defendant Daniel Harrow in the above

4    captioned matter. I make this declaration in support of Defendant's Opposition to Plaintiff's

5

6    Motion For Remand.

7    2.    Attached hereto as "Exhibit A" is a true and correct copy of the Trust

8    Employment Agreement.

9

10

11   Dated: August 27, 2007

12                                                    Sarah E. Doerr

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        2

# EMPLOYMENT AGREEMENT

EMPLOYMENT AGREEMENT (the "Agreement") made as of October 27, 1998 between THE END OF THE ROAD TRUST, Chriss W. Street, Trustee (the "Trust"), a trust created under a trust agreement dated as of October 27, 1998 ("Trust Agreement"), with its principal offices located at 1111 Bayside Drive, Suite 160, Corona del Mar, California 92625, and CHRISS W. STREET, an individual with offices located at 1111 Bayside Drive, Suite 160, Corona Del Mar, California 92625 ("Street").

## W I T N E S S E T H:

WHEREAS, Fruehauf Trailer Corporation, a Delaware corporation ("Fruehauf Trailer"), and certain of its direct and indirect subsidiaries (collectively, the "Debtors") filed petitions for relief under Chapter 11 of the U.S. Bankruptcy Code on October 7, 1996 and have operated as debtors-in-possession from that date through the date hereof;

WHEREAS, the Amended Joint Plan of Reorganization filed by the Debtors with the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on July 28, 1998, as amended by the Amended First Modifications to Debtors' Amended Joint Plan of Reorganization dated September 17, 1998 and further amended by an order of the Bankruptcy Court dated October 20, 1998 (collectively, the "Plan"), became effective on October 27, 1998 (the "Effective Date");

WHEREAS, pursuant to the Plan the Trust has been established as a liquidating trust for the benefit of certain creditors of the Debtors as of the Effective Date, including as the principal beneficiaries of the Trust persons and entities holding certain Series A Senior Secured Notes of Fruehauf Trailer (the "Senior Notes") in the aggregate principal amount of $54,505,000 as of the Effective Date of the Plan, to hold and liquidate assets of the Debtors which have been transferred to the Trust as of the Effective Date;

WHEREAS, also pursuant to the Plan certain securities of Wabash National Corporation ("Wabash") registered in the name of Fruehauf Trailer will be distributed directly to the holders of the Senior Notes shortly following the Effective Date and the remaining assets of the Debtors will be transferred to the Trust; and

WHEREAS, Street has served as Chairman of the Board and President of Fruehauf Trailer since April 1997 and has agreed to serve as trustee of the Trust pursuant to the terms of the Trust Agreement and the terms and conditions of this Agreement.

G:\WORD\Corp24\24860106.eag.wpd

NOW, THEREFORE, in consideration of the foregoing premises and the covenants and agreements hereinafter set forth, the parties hereto agree as follows:

1. Appointment as Trustee; Term. Street is hereby constituted and appointed as trustee of the Trust and hereby agrees to serve as trustee of the Trust and assume the duties and powers of the trustee for an initial term commencing on the Effective Date and continuing until the earlier of the third anniversary of the Effective Date and the dissolution of the Trust. If the Trust has not been dissolved prior to the third anniversary of the Effective Date, the term of this Agreement shall be automatically renewed for an additional one year term (subject to earlier termination in the event of dissolution of the Trust prior to the end of the renewal term) and shall continue to be renewed for additional one year terms on each succeeding anniversary of the Effective Date until dissolution of the Trust; provided, however, that this Agreement shall not be renewed beyond the initial three year term or any one year renewal term, if applicable, if the Trust Advisory Committee (as defined in the Trust Agreement) notifies Street in writing at least 90 days prior to the end of the applicable term that the Trust will not renew this Agreement at the end of the then current term.

2. Power and Authority. Street, as trustee, shall have such authority and powers as shall be vested in him by the Trust Agreement and by further order of the Bankruptcy Court in the bankruptcy proceeding relating to the Debtors. In furtherance of such powers, Street shall be entitled to employ or retain such employees, advisers, agents (including but not limited disbursing agents), counsel, accountants and consultants as he deems necessary and appropriate to manage the affairs of the Trust on such terms and conditions as he deems appropriate, and the compensation paid or to be paid to such persons for services rendered to the Trust or to Street in his capacity as trustee shall be a cost and expense of the Trust. The Trust hereby acknowledges that Street will initially employ Worth Frederick and Courtney Watson as employees of the Trust at initial salaries of $20,000 per annum and $65,000 per annum, respectively. So long as Street is serving as trustee, no co-trustee will be appointed without Street's prior written consent.

3. Compensation as Trustee. For serving as trustee of the Trust, Street shall receive the following compensation:

(a) An annual fee of $200,000 (the "Annual Fee"), payable in semi-monthly installments during each year of the initial term and any renewal term.

(b) In addition to the Annual Fee, Street shall receive a bonus ("Percentage Fee") equal to 12.5% of the value, in excess of the aggregate principal amount of the Senior Notes outstanding on the Effective Date (such principal amount hereinafter referred to as the "Par Amount"), of all assets which are distributed to the holders of the Senior Notes pursuant to

the Plan, either directly by Fruehauf Trailer or by the Trust, calculated on a cumulative basis from and after the Effective Date; provided, however, that if the assets distributed prior to the first anniversary of the Effective Date have a value equal to or in excess of the Par Amount, the Percentage Fee payable to Street will be equal to 15% of the value of the assets distributed in excess of the Par Amount. For purposes of determining the value of assets distributed to the holders of the Senior Notes pursuant to the Plan and calculation of the Percentage Fee, the following shall apply:

(i)     The value of shares of Common Stock of Wabash ("Common Stock") distributed to the holders of the Senior Notes will be equal to the higher of (A) the average of the closing sale prices of the Common Stock as reported by the New York Stock Exchange for the 10 consecutive trading days immediately prior to the date (which shall not be any earlier than the Effective Date) which Fruehauf Trailer establishes as the record date for determining the holders of the Senior Notes who will be entitled to receive the shares of Common Stock to be distributed to such holders (the "Distribution Record Date") and (B) the average of the daily closing sale prices of the Common Stock as reported by the New York Stock Exchange for the period of 90 days following the date on which the certificates representing the Common Stock are first delivered to the holders of the Senior Notes (the "Distribution Date") (the higher of (A) or (B) being referred to as the "Average Price"). No other change in the market price of the Common Stock will be given any effect in calculating the value of the Common Stock distributed to the holders of the Senior Notes.

(ii)    The value of the shares of Series B 6% Cumulative Convertible Exchangeable Preferred Stock of Wabash (the "Preferred Stock") distributed to the holders of the Senior Notes will be equal to the product of (A) and (B), where (A) is the result obtained by dividing the sum of $17,600,000 plus the proportionate amount, calculated through the Distribution Date, of the dividends paid in respect of the Preferred Stock on the first dividend payment date following the Distribution Date, by the conversion price of the Preferred Stock (i.e. $21.375, subject to anti-dilution adjustments) and (B) is the Average Price. No other change in the market price of the Common Stock will be given any effect in calculating the value of the Preferred Stock distributed to the holders of the Senior Notes.

(iii)   The value of all other assets distributed to the holders of the Senior Notes shall be fair market value of such assets on the respective dates of distribution, which fair market value shall be determined by mutual

agreement of Street and the Trust Advisory Committee, except if no such agreement is reached, fair market value shall be determined by an independent appraiser whose selection will be mutually agreed upon by Street and the Trust Advisory Committee.

(c)  The determination of the cumulative value of assets distributed to the holders of Senior Notes pursuant to the Plan shall be made on a quarterly basis as of the close of business on the last day of each calendar quarter, commencing with the quarter ending December 31, 1998, except that if the value of assets distributed to the holders of the Senior Notes on or before September 30, 1999 (i.e., the last day of the calendar quarter immediately preceding the first anniversary of the Effective Date) has not equaled or exceeded the Par Amount, a determination shall also be made as of the close of business on the day prior to first anniversary of the Effective Date to determine whether the cumulative value of the assets distributed on or before that date equals or exceeds the Par Amount.  The Percentage Fee, if any, payable to Street in respect of any calendar quarter shall be paid within thirty days following the last day of such quarter.

(d)  Except as provided in subparagraph (i) and (ii) of paragraph (b) above, in the event that an asset is distributed in kind, it shall be valued on the date of distribution and no subsequent change in value will be given effect in determining the value of such asset for purposes of determining the cumulative value of assets distributed to holders of Senior Notes.

4.  Termination as Trustee.

(a)  In the event Street ceases to serve as trustee prior to the end of the initial term or any renewal term for any reason other than as a result of termination for Cause (as hereinafter defined), Permanent Disability (as hereinafter defined), death or voluntary resignation, he shall continue to receive the Annual Fee that is payable for the remainder of the applicable term.  In addition, in the event of such termination and the amount distributed to the holders of the Senior Notes prior to the date of termination has equaled or exceeded the Par Amount, Street will continue to be entitled to receive the Percentage Fee (if any) for a period of two years following the date on which he ceases to serve as trustee; provided, however, that if, as of the date on which Street ceases to serve as trustee, an amount equal to or greater than 90% but less than 100% of the Par Amount has been distributed to the holders of the Senior Notes and within one year following such date the cumulative amount distributed to the holders exceeds 100% of the Par Amount, Street will be entitled to receive the Percentage Fee on amounts distributed to the holders in excess of the Par Amount within 18 months after the date he ceases to serve as trustee and, provided, further, that if Street is terminated as trustee at any time prior to the first anniversary of the Effective Date other than for Cause, Street will be entitled to receive the Annual Fee and Percentage Fee (if any) until

the third anniversary of the Effective Date irrespective of the cumulative amount which has been distributed to the holders of the Senior Notes on the date of termination. Upon Street's death or termination as trustee as a result of a Permanent Disability during the initial or any renewal term, Street (or his heirs, as the case may by) shall be entitled to receive the Annual Fee and Percentage Fee (if any) for a period of one year following the date on which he ceases to serve as trustee. The Trust shall be authorized to obtain insurance to cover the amount owed to Mr. Street in the event of death or termination as a result of Permanent Disability and Street agrees to submit to a physical or such other test as may be required to obtain such insurance. If Street is terminated as trustee either for Cause or ceases to serve as trustee as a result of a voluntary resignation, Street shall be entitled to the Annual Fee and Percentage Fee (if any) through the date of termination. For purposes of this paragraph (a) only, any cash received by the Trust from and after the date on which Street ceases to serve as trustee shall, for purposes of calculation of the Percentage Fee, be deemed to have been distributed to the beneficiaries of the Trust.

(b) For purposes of this Section 4, the following definitions shall apply:

(i) "Cause" shall mean Street shall have either (A) been engaged in an act of fraud or dishonesty against the Trust, (B) been convicted of, or entered a pleas of *nolo contendre* to, a felony or a misdemeanor involving moral turpitude under the laws of the United States or any state thereof, (C) admitted or been found by a court of law to have been involved in either the distribution, possession or use of illegal drugs or (D) knowingly violated in a material way any policy maintained by the Trust.

(ii) "Permanent Disability" shall mean that Street, as a result of an incapacity due to physical or mental illness, has been unable to perform the duties of trustee for a period of not less than 90 consecutive days and, within 30 days of notice of termination being sent to him by the Trustee Advisory Committee based on such incapacity, shall have failed to return to the performance of his duties as trustee.

(c) The Trust and Street agree that it is impossible to determine with any reasonable accuracy the amount of prospective damages that would be incurred by Street in the event of his termination as trustee of the Trust before the end of any applicable term of this Agreement and the parties further agree that, based upon the facts and circumstances of the parties at the time of entering this Agreement and with due regard to future expectations, amounts payable to Street pursuant to this Section 4 are in the nature of liquidated damages and are not a penalty.

5. Indemnification. In addition to any right of indemnification which may be available to Street pursuant to the Trust Agreement, the Trust hereby agrees to indemnify Street for all liabilities (including, without limitation, judgements, fines, settlement payments, losses, damages, costs and expenses, including attorneys' fees) incurred by Street in connection with any action, suit, proceeding or investigation arising out of or relating to the performance by Street of services for, or acting as trustee or in any other capacity on behalf of the Trust, so long as Street acted in good faith and in a manner reasonably believed to be in or not opposed to the best interests of the Trust and, with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful. Expenses (including attorney's fees) incurred by Street in defending any civil, criminal, administrative or investigative action, suit or proceeding shall be paid by the Trust in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by Street to repay such amount if it shall ultimately be determined, by a court of competent jurisdiction, that Street is not entitled to be indemnified by the Trust as provided in this Section 5 . The Trust hereby agrees, during the term of this Agreement, to maintain fiduciary liability insurance on behalf of Street in such amounts as Street deems reasonable.

6. Miscellaneous.

(a) The Trust acknowledges that Street will be employed by, or perform services on behalf of, other persons and entities during the term of this Agreement and that he shall only be required to devote as much of his business time as he, in his sole discretion, reasonably deems necessary to perform his duties as trustee.

(b) The Trust acknowledges that Street will be entitled to perform his duties as trustee at such location as he deems appropriate. Street shall be entitled, on behalf of the Trust, to procure such office space and arrange for such secretarial and/or administrative assistance, office supplies, support services and such other facilities and services as he deems reasonable necessary for the performance of his services as trustee, the cost of which shall be borne by the Trust Estate. All reasonable and customary expenses incurred by Street in the performance of his duties as trustee, including but not limited to entertainment and travel expenses, shall be promptly reimbursed to him by the Trust. Street shall also be entitled to participate in all fringe benefits, including but not limited to medical insurance coverage, which the Trust may offer to its employees generally.

(c) No amounts paid to Street by any of the Debtors prior to, on or following the Effective Date, including but not limited to the confirmation bonus of $350,000 paid to Street as described in the Disclosure Statement concerning the Plan, shall be deemed in satisfaction of, or credited against, any amount to be paid to Street pursuant to this Agreement.

(d)  This Agreement and all rights of Street hereunder shall inure to the benefit of and be enforceable by Street's personal or legal representatives, executors, administrators, successors, heirs, distributees, devisees and legatees.  If Street should die while any amounts would still be payable to him hereunder if he had continued to live, all such amounts shall be paid in accordance with the terms of this Agreement to Street's devisee, legatee or other designee or, if there be no such designee, to Street's estate.

(e)  For purposes of this Agreement, notices, demands and all other communications provided for in this Agreement shall be in writing and shall be deemed to have been duly given when delivered or (unless otherwise specified) mailed by United States certified or registered mail, return receipt requested, postage prepaid, to the addresses set forth on the first page hereof or to such other address as either party may have furnished to the other in writing in accordance herewith, except that notices of change of address shall be effective only upon receipt.

(f)  No provisions of this Agreement may be modified, waived or discharged unless such waiver, modification or discharge is agreed to in writing signed by Street and a member of the Trust Advisory Committee on behalf of the Trust.  No waiver by either party hereto at anytime of any breach by the other party hereto of, or compliance with, any condition or provision of this Agreement to be performed by such other party shall be deemed a waiver of similar or dissimilar provisions or conditions at the same or at any prior or subsequent time.  No agreements or representations, oral or otherwise, express or implied, with respect to the subject matter hereof have been made by either party which are not set forth expressly in this Agreement.  The validity, interpretation, construction and performance of this Agreement shall be governed by the laws of the State of Delaware without regard to its conflicts of law principals.

(g)  The invalidity or unenforceability of any provisions or provisions of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

(h)  This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original but all of which together will constitute one and the same instrument.

(i)  Any dispute or controversy arising under or in connection with this Agreement shall be settled exclusively by the Bankruptcy Court.

(j)  This Agreement sets forth the entire agreement of the parties hereto in respect to the subject matter contained herein and supersedes any and all other prior agreements,

promises, covenants, arrangements, communications, representations or warranties, whether oral or written, by and officer, employee or representative of any party hereto, and any prior agreement of the parties hereto in respect of the subject matter contained herein is hereby terminated and canceled.

IN WITNESS WHEREOF, the parties hereto have entered this Agreement as of the date first above written.

THE END OF THE ROAD TRUST

By: _____
Name:
Title: As Trustee

_____
Chriss W. Street

1    STATE OF CALIFORNIA, COUNTY OF ORANGE

2    The undersigned certifies and declares as follows:

3    I am employed in the City of Newport Beach and County of Orange, in the State of

4    California. I am over the age of 18 and not a party to the within action. I am employed by Blakeley

5    & Blakeley LLP, whose business address is 1000 Quail Street, Suite 200, Newport Beach, California

6    92660.

7    On **August 27, 2007**, I served the forgoing document described as:

8    **DECLARATION OF SARAH E. DOERR IN OPPOSITION TO PLAINTIFF'S**
9    **MOTION FOR REMAND**

10   on the interested parties in this action [X] by placing [ ] the original [X] a true copy thereof enclosed

11   in sealed envelopes addressed as follows:

12   **SEE ATTACHED SERVICE LIST**

13   [X]    **BY FEDERAL EXPRESS**

14   [X]    I deposited such envelope in a Federal Express drop box or other facility maintained

15   by Federal Express at Newport Beach, California. The envelope was mailed with postage thereon

16   fully prepaid.

17   [X]    I am "readily familiar" with the firm's practice of collecting and processing

18   correspondence for overnight mailing. Under that practice the envelope would be deposited with

19   Federal Express on that same day with postage thereon fully prepaid at Newport Beach, California in

20   the ordinary course of business. I am aware that on motion of the party served, service is presumed

21   invalid if postal cancellation date or postage meter date is more than one day after date of deposit of

22   mailing in affidavit.

23   [X]    I declare under penalty of perjury under the laws of the United States that the

24   foregoing is true and correct. Executed on **August 27, 2007**, at Newport Beach, California.

25

26                                              Shirley Chen

27

28

## <u>SERVICE LIST</u>

### <u>COUNSEL FOR PLAINTIFF</u>
Phillip B. Greer, Esq.
LAW OFFICES OF PHILLIP B. GREER
1280 Bison Road B9-531
Newport Beach, CA 92660

FILED

2007 AUG 27  PM 4:00

DOCKETED ON CM
SEP - 7 2007
BY
211

1   Robert T. Kugler (MN #194116)
2   Robert L. DeMay (MN #22081)
    Sarah E. Doerr (MN #338679)
3   Jacob B. Sellers (MN #348879)
    **LEONARD, STREET AND DEINARD**
4    *Professional Association*
5   150 South Fifth Street
    Suite 2300
6   Minneapolis, MN 55402
    Telephone: (612) 335-1500
7
8   *-and-*

9   Scott E. Blakeley (State Bar No. 141418)
    E-Mail: SEB@BandBLaw.com
10  Bradley D. Blakeley (State Bar No. 189756)
11  E-Mail: BBlakeley@BandBLaw.com
    **BLAKELEY & BLAKELEY LLP**
12  1000 Quail Street, Suite 200
13  Newport Beach, CA 92660
    Telephone: (949) 260-0611
14  Facsimile: (949) 260-0613

15
    **ATTORNEYS FOR DEFENDANT**
16  **DANIEL HARROW**

17              UNITED STATES DISTRICT COURT
18            CENTRAL DISTRICT OF CALIFORNIA
                  SOUTHERN DIVISION
19

20  CHRISS STREET,                        CASE NO. SACV07-829AHS (RZx)

21              Plaintiff,               **DEFENDANT DANIEL HARROW'S**
                                         **MEMORANDUM OF LAW IN**
22  v.                                   **OPPOSITION TO PLAINTIFF'S**
                                         **MOTION TO REMAND**
23  DANIEL HARROW, DOES 1 through 25,
    inclusive,
24                                       Hearing Date and Time
25              Defendants.             DATE:    September 10, 2007
                                        TIME:    1:30 p.m.
26                                      DEPT:    10C
                                        JUDGE:   Hon. Alicemarie H. Stotler
27

28                        ORIGINAL

23

1

2

### TABLE OF CONTENTS

3
Page

INTRODUCTION ........................................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND ...............................................................2

ARGUMENT..............................................................................................................................5

I.      ABSTENTION UNDER 1334(c)(2) DOES NOT APPLY IN REMOVAL CASES ............5

II.     THIS COURT HAS SUBJECT MATTER JURISDICTION. ...............................................7

        A.      THIS MATTER IS A CORE PROCEEDING WITHIN THE EXCLUSIVE
                JURISDICTION OF THE BANKRUPTCY COURT ............................................7

                1.      THE DUTIES STREET SEEKS TO IMPOSE ON THE SUCCESSOR
                        TRUSTEE ARISE, IF AT ALL, OUT OF THE BANKRUPTCY PLAN
                        AND TRUST AGREEMENT ...............................................................9

                2.      STREET'S ALLEGED RIGHT ALSO ARISES, IF AT ALL, OUT
                        OF THE PLAN AND TRUST AGREEMENT .......................................11

        B.      AT A MINIMUM THIS MATTER IS "RELATED TO" THE BANKRUPTCY
                PROCEEDING .........................................................................................11

CONCLUSION ...................................................................................................................13

i

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

4

**CASES**

5

*In re Birting Fisheries, Inc.*, 300 B.R. 489 (9th Cir. B.A.P. 2003) ...........................................10

6

*In re Coral Petroleum, Inc.*, 249 B.R. 721 (Bankr. S.D. Tex. 2000) .......................................10

7

*In re Fruehauf*, 2007 WL 1805078 (Bankr. D. Del., June 22, 2007)...............................1, 5, 12

8

*In re Gruntz*, 202 F.3d 1074 (9th Cir. 2000) .........................................................................8, 11

9

*In re Pegasus Gold Corp.*, 394 F.3d 1189 (9th Cir. 2005)............................................7, 11, 12

10

*In re Resorts Intern.*, 372 F.3d 154 (3rd Cir. 2004) ...................................................................7

11

*In re Southmark Corp.*, 163 F.3d 925 (5th Cir. 1999)..............................................................10

12

*McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co.*, 285 B.R. 460 (D. Or. 2002) .......6

13

14

**OTHER AUTHORITIES**

15

*1 Collier on Bankruptcy*, P3.02[2] (15th ed. 2003)....................................................................7

16

28 U.S.C. § 1334 .............................................................................................................1, 5, 6, 7

17

28 U.S.C. § 1441 ...........................................................................................................................7

18

28 U.S.C. § 1452 ...........................................................................................................................6

19

28 U.S.C. § 157 .........................................................................................................................7, 8

20

21

22

23

24

25

26

27

28

ii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

The Complaint of Plaintiff Chriss Street ("Street") in the Superior Court of California alleges that, by reason of Street's status as former trustee of the End of the Road Trust ("Trust")—an asset-liquidation trust established under the Chapter 11 Plan in the Fruehauf Trailer Corporation bankruptcy—the Trust's fiduciary insurance provider must provide him a defense for a Department of Labor investigation into Street's self-dealing while, as Trustee of the Trust, he managed the Fruehauf Trailer Corporation Retirement Plan.  Street alleges that the refusal of the Trust's insurer to provide this defense is attributable to something Daniel Harrow, in his capacity as the successor and current Trustee of the Trust, either did or didn't communicate to the insurer.  Street argues that his claims do not invoke bankruptcy jurisdiction or, if they do, 28 U.S.C. § 1334(c) mandates federal abstention and, therefore, a remand of this action.  Street's arguments are meritless.  Both the right Street purports to invoke and the duty the defendant is alleged to have breached arise, if at all, solely out of status as either a former or current trustee, over which the Bankruptcy Court has necessarily retained broad jurisdiction.  *See In re Fruehauf*, 2007 WL 1805078 (Bankr. D. Del., June 22, 2007).  For the reasons set forth below, the abstention provisions in Section 1334(c) have absolutely no application, and the nexus between Plaintiff's purported action and the liquidating trust established to carry out the Fruehauf Bankruptcy Plan is more than sufficient to establish this Court's original jurisdiction under 28 U.S.C. § 1334(b).

1

## **FACTUAL AND PROCEDURAL BACKGROUND**

2

3

On October 7, 1996, the Fruehauf Trailer Corporation and certain of its subsidiaries

4

(collectively the "Debtors") filed a voluntary petition under Chapter 11 of the Bankruptcy

5

Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy

6

Court"). Street served as Chairman of the Board, President and CEO of the Debtors during

7

the Chapter 11 case and was responsible for the formulation of the Debtors' Amended Joint

8

9

Plan of Reorganization (the "Plan"). *See* D.I. 10 at 1; D.I. 11 Ex. A.   The Plan was

10

confirmed by the Bankruptcy Court on September 17, 1998 and was later amended on

11

October 20, 1998. *See* D.I. 11 Ex. B.  Intending that the Bankruptcy Court would retain

12

jurisdiction over matters involving the implementation and administration of the Plan, the

13

14

Plan employed broad retention-of-jurisdiction language. *See* Plan at 23.

15

The purpose and intent of the Plan was the orderly and expedient liquidation of the

16

Debtors' remaining assets for the benefit of the Debtors' approximately 4,100 creditors. As

17

a vehicle to effectuate its purpose and intent, the Plan called for the creation of a liquidating

18

19

trust and indicated that Street would be, and he in fact was, appointed trustee. *See* Ex. C to

20

D.I. 9 at ¶¶ 6.1-6.6 and 1.41.  Under the terms of the Plan, all of the Debtors' remaining

21

assets were transferred to the trustee for liquidation and distribution of the proceeds to the

22

creditor-beneficiaries. *See id.* at ¶¶ 6.1-6.6.  The draft Liquidating Trust Agreement (the

23

24

"Trust Agreement") was attached as an exhibit to the Plan. *See* Ex. B. to Plan .

25

Sometime after the creation of the Trust, Street executed an employment agreement

26

with the Trust (the "Trust Employment Agreement") for his services as trustee.  Declaration

27

of Sarah E. Doerr in Opposition to Plaintiff's Motion to Remand ("Doerr Decl."), Ex. A at 1.

28

2

1    The Trust Employment Agreement was drafted solely by Street and was executed by Street

2    both (i) in his capacity as Trustee of the Trust and (ii) individually as the employee. *Id.* at 8.

3
4    The Trust Employment Agreement provides that"[a]ny dispute or controversy arising under

5    or in connection with this Agreement shall be settled exclusively in the Bankruptcy Court."

6    *Id.* at 7.

7    Street served as Trustee from October 27, 1998 until August 1, 2005. On or about

8
9    August 1, 2005 Street was replaced in all capacities by Daniel W. Harrow (the "Successor

10   Trustee"). In the Consent Order removing Street as trustee, Street agreed that the

11   Bankruptcy Court "shall retain jurisdiction over any matter related to this Order." *See* D.I.

12   11 Ex. D at ¶ 12.

13
14   On March 29, 2006, following the filing with the Bankruptcy Court of the Successor

15   Trustee's report on the status of the Trust (including an analysis of Street's tenure as trustee),

16   Street filed an action against the Successor Trustee in the California Superior Court, County

17   of Orange, for defamation and conversion. On April 28, 2006, that action was removed to

18
19   this Court and a motion to transfer venue to the Bankruptcy Court was filed. On the eve of

20   the hearing on the motion to transfer venue and after he had won the election for Orange

21   County Treasurer, Street dismissed the action. Thereafter, the Successor Trustee filed a

22   motion for sanctions against Street and his counsel, which was ultimately denied, but not

23
24   without this Court admonishing Street's counsel for his disregard for the Local Rules and the

25   rules of professional responsibility. *See* D.I. 11 Ex. E at 11.

26   On January 9, 2007, Street filed a Petition for Advancement and Indemnification in

27   the Court of Chancery of the State of Delaware (the "Petition") against the Trust. *See* D.I. 11

28
                                                  3

1    Ex. F.  In the Petition, Street seeks advancement of fees and costs, including fees and costs

2    associated with  the Department of Labor's investigation into transactions undertaken by

3
     Street in his capacity as trustee—fees and costs that are also the subject of this action.  *Id.* at
4
5    ¶ 13.  On February 2, 2007, Street's advancement and indemnification case was removed to

6    the United States District Court for the District of Delaware and is currently pending on

7    Street's motion for remand.

8
         On February 2, 2007, after substantial investigation into Street's conduct while
9
10   trustee, the Successor Trustee initiated an adversary proceeding (the "Adversary

11   Proceeding") in the Bankruptcy Court to redress the serious damage Street wrought on the

12   beneficiaries of the Trust; the Successor Trustee filed an Amended Complaint on April 5,

13
     2007.  *See* D.I. 11 Ex. G.  The Adversary Proceeding, which is still proceeding in the
14
15   Bankruptcy Court, seeks relief based on Street's multiple breaches of fiduciary duty,

16   breaches of contract, fraud and conversion.  *See generally id.*  The complaint in the

17   Adversary Proceeding alleges that Street utterly failed to fulfill his responsibility to

18
     efficiently and expeditiously liquidate the assets of the Trust for the benefit of roughly 4,100
19
20   creditors of the Fruehauf Trailer Corporation, and thereby fulfill the purpose and intent of the

21   Plan.  Instead, over his seven-year tenure as trustee, Street routinely abused his position as

22   trustee, transferring millions of dollars in Trust assets as a means to protect his interests and

23
     enrich himself.  *Id.* at ¶¶ 1-163.
24
25       On April 16, 2007, Street brought a motion to dismiss the Adversary Proceeding

26   claiming that the Bankruptcy Court lacked subject-matter jurisdiction because the claims

27   asserted against him were state law claims based on post-confirmation conduct.  In denying

28
                                          4

Street's motion to dismiss, the Bankruptcy Court held that Street's alleged misconduct occurred in the course of his duties as the central figure in the consummation of the Plan and administration of the estate of the Liquidating Trust and, therefore, the Bankruptcy Court unquestionably had subject matter jurisdiction. *In re Freuhauf*, 2007 WL 1805078, *6 (Bankr. D. Del., June 22, 2007). Shortly thereafter, Street filed his answer and asserted a counterclaim in the Adversary Proceeding seeking indemnification for, *inter alia*, his costs and expenses incurred in connection with the Successor Trustee's investigation of Street's conduct and Street's defense of the Adversary Proceeding. *See* D.I. 11 Ex. H at 29-30.

Less than three weeks after the Bankruptcy Court denied his motion to dismiss and ten days after he filed his counterclaim, Street filed this action in the Superior Court of the State of California for the County of Orange. In this action, Street seeks "general damages in an amount to be proven at trial" as a result of the fact that the Trust's insurer has, to date, refused to provide coverage in relation to a Department of Labor subpoena to Street. Street alleges that this refusal is somehow the result of the Successor Trustee Daniel Harrow's communications with the insurer.

## ARGUMENT

### I. ABSTENTION UNDER 1334(c)(2) DOES NOT APPLY IN REMOVAL CASES.

Under 28 U.S.C. § 1334(c)(2) a federal court must abstain if: 1) a party has timely moved for abstention, 2) the proceeding is based upon a state law claim or cause of action, 3) the claim or cause of action is related to a case under Title 11 but is not a proceeding arising under or arising in a Title 11 case (i.e., it is not a core proceeding), 4) no other basis

5

for federal jurisdiction exists, 5) an action is commenced in state court, and 6) the matter can be timely adjudicated in a state forum.

In his Motion, Street contends that "under 28[ ]USC 1334(c)(2) there is no removal jurisdiction[1] [] and this Court must, thereforer [*sic*], abstain from exercising jurisdiction over this matter and remanded [*sic*] the action to state court." Street Memo. at 5. Street's contention is contradicted by controlling Ninth Circuit precedent, which Street fails to mention.

In the Ninth Circuit, it is well established that "the abstention principles of § 1334 do not apply in removal cases." *McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co.*, 285 B.R. 460, 475 (D. Or. 2002) (citing *Security Farms v. International Broth. of Teamsters*, 124 F.3d 999, 1009-10 (9th Cir. 1997). The reason is simple. "When a case has been removed to federal court, the state case ceases to exist and [abstention under] § 1334 is no longer applicable." *Id.* "The appropriate standard to apply in removal cases, therefore, is the equitable remand standard of § 1452(b)." *Id.* Other than a vague reference to 28 U.S.C. § 1452(b), on page 5 of his Motion, Street makes no argument that this Court could or should exercise its discretionary power under 1452(b) to abstain from hearing this matter on equitable grounds.[2]

---

[1] Of course, Street misspeaks when he argues that "under 28[ ]USC 1334(c)(2) there is no removal jurisdiction." Section 1334(c)(2) relates solely to circumstances under which a federal court must abstain from hearing a particular matter and has no bearing on whether a federal court has jurisdiction.

[2] Clearly, under the facts set forth at pages 2-5, *supra*, the equities as well as the practicalities in this matter dictate that it be tried, if at all, in the Bankruptcy Court for the District of Delaware.

6

1   Accordingly, the only issue raised by the remand motion is whether this Court

2   possesses original jurisdiction over this matter. *See* 28 U.S.C. § 1441. For the reasons set

3
    forth below, Street's action (if any action is stated) is a core proceeding within the exclusive
4
5   jurisdiction of the Bankruptcy Court or, at a minimum, is "related to" the Bankruptcy Case.

6   This Court therefore possesses original jurisdiction under 28 U.S.C. § 1334(b).

7
    **II. THIS COURT HAS SUBJECT MATTER JURISDICTION.**

8
    Federal subject matter jurisdiction over bankruptcy cases and proceedings emanates
9
10  from 28 U.S.C. § 1334. Section 1334(b) provides that the district courts shall have original

11  but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or

12  related to cases under title 11." Thus, bankruptcy court jurisdiction potentially extends to

13
    four types of title 11 matters: (1) cases under title 11; (2) proceeding arising under title 11;
14
15  (3) proceedings arising in a case under title 11; and (4) proceedings related to a case under

16  title 11. *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005). A proceeding

17  fitting within any of these categories is within the federal court's jurisdiction. However,

18
    since the fourth category is the broadest, a court need only determine whether a matter is at
19
20  least related to the bankruptcy. *In re Resorts Intern.*, 372 F.3d 154, 163 (3rd Cir. 2004)

21  (adopted in *In re Pegasus Gold Corp.*, 394 F.3d at 1194).

22
    **A.    THIS MATTER IS A CORE PROCEEDING WITHIN THE EXCLUSIVE
23         JURISDICTION OF THE BANKRUPTCY COURT.**

24  Proceedings "arising in a case under title 11" are referred to as core proceedings. *See*

25  *1 Collier on Bankruptcy*, P3.02[2], at 3-35 (15th ed. 2003). Congress vested bankruptcy

26
    courts with full and exclusive adjudicative power with regard to "core" proceedings. *See*
27
28  28 U.S.C. §§ 1334 and 157(a). A proceeding is core if it falls within the non-exhaustive list

7

1    in 28 U.S.C. § 157(b) or by its nature could arise only in the context of a bankruptcy case. *In*

2    *re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000).

3
     In his Complaint, Street alleges, *inter alia*, that:
4

5        • From approximately July 1996 to the end of the end of August, 2005,[3]
           Plaintiff served as the Trustee of the End of the Road Trust. Compl. at
6           ¶ 4.

7        • Plaintiff *as Trustee of End of the Road Trust*, was entitled to [insurance]
8           coverage, including, but not limited to, a defense against liability for all
           actions taken as Trustee for the Trust. *Id.* at ¶ 5. (Emphasis added).
9

10       • On or about August 19, 2005, Plaintiff, was served with a subpoena by
           the United State Department of Labor *in his capacity as the Trustee* for
11          the Trust. *Id* at ¶ 6. (Emphasis added).

12       • On or about August 19, 2006 [*sic*], pursuant to his voluntary resignation
13          as Trustee *was replaced as Trustee of the End of the Road Trust by
           Defendant, Daniel Harrow. Id.* at ¶ 7. (Emphasis added).
14

15       • Pursuant to the terms and conditions of the policy of fiduciary liability
           insurance [obtained by the Trust], Plaintiff tendered the defense of the
16          United States Department of Labor to Defendant, Daniel Harrow for
17          processing *pursuant to his duties as the new Trustee for the Trust. Id.* at
           ¶ 7. (Emphasis added).
18

19       • Plaintiff has defended, and continues to defend, the subpoena and
           subsequent actions of the United States Department of Labor *as they
20          relate to Plaintiff's tenure as Trustee of the End of the Road Trust*
           without the assistance mandated by the policy of insurance. *Id.* at ¶ 9.
21          (Emphasis added).

22       • The correspondence goes on to state that Mr. Harrow, *as the Trustee*,
23          "may have made additional misrepresentation relating to the nature of
           the Trust's business." *Id*. at ¶10. (Emphasis added).
24

25

26   ─────────────
     [3] Street actually began this tenure as trustee on October 27, 1998, and was removed pursuant to
27   Bankruptcy Court Order on August 1, 2005. *See* Trust Agreement at 1 and Consent Agreement at 1.

28

                                              8

1    Although far from clear, Street appears to allege that (1) in his capacity as trustee,[4] the

2    Successor Trustee owed Street a duty to disclose facts to the insurer regarding governmental

3    investigations into Street's conduct while trustee and (2) by either failing to disclose those

4    facts or making some false statement to the insurer, the Successor Trustee has deprived

5    Street of a right to insurance coverage he retains by virtue of his status as former trustee.

6    Street of a right to insurance coverage he retains by virtue of his status as former trustee.

7    Street contends that this Court lacks subject matter jurisdiction over this matter because

8    Street's causes of action "involve actions committed outside of the bankruptcy proceedings"

9    and the right involved "is one that could exist outside of bankruptcy." Street's Memo. at 4

10   and the right involved "is one that could exist outside of bankruptcy." Street's Memo. at 4

11   and 6. Street's contentions contradict the allegations of his Complaint and are meritless.

12   
13   ### 1. THE DUTIES STREET SEEKS TO IMPOSE ON THE SUCCESSOR TRUSTEE ARISE, IF AT ALL, OUT OF THE BANKRUPTCY PLAN AND TRUST AGREEMENT.

14   

15   The Bankruptcy Plan centered upon and was to be implemented through the

16   Liquidating Trust. In his administration of this Trust, the Successor Trustee is obligated to

17   "take such actions as shall be necessary or advisable to preserve, maintain, and protect the

18   Trust Estate." Trust Agreement at § 7.1.2. In fulfilling his duties to the beneficiaries, the

19   

20   Successor Trustee is afforded broad discretion, including the discretion to purchase and

21   maintain such insurance as the Trustee deems reasonable, necessary, or appropriate to protect

22   the Trust Estate. *Id.* at § 7.1.1. In his capacity as trustee, the Successor Trustee acquired

23   
24   

25   [4] Despite a possible suggestion in his brief to the contrary (*see* Street's Memo. at 6 ("[p]laintiff's

26   causes of action against Daniel Harrow are alleged against him as an individual")), Street's Complaint does not allege and, within the broadest possible bounds of Rule 11, could not allege that

27   Daniel Harrow owes him a duty in Mr. Harrow's personal capacity, unrelated to his status as Successor Trustee.

28   

9

1  fiduciary liability insurance to fulfill his duty to the beneficiaries "to preserve, maintain, and

2  protect the Trust Estate." *Id.* at § 7.1.2.

3

4        In alleging that the Successor Trustee engaged in misconduct in acquiring fiduciary

5  liability insurance, Street directly challenges the Successor Trustee's performance of his

6  duties under the Trust Agreement and the Plan[5]. Matters calling into question the Successor

7  Trustee's performance of his duties under the Plan and Trust Agreement, as Street seeks to

8  do by his Complaint, are core proceedings within the exclusive jurisdiction of the bankruptcy
9
10 court. *In re Birting Fisheries, Inc.*, 300 B.R. 489, 499 (9th Cir. B.A.P. 2003) (holding post-

11 confirmation proceeding's involving bankruptcy's court's enforcement of its own orders are

12 core proceedings); *In re Southmark Corp.*, 163 F.3d 925 (5th Cir. 1999) (holding "[a] *sine*

13 *qua non* in restructuring the debtor-creditor relationship is the court's ability to police the
14
15 fiduciaries"); *In re Coral Petroleum, Inc.*, 249 B.R. 721, 728 (Bankr. S.D. Tex. 2000)

16 (holding bankruptcy court had jurisdiction to determine whether the trustee of the liquidating

17 trust fulfilled his duties under the trust agreement).

18

19

20

21

22

23  [5] Of course, Street's suggestion that he has standing to make such a challenge is misguided because
    the Successor Trustee's sole duties under the Trust Agreement are to and for the benefit of the
24  beneficiaries, not Street. *See* Trust Agreement at § 7.1.2 (stating the duty of the trustee is "[t]o take
    such actions as shall be necessary or advisable to preserve, maintain, and protect the Trust Estate *for*
25  *the Beneficial Interestholders' benefit* consistent with the purposes of the Liquidating Trust.")
    (emphasis added). Neither the Trust Agreement nor the Plan—the only two sources from which
26  non-contractual duties of the Successor Trustee could arise—impose a duty upon the Successor
    Trustee for the benefit of a former trustee; and the Successor Trustee has not made contractual
27  commitments to Street.

28

10

1

2

### 2. STREET'S ALLEGED RIGHT ALSO ARISES, IF AT ALL, OUT OF THE PLAN AND TRUST AGREEMENT.

3

4

5

6

7

8

9

10

11

12

13

14

15

The purported right that is the foundation for every claim Street asserts is a right that arises, if at all, solely out of his status as the former trustee of a liquidating trust that was the sum and substance of the Plan.    Street confirms this fact by his own allegation that "[p]laintiff as Trustee of End of the Road Trust, was entitled to coverage." It is in Street's capacity as trustee, and in that capacity alone, that the fiduciary liability insurance allegedly provided Street "a defense against liability for all actions taken as Trustee for the Trust." *Id.* The deprivation of any right Street may have solely by virtue of his status as the former trustee of a Chapter 11 liquidating trust is a "core proceeding" because it could arise only in the context of a bankruptcy proceeding. *See also In re Gruntz,* 202 F.3d at 1082 (holding core proceedings include those by their nature could arise only in the context of a bankruptcy case).

16

17

### B.    AT A MINIMUM THIS MATTER IS "RELATED TO" THE BANKRUPTCY PROCEEDING.

18

19

20

21

22

23

24

25

26

27

The Ninth Circuit has adopted the Third Circuit's test for determining whether a proceeding is "related to" a bankruptcy case. *See In re Pegasus Gold Corp.,* 394 F.3d at 1193. After confirmation, bankruptcy courts continue to retain jurisdiction over matters that have "a *close nexus* to the bankruptcy plan or proceeding." *Id.* at 1194 (emphasis added). "Matters that affect the interpretation, implementation, consummation, execution, or administration of a confirmed plan or incorporated litigation trust agreement" have the requisite close nexus. *Id.*    In proceedings involving continuing trusts, the nexus is significant. *Id.*    Continuing trusts, including the specific Liquidating Trust at issue here, "by

28

11

1  their nature maintain a connection to the bankruptcy even after confirmation" because "they

2  are constructed as instrumentalities of the execution of the plan. *In re Fruehauf*, 2007 WL

3  1805078 at * 3 (Bankr. D. Del. June 22, 2007).

4

5  The Bankruptcy Court has already determined that matters involving Street's conduct

6  as trustee are, at a minimum, "related to" the Bankruptcy Case. *See In re Fruehauf*, 2007

7  WL 1805078 at * 9. As the Bankruptcy Court stated, allegations that Street engaged in

8  misconduct while fulfilling his duties as trustee are "closely tied to the execution and
9

10  administration of the Plan and Liquidating Trust Agreement so that there is *clearly* a

11  sufficiently close nexus between his proceeding and the Fruehauf bankruptcy case to warrant

12  the exercise of post-confirmation 'related to' jurisdiction" *Id.* (emphasis added). This matter

13  is no different simply because it involves allegations of misconduct against the Successor
14

15  Trustee.    Like Street before him, the Successor Trustee is "the central figure in the

16  consummation of the Plan and administration of the estate assets." *Id.* at 6.    Street's

17  allegations that the Successor Trustee engaged in misconduct in the performance of his

18  duties under the Trust Agreement and Plan are likewise "related to" the Bankruptcy Case.
19

20  *Id.*; *In re Pegasus Gold Corp.*, 394 F.3d at 1193.

21

22

23

24

25

26

27

28

12

1

## **CONCLUSION**

2    For the foregoing reasons, the Successor Trustee respectfully request that this

3    Honorable Court deny Street Motion for Remand in all respects.

4

5

Dated: **AUGUST 27, 2007**

6

Respectfully submitted,

7

8    BLAKELEY & BLAKELEY LLP

9

10

11    Bradley D. Blakeley

12    *-and-*

13    Robert T. Kugler (MN #194116)

14    Robert L. DeMay (MN# 22081)
      Sarah E. Doerr (MN# 338679)

15    Jacob B. Sellers (MN #348879)

16    **ATTORNEYS FOR PLAINTIFF**
      **DANIEL W. HARROW**

17

18

19

20

21

22

23

24

25

26

27

28

13

DEFENDANT DANIEL HARROW'S MEMORANDUM OF LAW IN OPPOSITION TO

1          STATE OF CALIFORNIA, COUNTY OF ORANGE

2          The undersigned certifies and declares as follows:

3          I am employed in the City of Newport Beach and County of Orange, in the State of

4    California. I am over the age of 18 and not a party to the within action. I am employed by Blakeley

5    & Blakeley LLP, whose business address is 1000 Quail Street, Suite 200, Newport Beach, California

6    92660.

7          On **August 27, 2007**, I served the forgoing document described as:

8          **DEFENDANT DANIEL HARROW'S MEMORANDUM OF LAW IN OPPOSITION**
           **TO PLAINTIFF'S MOTION TO REMAND**
9

10   on the interested parties in this action [X] by placing [ ] the original [X] a true copy thereof enclosed

11   in sealed envelopes addressed as follows:

12                          **SEE ATTACHED SERVICE LIST**

13         [X]    **BY FEDERAL EXPRESS**

14         [X]    I deposited such envelope in a Federal Express drop box or other facility maintained

15   by Federal Express at Newport Beach, California. The envelope was mailed with postage thereon

16   fully prepaid.

17         [X]    I am "readily familiar" with the firm's practice of collecting and processing

18   correspondence for overnight mailing. Under that practice the envelope would be deposited with

19   Federal Express on that same day with postage thereon fully prepaid at Newport Beach, California in

20   the ordinary course of business. I am aware that on motion of the party served, service is presumed

21   invalid if postal cancellation date or postage meter date is more than one day after date of deposit of

22   mailing in affidavit.

23         [X]    I declare under penalty of perjury under the laws of the United States that the

24   foregoing is true and correct. Executed on **August 27, 2007**, at Newport Beach, California.

25

26                                                        Shirley Chen

27

28

## **SERVICE LIST**

### **COUNSEL FOR PLAINTIFF**
Phillip B. Greer, Esq.
LAW OFFICES OF PHILLIP B. GREER
1280 Bison Road B9-531
Newport Beach, CA 92660

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

CIVIL MINUTES - GENERAL

Case No.: SA CV 07-829 AHS (RZx)            Date: September 18, 2007

Title:   Chriss Street v. Daniel Harrow, et al.
===============================================================
PRESENT: **HON. ALICEMARIE H. STOTLER, CHIEF U.S. DISTRICT JUDGE**

          Ellen Matheson                    Not Present
          Deputy Clerk                      Court Reporter

**ATTORNEYS PRESENT:**  None

**PROCEEDINGS:**   (IN CHAMBERS) ORDER SUBMITTING (1) DEFENDANT'S
              MOTION TO TRANSFER VENUE (2) PLAINTIFF'S MOTION TO
              REMAND

          On August 3, 2007, plaintiff filed a motion to remand
this case to the Superior Court of California, County of Orange.
On August 7, 2007, defendant filed a motion to transfer venue to
the United States District Court for the District of Delaware.
The matter is set for hearing on the Court's September 24, 2007
calendar.

          The Court finds the matter appropriate for submission
on the papers without oral argument.  See Local Rule 7-15
(stating that the Court may dispense with oral argument on any
matter unless otherwise required); Fed. R. Civ. P. 78.  The
matter is, therefore, removed from the Court's September 24, 2007
calendar.

          The Clerk shall serve this minute order on counsel for
all parties in this action.

DOCKETED ON CM
SEP 20 2007
BY _____ 040

**MINUTES FORM 11**                    **INITIALS OF DEPUTY CLERK**
**CIVIL - GEN      CO          D - M**
S:\AHS\3CO\Minute Orders\Chriss Street v. Daniel Harrow.MO Submitting.wpd

(24)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

CIVIL MINUTES - GENERAL

Case No.: SA CV 07-829 AHS(RZx)          Date: October 31, 2007

Title:    Chriss Street v. Daniel Harrow, et al.
================================================================
PRESENT: **HON. ALICEMARIE H. STOTLER, CHIEF U.S. DISTRICT JUDGE**

        Ellen Matheson                    Not Present
        Deputy Clerk                      Court Reporter

**ATTORNEYS PRESENT:** None present

**PROCEEDINGS:**    (IN CHAMBERS) ORDER CONTINUING DATE FOR FILING OF
                    RULE 26(f) REPORT FROM NOVEMBER 5, 2007 TO
                    DECEMBER 10, 2007

        On August 22, 2007, the Court issued an Order requiring
the parties to file a Rule 26(f) Report no later than November 5,
2007.

        On August 3, 2007, plaintiff filed a Motion to Remand.
On August 7, 2007, defendant filed a Motion to Transfer Venue.
On August 27, 2007, defendant filed opposition to plaintiff's
Motion to Remand.  On September 18, 2007, the Court took the
motions under submission without hearing.

        In light of the pending motions, the Court orders the
deadline for filing of the Rule 26(f) Report continued from
November 5, 2007 to December 10, 2007.

        The clerk shall serve this minute order on counsel for
all parties in this action.

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 2 8 2007

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISS STREET, | ) | SA CV 07-829 AHS (RZx) |
| | ) | |
| Plaintiff, | ) | ORDER (1) GRANTING |
| | ) | DEFENDANT'S MOTION TO |
| v. | ) | TRANSFER VENUE AND (2) |
| | ) | DENYING PLAINTIFF'S |
| | ) | MOTION TO REMAND |
| DANIEL HARROW, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

I.

**PROCEDURAL BACKGROUND**

Plaintiff Chriss Street ("plaintiff") filed the complaint
in this action on July 12, 2007, in Orange County Superior Court.
On July 19, 2007, defendant Daniel Harrow ("defendant") removed the
case to district court.  On August 3, 2007, plaintiff filed a
motion to remand the case to Orange County Superior Court.  On
August 7, 2007, defendant filed a motion to transfer venue to
United States District Court for the District of Delaware.  On
August 27, 2007, defendant filed opposition to plaintiff's motion

1  to remand.   Plaintiff filed no opposition to defendant's motion to

2  transfer venue.   On September 18, 2007, the Court took the matter

3  under submission.

4                                  **II.**

5                        **SUMMARY OF COMPLAINT**

6           Plaintiff served as trustee of the End of the Road Trust

7  ("EORT") from October 27, 1998, until August 1, 2005, when he was

8  succeeded by defendant.   (Complaint "Compl." ¶ 4; Declaration of

9  Jacob B. Sellers ("Sellers Decl."), Ex. A, at p. 1; Ex. B, at p.

10 1.)   The purpose of the EORT is to liquidate the assets of Fruehauf

11 Trailer Corporation and certain of its subsidiaries (collectively,

12 "debtors"), which filed for Chapter 11 bankruptcy proceedings

13 before the United States Bankruptcy Court for the District of

14 Delaware.[1]   (Sellers Decl., Ex. C.)   The Liquidating Trust

15 Agreement ("Trust Agreement"), which created the EORT, was adopted

16 pursuant to the debtors' Amended Joint Plan of Reorganization

17 ("Reorganization Plan") confirmed by the Bankruptcy Court on

18 September 17, 1998.   (Sellers Decl., Exs. A, B, C.)   On August 19,

19 2005, plaintiff was served with a subpoena by the United States

20 Department of Labor ("DOL") in his capacity as trustee of the EORT.

21 (Compl. ¶ 6.)

22          Pursuant to a fiduciary liability insurance policy which

23 allegedly covered him from approximately July 17, 2005, to July 17,

24 2006, plaintiff tendered the defense of the subpoena to defendant,

25 in his capacity as successor trustee, for processing.   (Id. ¶ 5.)

26

27  _____

        [1] The case is U.S. Bankruptcy Court (Dist. Delaware) Case No.
28 96-1563 (PJW).

                                    2

1   Defendant subsequently informed plaintiff the trust's insurance

2   provider, Arch Specialty Insurance Company ("insurance provider"),

3   had declined to extend coverage for the DOL investigation and

4   plaintiff would have to personally defend the subpoena.  (<u>Id.</u> ¶¶ 8,

5   9.)  Plaintiff claims he was unaware at the time of the basis for

6   denial or of any information exchanged between the insurance

7   provider and defendant while the decision regarding coverage was

8   pending.  (<u>Id.</u> ¶ 8.)

9        In March 2007, plaintiff discovered correspondence

10  between the insurance provider and defendant's counsel, which

11  states certain responses provided by defendant to inquiries by the

12  insurance provider were "'false when made'" and contained

13  "'misrepresentations.'"  (<u>Id.</u> ¶ 10 (quoting Ex. A, p. 6, ¶¶ 1, 2)).

14  Plaintiff claims he was unlawfully denied insurance coverage for

15  the DOL investigation on the basis of these "false" statements and

16  "misrepresentations" by defendant.  (<u>Id.</u>)  The DOL investigation

17  remains active.  (<u>Id.</u> ¶ 9.)  Plaintiff alleges claims for breach of

18  contract, fraud, intentional interference with economic relations,

19  negligent interference with economic relations, and conspiracy.

20                                **III.**

21                    <u>**SUMMARY OF PARTIES' CONTENTIONS**</u>

22  **A.      Defendant's Motion to Transfer Venue**

23        Defendant moves to transfer this action to the United

24  States District Court for the District of Delaware under either 28

25  U.S.C. § 1406(a) or § 1404(a).  Under § 1406(a), when a district

26  court receives a case "laying venue in the wrong division or

27  district," it can either dismiss it, or, if in the interest of

28  justice, transfer it to "any district or division in which it could

1   have been brought." Section 1404(a) allows a district court to

2   transfer a case "[f]or the convenience of the parties and

3   witnesses, in the interest of justice" to "any other district or

4   division where it might have been brought."

5        Defendant contends the present action is a "core"

6   bankruptcy proceeding, and thus, under the exclusive jurisdiction

7   of the Bankruptcy Court. 28 U.S.C. § 1334(a)-(b). Core bankruptcy

8   proceedings are those listed under 28 U.S.C. § 157(b)(2) or those

9   which by their nature could only arise in the context of a

10  bankruptcy case. In re Gruntz, 202 F.3d 1074, 1081 (9th Cir.

11  2000). Matters calling into question the performance of a trustee

12  under a confirmed plan and Trust Agreement are considered core

13  bankruptcy proceedings by the courts. In re Birting Fisheries,

14  Inc., 300 B.R. 489, 499 (B.A.P. 9th Cir. 2003). Defendant asserts

15  this is the case here. Plaintiff's complaint references the

16  parties in their capacities as trustees in articulating the claims.

17  (Compl. ¶¶ 4, 5, 6, 7, 9, 10.) Plaintiff's entitlement to

18  fiduciary liability insurance coverage consideration rests

19  exclusively on his status as former trustee. Any duties owed by

20  defendant to plaintiff in connection with insurance coverage

21  similarly arise out of his status as successor trustee. The Trust

22  Agreement, which created the EORT, specifically refers to the

23  purchase and maintenance of insurance as administrative duties of

24  the trustee. (Sellers Decl., Ex. C, § 7.1.1.) Plaintiff's

25  challenge to defendant's performance of these duties directly

26  concerns the "administration of the estate," which is among the

27  listed core bankruptcy proceedings under § 157(b)(2).

28       At minimum, defendant argues, this case is "related to"

4

1  bankruptcy proceedings.  § 1334(b).  Bankruptcy courts retain

2  jurisdiction after confirmation over matters having "a close nexus

3  to the bankruptcy plan or proceeding."  In re Pegasus Gold Corp.,

4  394 F.3d 1189, 1192 (9th Cir. 2005).  This is particularly true

5  when, as here, a continuing trust is involved, because they are

6  "constructed as instrumentalities of the execution of the plan."

7  In re Fruehauf Trailer Corp., 369 B.R. 817, 822 (Bankr. D. Del.

8  2007) (citing In re Resorts Intern., Inc., 372 F.3d 154, 167 (3rd

9  Cir. 2004)).  In re Freuhauf is an adversary proceeding initiated

10 by defendant in this case currently pending before the Delaware

11 Bankruptcy Court.  Id.  It alleges plaintiff engaged in various

12 forms of misconduct during his tenure as trustee.  Id. at 828.

13 The Bankruptcy Court found the allegations against plaintiff here

14 were "related to" the bankruptcy proceedings because they were

15 "closely tied to the execution and administration of the Plan and

16 Liquidating Trust Agreement."  Id. at 827.  The Court should hold

17 this matter is no different, since plaintiff is alleging

18 misconduct by defendant in his capacity as successor trustee.

19         Defendant argues transferring this "related to" case to

20 the Delaware District Court under § 1404(a) serves the convenience

21 of the parties and the interests of justice.  Plaintiff has

22 availed himself of the Delaware courts by filing a petition for

23 advancement and indemnification in the Court of Chancery, which

24 includes costs associated with the DOL investigation.  (Sellers

25 Decl., Ex. F, p. 3.)  This action has been removed to the Delaware

26 District Court, where defendant expects it will be transferred to

27 the Bankruptcy Court.  Plaintiff has also filed a counterclaim in

28 the adversary proceedings initiated against him by defendant in

1  the Delaware Bankruptcy Court.    (Sellers Decl., Ex. H, p. 29.)

2  Transferring this matter to the Delaware District Court would be

3  convenient to the parties since they have litigation pending in

4  that forum.    It would also serve the interests of judicial

5  economy, since that court could in turn transfer the matter to the

6  Bankruptcy Court, which has continuing and exclusive jurisdiction

7  over matters concerning the trust at issue.

8  **B.    Plaintiff's Motion to Remand**

9          Plaintiff moves to remand to Orange County

10  Superior Court under 28 U.S.C. § 1334(c)(2), which provides:

11          Upon timely motion of a party in a proceeding
           based upon a State law claim or State law
12          cause of action, related to a case under title
           11 but not arising under title 11 or arising
13          in a case under title 11, with respect to
           which an action could not have been commenced
14          in a court of the United States absent
           jurisdiction under this section, the district
15          court judge shall abstain from hearing such
           proceeding if an action is commenced, and can
16          be timely adjudicated, in a State forum of
           appropriate jurisdiction.

17

18  Plaintiff contends the district court is barred from considering

19  his case because the claims at issue are not core bankruptcy

20  proceedings "arising under" or "arising in a case under title 11."

21  § 1334(c)(2).    A core proceeding case would not exist but for the

22  existence of the bankruptcy proceedings.    Doshea Dean, et al. v.

23  American General Finance, 191 B.R. 463, 468 (Bankr. M.D. Ala.

24  1996).    Since this case has nothing to do with the relationship

25  between debtors and creditors and is entirely limited to the

26  legality under California law of the actions of defendant as an

27  individual, it is not a core bankruptcy proceeding.    The "nexus"

28  between the instant action and the bankruptcy proceeding is not

6

1   one that "could directly affect the bankrupt estate" by

2   "alter[ing] the debtors' rights, liabilities, options, freedom of

3   action, or the administration of the bankrupt estate." <u>Doshea</u>

4   <u>Dean</u>, 191 B.R. at 469.  The district court lacks subject matter

5   jurisdiction in light of the mandatory abstention under §

6   1334(c)(2) because there is otherwise no federal question and the

7   parties lack diversity.

8            Alternatively, plaintiff argues the Court should

9   exercise discretionary abstention or remand on equitable grounds.

10  § 1334(c)(1) (permitting courts to abstain from actions "in the

11  interest of justice, or in the interest of comity with State

12  courts or respect for State law"); 28 U.S.C. § 1452(b) ("The court

13  to which such claim or cause of action is removed may remand such

14  claim or cause of action on any equitable ground.").  Since the

15  instant action is based on California law, plaintiff contends the

16  Court should abstain to permit the state court to resolve state

17  law matters.  Remand would serve judicial economy by having the

18  courts most familiar with California law adjudicate the case.

19           Finally, plaintiff requests the Court grant costs and

20  attorney fees.  28 U.S.C. § 1447(c) ("An order remanding the case

21  may require payment of just costs and any actual expenses,

22  including attorney fees, incurred as a result of removal.").

23  C.       **Defendant's Opposition to Motion to Remand**

24           Defendant contends plaintiff's § 1334(c)(2) mandatory

25  abstention argument is without merit, since the provisions of the

26  section are inapplicable once a case is removed to federal court.

27  <u>McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co.</u>, 285 B.R.

28  460, 475 (D. Or. 2002) (citing <u>Security Farms v. Int't Broth. Of</u>

7

1   <u>Teamsters</u>, 123 F.3d 999, 1009-10 (9th Cir. 1997)).  Section

2   1452(b), which allows district courts to remand bankruptcy-related

3   claims based on "any equitable ground," not § 1334(c)(2), is the

4   appropriate section to consider after a case has been removed to

5   district court.  <u>Id.</u>  Plaintiff makes brief reference to §

6   1452(b), but he does not argue on what equitable grounds the

7   district court should remand.  As such, the only issue raised by

8   plaintiff's remand motion is whether the district court has

9   original jurisdiction over this matter.  <u>See</u> 28 U.S.C. § 1441.

10          Defendant argues the Court has jurisdiction under §

11  1334(b), which states "district courts shall have original but not

12  exclusive jurisdiction of all civil proceedings arising under

13  title 11, or arising in or related to cases under title 11."  A

14  court need only determine whether the matter before it is at

15  minimum "related to" a bankruptcy case, since it is the broadest

16  category under § 1334(b).  <u>Pegasus Gold Corp.</u>, 394 F.3d at 1194.

17  For the reasons set forth in his motion to dismiss, defendant

18  maintains this matter is a core bankruptcy proceeding, or at

19  minimum, is related to the proceedings currently before the

20  Bankruptcy Court.  Plaintiff's motion to remand should thus be

21  denied.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

# IV.

## DISCUSSION

**A.        Defendant's Motion to Transfer Venue**

Defendant moves for transfer under either 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).  The Court finds § 1404(a) the more appropriate vehicle for consideration of this motion.[2]

### 1.   Legal Standard

A change of venue for convenience is governed by 28 U.S.C. § 1404(a), which provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "[T]he district court has discretion to 'adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'"  <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498 (9th Cir. 2000) (quoting <u>Stewart Organization, Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 23 (1988)). In conducting its analysis, a court may consider various factors in deciding whether to grant a motion to transfer, including:

> (1) [T]he location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts

---

[2] A party may bring a § 1406(a) motion where venue is laid in a "wrong" district.  <u>See</u> <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 634 (1964) ("Although both sections were broadly designed to allow transfer instead of dismissal, Section 1406(a) provides for transfer from forum in which venue is wrongly or improperly laid, whereas, in contrast, Section 1404(a) operates on the premise that the plaintiff has properly exercised his venue privilege."). Here, defendant properly removed the action to district court under 28 U.S.C. 1441(b).

with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis.

Jones, 211 F.3d at 499 (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-31. Defendant bears the burden of showing the alternative venue would be more convenient. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). Under § 1404(a), the transferor court must additionally determine whether the action initially could have been commenced in the prospective transferee court. Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985).

### 2.    The Court Grants Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a)

Pursuant to § 1404(a), the Court should examine three main considerations:  the convenience of parties and witnesses; the interests of justice; and whether the action could have been brought in the district to which transfer is sought.

#### a.    Convenience of the Parties and Witnesses

##### i.    Parties

###### 1.    Choice of Forum and Familiarity with Governing Law

Transfer is sought to the Delaware District Court, but California is plaintiff's "choice of forum." Jones, 211 F.3d at 499. Plaintiff's choice of forum is to be given deference, but it is not dispositive and is to be balanced with other relevant

1    factors.  Decker Coal Co. v. Commonwealth Edison Co., 805 U.S.

2    834, 843 (1986).  Courts, for example, should also consider the

3    forum "most familiar with the governing law."  Jones, 211 F.3d at

4    499.  Here, because the parties have multiple related proceedings

5    in Delaware, transfer of the matter to the district court there

6    for resolution is appropriate under § 1404(a).

7         Defendant contends the Bankruptcy Court has exclusive

8    jurisdiction over this matter because it is a "core" bankruptcy

9    proceeding.  The statutory grant of bankruptcy jurisdiction in the

10   federal courts extends to "all civil proceedings arising under

11   title 11, or arising in or related to a case under title 11."  28

12   U.S.C. § 1334.  Matters that "arise under" or "arise in" a case

13   under title 11 are considered "core" matters, whereas those

14   "related to" cases under title 11 are "noncore."  Gruntz, 202 F.3d

15   at 1081; see also 28 U.S.C. § 157(b)(2) (listing examples of core

16   bankruptcy proceedings).  The distinction between core and

17   noncore matters is chiefly important in identifying those matters

18   for which bankruptcy judges can enter final judgments and those

19   where they can only propose findings of fact and conclusions of

20   law to the district court judge.  Gruntz, 202 F.3d at 1081.

21        Determining the likelihood that the present matter is

22   related to the Delaware bankruptcy case informs the transfer

23   analysis because it is convenient to the parties to have

24   substantially related matters adjudicated in the same forum.  See

25   A.J. Indus., Inc. v. U.S. Dist. Court for the Central Dist. of

26   Calif., 503 F.2d 384, 389 (1974) ("[E]ven the pendency of an

27   action in another district is important because of the positive

28   effects it might have in possible consolidation of discovery and

11

1  convenience to witnesses and parties."). Having a court already

2  substantially familiar with the bankruptcy Reorganization Plan and

3  agreements rule on the extent of their applicability and the

4  nature of the rights contained therein also benefits the parties'

5  convenience interests.

6       Although the causes of action in the complaint here are

7  California law-based, the crux of the claims appears to relate to

8  entitlements and responsibilities of the parties under the

9  Reorganization Plan and related agreements approved by the

10 Bankruptcy Court.  Courts have recognized "that in cases involving

11 continuing trusts (such as litigation trusts, or as here, a

12 liquidating trust), trusts 'by their nature maintain a connection

13 to the bankruptcy court even after the plan has been confirmed.'"

14 Pegasus Gold, 394 F.3d at 1194 (quoting Resorts Intern., 372 F.3d

15 at 167).  In Pegasus Gold, the "majority of the claims asserted in

16 the complaint [were] common state tort and contract claims

17 involving post-confirmation conduct."  Id.  Nonetheless, the Court

18 of Appeals for the Ninth Circuit held the lower court's

19 determination that the claims were "related to" the bankruptcy

20 proceedings was correct because the claims would "likely require

21 the interpretation" of the bankruptcy plan and relevant

22 agreements.  Id.

23       This case bears similarities.  The complaint alleges

24 "[p]laintiff, as Trustee of End of the Road Trust, was entitled to

25 coverage, including, but not limited to, a defense against

26 liability for all actions taken as Trustee for the Trust."

27 (Compl. ¶ 5. (emphasis added))  Plaintiff claims he requested

28 fiduciary liability insurance coverage from defendant pursuant to

1  defendant's "duties as the *new Trustee* for the Trust."  (<u>Id.</u>, ¶ 8.
2  (emphasis added))  Plaintiff further alleges defendant "had a duty
3  and obligation to provide a defense . . . against the Department
4  of Labor subpoena."  (<u>Id.</u>, ¶ 12.)

5         The Trust Agreement, which created the trust in
6  question, includes the purchase and maintenance of insurance among
7  the trustee's "[m]anagement" duties.  (Sellers Decl., Ex. C, §
8  7.1.)  The Trust Agreement states that, "with respect to assets of
9  the Trust estate," the trustee is directed "[i]f sufficient funds
10 are available to purchase and maintain in existence, such
11 insurance as the Trustee deems reasonable, necessary, or
12 appropriate from time to time to protect the Liquidating Trust's,
13 the Trustee's and the Beneficial Interestholder's [sic] interests
14 in the Trust Estate."  (<u>Id.</u>, §§ 7.1, 7.1.1.)  The Trust Agreement's
15 indemnification provision applies to "civil, criminal,
16 administrative, or investigative" proceedings that may arise "by
17 reason of the fact that [the person] is or *was* a Trustee."  (<u>Id.</u>,
18 § 8.5.1. (emphasis added))

19        Accordingly, this matter appears to "aris[e] in" the
20 bankruptcy proceedings that gave rise to the liquidating trust,
21 or, at minimum, it is "related to" said proceedings.  § 1334(b).
22 Though the "arising in" category is "less clear" than the "arising
23 under" and "related to" categories, the cases in the "arising in"
24 category are considered by courts "those that are not based on any
25 right expressly created by title 11, but nevertheless, would have
26 no existence outside of the bankruptcy."  <u>In re Harris Pine Mills</u>,
27 44 F.3d 1431, 1435 (9th Cir. 1995).  Both plaintiff and defendant
28 served as trustees of the EORT as a result of the Bankruptcy

1   Court-confirmed plan.  (Sellers Decl., Ex. D.)  But for the

2   existence of the bankruptcy proceedings regarding this plan,

3   neither party would have been a trustee and the question of

4   trustee fiduciary liability insurance coverage would not exist.

5         In deciding between proper forums, Jones also instructs

6   that forum selection clauses should be accorded "significant"

7   consideration.  211 F.2d at 499.  Though there is no contract

8   directly between plaintiff and defendant with a clause agreeing to

9   a forum for resolution of disputes between them, the

10  Reorganization Plan and its related agreements contain provisions

11  expressly indicating the Bankruptcy Court should retain

12  jurisdiction over matters relating to the Reorganization Plan and

13  agreements' interpretation.  The Bankruptcy Court's September 17,

14  1998 confirmation order states, "Notwithstanding Confirmation of

15  the Plan, this Court retains jurisdiction as is provided in

16  Article 11 of the Plan."  Id., ¶ 6(d).  Article 11 of the

17  Reorganization Plan, titled "Retention of Jurisdiction," in turn

18  states the Bankruptcy Court shall retain jurisdiction to, inter

19  alia, "[r]esolve any and all controversies, suits, or issues that

20  may arise in connection with the consummation, interpretation, or

21  enforcement of the Plan or any entity's obligations incurred in

22  connection with the plan."  Id., Ex. A, p. 23.

23        The Bankruptcy Court has previously invoked the

24  Reorganization Plan's retention of jurisdiction article.  In a

25  related proceeding involving the same parties, the Bankruptcy

26  Court addressed the provisions of Article 11 in considering a

27  subject matter jurisdiction challenge.  Fruehauf Trailer Corp.,

28  369 B.R. at 827.  In that case, plaintiff Harrow, in his role as

1   trustee, brought an action against defendant Street alleging

2   breach of fiduciary duties and other misconduct during Street's

3   tenure as trustee.  Id. at 820.

4       Because the claims involved Street's actions while

5   trustee, the Bankruptcy Court concluded the "adversary proceeding

6   is closely tied to the execution and administration of the Plan

7   and the Liquidating Trust Agreement so that there is clearly a

8   sufficiently close nexus between [the] proceeding and the Fruehauf

9   bankruptcy case to warrant the exercise of post-confirmation

10  'related to' jurisdiction."  Id. at 828.  The court noted "Street

11  was responsible for the formulation of the [Reorganization] Plan,"

12  including Article 11.  Id. at 827.  As such the court stated its

13  "exercise of jurisdiction is not only warranted, but was

14  explicitly agreed to by Street."  Id.  Though Article 11 cannot

15  "artificially" create jurisdiction, the court stated the provision

16  is still "proof of a close nexus between the claims and the

17  bankruptcy case."  Id. (quoting EXDS, Inc. v. CB Richard Ellis,

18  Inc. (In re EXDS, Inc.), 352 B.R. 731, 735 (Bankr. D. Del. 2006)).

19  The court concluded the "close nexus" between the cases made it,

20  at minimum, "related to" the bankruptcy proceeding.  Id. at 828.[3]

21      The Employment Agreement between the EORT and plaintiff,

22  which was adopted pursuant to the Trust Agreement, also contains

23  language supportive of Delaware as the preferred forum for

24  adjudication of matters related to plaintiff's trusteeship.  It

25

26  _____

27      [3] The Bankruptcy Court did not reach the question whether
    the matter was a core bankruptcy matter "arising under," or
    "arising in" a case under, Title 11.  Fruehauf Trailer Corp., 369

28  B.R. at 821 n.2.

1  states, for example, that "[a]ny dispute or controversy arising

2  under or in connection with this Agreement shall be settled

3  exclusively by the Bankruptcy Court." (Declaration of Sarah E.

4  Doerr ("Doerr Decl."), Ex. A, p.7.) The Employment Agreement

5  further states: "The validity, interpretation, construction, and

6  performance of this Agreement shall be governed by the laws of the

7  State of Delaware without regard to its conflicts of law

8  principals [sic]." (<u>Id.</u>)

9         The instant case involves the same Reorganization Plan

10  and Trust Agreement at issue in <u>Fruehauf Trailer Corp</u>. The

11  court's decision in <u>Fruehauf Trailer Corp</u> finds support in the

12  holdings of other courts. In the Ninth Circuit, courts have held

13  that when a complaint contains "no substantive bankruptcy law

14  issues," the "mere fact that a bankruptcy degree has issued" does

15  not require "that any and all further proceedings be in the

16  bankruptcy court." <u>Birting Fisheries</u>, 300 B.R. at 501 (quoting

17  <u>Hinduja v. Arco Prods. Co.</u>, 102 F.3d 987, 989-90 (9th Cir. 1996).

18  However, <u>Birting Fisheries</u> also limited the instances where

19  bankruptcy-related proceedings are appropriately before state

20  courts to those occasions "where jurisdiction has not been

21  reserved," among other factors. <u>Id.</u> Though the instant case is

22  now before the district court, <u>Birting Fisheries</u> is nonetheless

23  instructive. Because the Reorganization plan and its related

24  agreements - those under which plaintiff acquired the position

25  which he now claims entitles him to insurance coverage - indicate

26  the Delaware courts should be the locus for adjudicating matters

27  related to said agreements, plaintiff's "choice of forum" is

28  fairly accorded less weight. <u>Jones</u>, 211 F.3d at 499.

1    In sum, the District Court for the Central District of

2    California likely has more experience than the Delaware District

3    Court in adjudicating California law claims generally, and

4    plaintiff's original filing in state court indicates his choice of

5    forum is California.  However, in light of the significant

6    interest in having the Delaware Bankruptcy Court decide actions

7    likely arising in, but at minimum, related to, the bankruptcy

8    proceedings involving these parties, this factor favors transfer

9    to the District of Delaware.

10                   **2.   Contacts with Selected Forum and**

11                        **Location of Relevant Agreements**

12    Both plaintiff and defendant have "contacts" with

13    California, since they are residents of the state.  <u>Jones</u>, 211

14    F.3d at 499.  The EORT, to which they have both served as

15    trustees, also has its principal offices located in California.

16    ("Doerr Decl., Ex. A, p. 1.)  The trust, however, was created

17    under Delaware law to hold the former assets of Fruehauf Trailer

18    Corporation, a Delaware corporation.  (Sellers Decl., Ex. F, ¶ 2).

19    The relevant "agreements" in this case include the Reorganization

20    Plan and the Trust Agreement adopted pursuant to its terms.  These

21    agreements were confirmed by the Delaware Bankruptcy Court, which,

22    as evidenced by Article 11 of the Reorganization Plan, appears to

23    have been chosen as the preferred forum for adjudication of

24    related matters.  (Sellers, Ex. A, p. 23.)  Thus, while the

25    parties are physically located in California, their role as

26    trustees also indicates contacts with Delaware.

27    It is also noteworthy that, along with the bankruptcy

28    proceeding that gave rise to the EORT, the parties presently are

1 involved in other legal proceedings in Delaware involving the

2 Reorganization Plan and Trust Agreement.  As mentioned above,

3 defendant initiated an adversary proceeding against plaintiff

4 alleging breach of fiduciary duties and other misconduct during

5 his tenure as trustee.  Fruehauf Trailer Corp., 369 B.R. at 820.

6 Plaintiff has filed a counterclaim with his answer, seeking

7 indemnification under the Trust Agreement for expenses associated

8 with the litigation.  (Sellers Decl., Ex. H, p. 29)  Also, on

9 January 9, 2007, plaintiff filed a petition for Advancement and

10 Indemnification in the Delaware Court of Chancery, which also

11 involves, in part, the DOL investigation at issue in the instant

12 complaint.  (Sellers Decl., Ex. F, ¶ 13.)

13      Not only did the relevant "agreements" emerge from the

14 Delaware bankruptcy proceedings, plaintiff's availing himself of

15 the proposed transferee district tends to show the forum is not

16 inconvenient to him, despite the contacts he and the defendant

17 have with California.

18                **3.    Other Factors**

19      The existence of pending legal proceedings involving the

20 parties - including at least one entirely initiated by plaintiff,

21 as described above - militates against a finding that the

22 "differences in the costs of litigation in the two forums," "the

23 availability of compulsory processes to compel attendance of

24 unwilling witnesses," and the "the ease of access to sources of

25 proof" disfavor transfer to the Delaware District Court.  Jones,

26 211 F.3d at 499.

27 //

28 //

### ii. Witnesses

Though the convenience of parties should is an important factor, the convenience of nonparty witnesses is often recognized as the most important consideration in deciding a § 1404(a) motion. <u>Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League</u>, 89 F.R.D. 497, 501 (C.D. Cal. 1981); <u>see also</u> <u>Saleh v. Titan Corp.</u>, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005).  The Court should consider not merely the number and location of each party's witnesses, but also the materiality and importance of the witnesses' testimony.  <u>Saleh</u>, 361 F. Supp. 2d at 1161.

Based on the facts in the complaint, this action chiefly involves communications between the insurance provider, plaintiff, defendant, and counsel for all parties.  Aside from the insurance provider and its counsel, no other nonparty witnesses have been identified by the parties as potential sources of testimony. Since the statements on which plaintiff bases his claims appear in correspondence prepared by insurance provider's counsel and reflects decisions made by the insurance provider, their testimony interpreting the correspondence is likely to be both material and important.  Courts, however, typically give little to no weight to inconvenience posed to counsel. <u>See</u> <u>Fodor v. Berglas</u>, 1994 WL 822477, *8 (C.D. Cal. Dec. 27, 1994); <u>Burstein v. Applied Extrusion Technologies, Inc.</u>, 829 F. Supp. 106, 112 (D. Del. 1992).  The Court thus limits its nonparty witness inquiry to potential testimony on behalf of the insurance provider.  Because the insurance provider, conducts business on a national scale, including Delaware, the inconvenience it may experience from transferring venue will likely be minimal.  The parties, however,

1    have provided no evidence in this regard.  In light of the absence

2    of evidence of inconvenience to the insurance provider and the

3    overwhelming interest in having this matter transferred to the

4    forum where the Bankruptcy Court overseeing the Reorganization

5    Plan is located and where the parties are presently litigating

6    related matters, this factor does not militate against transfer to

7    the Delaware District Court.

8                          **b.    Interest of Justice**

9              The broad "interest of justice" factor of § 1404(a) is

10   often regarded as encompassing, among other things, considerations

11   of judicial economy and efficiency.  See Stewart Organization, 487

12   U.S. at 30 (including "systemic integrity and fairness" in the

13   1404(a) "interest of justice" factor); cf. Ferens v. John Deere

14   Co., 494 U.S. 516, 532 (1990) ("[T]o permit a situation in which

15   two cases involving precisely the same issues are simultaneously

16   pending in different District Courts leads to the wastefulness of

17   time, energy and money that § 1404(a) was designed to prevent.").

18   As discussed above, the present case appears to arise in, or at

19   minimum, is related to, the Delaware Bankruptcy Court proceedings.

20   It is in the interest of justice to transfer the matter to the

21   district court empowered to refer the matter to the Bankruptcy

22   Court, which is already substantially familiar with the parties

23   and their respective duties and entitlements under the approved

24   Reorganization Plan and Trust Agreement.  As defendant asserts,

25   retaining the matter in this Court risks creating inconsistent

26   rulings on the duties and entitlements of the parties under the

27   same Reorganization Plan and Trust Agreement.

28   //

        **c.    Whether Action Might Have Been Brought in**

               **Delaware District Court**

     "In determining whether an action 'might have been brought' in a district, the court looks to whether the action could have been commenced in that district." Hatch, 758 F.2d at 414. Merely because a plaintiff "choos[es] not to" begin the action in the district does not mean the action could not have been brought in the district. Id. Plaintiff could have brought this claim in the District of Delaware pursuant to the provisions of 28 U.S.C. § 1334(b). As established above, the present action appears to "arise in" the Delaware bankruptcy proceeding. Moreover, the retention of jurisdiction provisions in the Reorganization Plan and related agreements suggest the Bankruptcy Court would have exercised jurisdiction over plaintiff's claims had he brought them in that forum.

**B.      Plaintiff's Motion to Remand**

    **1.    Legal Standard**

     A suit may be removed to federal court by the defendant if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a). A "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). A well pleaded complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Upon a motion to remand by

1  plaintiff, defendant bears the burden of establishing proper

2  removal and federal jurisdiction.  Gaus v. Miles Inc., 980 F.2d

3  564, 566 (9th Cir. 1992).  The removal statute is strictly

4  construed against removal jurisdiction and any doubt is resolved

5  in favor of remand.  Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir.

6  1988).

7        **2.  Plaintiff's Motion to Remand is Denied**

8        Despite plaintiff's argument to the contrary, defendant

9  correctly asserts once a case is removed to federal court

10  mandatory abstention under § 1334(c)(2) is no longer applicable.

11  Security Farms, 123 F.3d at 1009-10; see also In re Lazar, 237

12  F.3d 967, 981 (9th Cir. 2001).  Under Ninth Circuit law, § 1334(c)

13  "should be read in pari materia with section 1452(b) remand, so

14  that § 1334(c) applies only in those cases in which there is a

15  related proceeding that either permits abstention in the interest

16  of comity, section 1334(c)(1), or that by legislative mandate,

17  requires it, section 1334(c)(2)."  Security Farms, 123 F.3d at

18  1010 (citations omitted).  Once a case is removed, "no other

19  related state proceeding thereafter exists."  Lazar, 237 F.3d at

20  981.

21        The instant case is no different.  Once defendant

22  removed the case to district court on July 19, 2007, the state

23  case ceased to exist.  This principle applies both to § 1334(c)(1)

24  and § 1334(c)(2).  Lazar, 237 F.3d at 982.  Thus, plaintiff's

25  alternative argument requesting the Court exercise its

26  discretionary authority to abstain under § 1334(c)(1) is similarly

27  inapplicable.

28        In the interests of comity and in having California law

1    claims adjudicated by California courts, plaintiff lastly requests

2    the Court remand on equitable grounds under § 1452(b).  Courts

3    have held comity and the predominance of state law issues in a

4    case are among the equitable grounds a Court should consider under

5    § 1452(b).  See Williams v. Shell Oil Co., 169 B.R. 684, 692-93

6    (S.D. Cal. 1994).  As discussed above, however, the instant action

7    appears to be a core bankruptcy proceeding because it appears to

8    "aris[e] in" or is related to a case under Chapter 11 in the

9    Delaware Bankruptcy Court.   § 1334(c)(2).  Though the causes of

10   action in the complaint are based on state law, this case, as

11   discussed above, will likely turn on the interpretation of the

12   parties' entitlements and duties under the Reorganization Plan and

13   Trust Agreement.  (Sellers Decl., Exs. B, C.)  Because the

14   Delaware Bankruptcy Court, which could hear the case upon transfer

15   to the Delaware District Court, is in the best position to

16   interpret the duties of the trustees under the Reorganization Plan

17   and Trust Agreement, it is not offensive to the principles of

18   comity to have that court, rather than the California court,

19   consider the matter.

20        In light of the Court's granting of defendant's motion

21   to transfer venue and these considerations, plaintiff's motion to

22   remand is denied.

23   //

24   //

25   //

26   //

27   //

28   //

1        3.    **Plaintiff's Request for Costs, Expenses, and**

2              **Attorney Fees is Denied**

3        Under 28 U.S.C. § 1447(c), "[a]n order remanding the

4   case may require payment of just costs and any actual expenses,

5   including attorney fees, incurred as a result of the removal."

6   Because the motion to remand is denied, plaintiff's request for

7   costs, expenses, and attorney fees is likewise denied.

8                              **v.**

9                          **CONCLUSION**

10       For the foregoing reasons, the Court grants defendant's

11  Motion to Transfer Venue to the United States District Court for

12  the District of Delaware, and denies plaintiff's Motion to Remand.

13       IT IS SO ORDERED.

14       IT IS FURTHER ORDERED that the Clerk shall serve a copy

15  of this Order on counsel for all parties in this action.

16       DATED:    November 28, 2007.

17

18                              ALICEMARIE H. STOTLER
                                ─────────────────────────
19                              ALICEMARIE H. STOTLER
                                CHIEF U.S. DISTRICT JUDGE

20

21

22

23

24

25

26

27

28