FILED

1  Scott E. Blakeley (State Bar No. 141418)
   E-Mail: seb@bandblaw.com
2  Bradley D. Blakeley (State Bar No. 189756)
   BLAKELEY & BLAKELEY LLP
3  1000 Quail Street, Suite 200
4  Newport Beach, CA 92660
   Telephone: (949) 260-0611
5  Facsimile: (949) 260-0613

2007 JUL 19  PM 12: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

6  Attorneys for Defendant,
7  Daniel Harrow

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                      SOUTHERN DIVISION

                                        **SACV07-829JVS (ANx)**
11  CHRISS STREET,                      CASE NO. _____

12                 Plaintiff,           **NOTICE OF REMOVAL OF CIVIL
13  v.                                  ACTION TO FEDERAL COURT**

14  DANIEL HARROW, DOES 1 through 25,
15  inclusive,

16                 Defendants.

17

18
19  **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO**

20  **PLAINTIFF, CHRISS STREET, AND HIS COUNSEL OF RECORD HEREIN:**

21      **PLEASE TAKE NOTICE** that defendant Daniel Harrow ("Defendant"),

22  hereby removes to this Court the state court action described below.

23      1.      On July 12, 2007, an action commenced in the Superior Court for

24  the State of California in and for the County of Orange, entitled <u>Chriss Street v.</u>

25  <u>Daniel Harrow</u>, as Case Number 07-CC-07845 ("Action").

26      2.      The complaint and summons were served upon the Defendant. A

27  true and correct copy of said complaint is attached hereto as Exhibit A.

DOCKETED ON CM

28  _____
    **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

                                JUL  0 2007
    *Ntc of Removal v2.1*          **ORIGINAL**
                                        BY _____ 178

3.      The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1441(b) in that it is arises under 28 U.S.C. § 1334(b) and 28 U.S.C. § 1452(a) and is related to U.S. Bankruptcy Court (Dist. Delaware) Case No. 96-1563 (PJW).

4.      Plaintiff, Chriss Street, and Defendant in the Action are, respectively, the former and present Trustee of the End of the Road Trust, which "is a liquidating trust established under the laws of Delaware, pursuant to a plan of reorganization." Exh. A (Complaint ¶¶ 1-4, 7-10). The allegations asserted in this Action arise out of and relate to U.S. Bankruptcy Court (Dist. Delaware) Case No. 96-1563 (PJW).[1]

5.      After removal, Defendant will promptly move to transfer the Action to U.S. Bankruptcy Court (Dist. Delaware) Case No. 96-1563 (PJW). Defendant is also concurrently filing a copy of this notice with the Superior Court for the State of California in and for the County of Orange where the Action is pending.

6.      The Action is a core bankruptcy proceeding.

7.      Defendant consents to entry of final orders or judgment by U.S. Bankruptcy Court (Dist. Delaware) Case No. 96-1563 (PJW).

Dated: July/8, 2007                          BLAKELEY & BLAKELEY LLP

By_____
                                        Bradley D. Blakeley
                                        Attorneys for Defendant,
                                        Daniel Harrow

---

[1] This is the second suit involving the same parties, but different facts. The first action filed by plaintiff, Chriss Street, was removed from State Court on April 28, 2006, to the Central District of California, Southern Division, Honorable Alicemarie H. Stotler presiding. On May 22, 2006, defendant Daniel Harrow, filed a motion to transfer venue to the Federal Court in the District of Delaware. On July 27, 2006, Chriss Street dismissed the complaint against Daniel Harrow.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DANIEL HARROW, DOES 1 thru 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHRISS STREET

| |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>JUL 12 2007<br><br>ALAN SLATER, Clerk of the Court<br><br>BY:_____J. TRAN_____, DEPUTY |

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desee que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court | ORANGE COUNTY SUPERIOR COURT<br>UNLIMITED JURISDICTION - CIVIL<br>700 CIVIC CENTER DR. WEST<br>P. O. BOX 838<br>SANTA ANA, CA 92702-063 | **CASE NUMBER:**<br>*(Número del Caso):* 07CC07845<br><br>JUDGE WILLIAM M. MONROE<br>DEPT. C11 |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Phillip B. Greer, Esq.  1280 Bison Road  B9-531  Newport Beach, California  92660  (949) 640-8911

| DATE:<br>*(Fecha)* | ALAN SLATER | Clerk, by JOSEPH TRAN | , Deputy |
|---|---|---|---|
| | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☑ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify)*:<br><br>3. ☐ on behalf of *(specify)*:<br><br>under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)<br>       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>       ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)<br>       ☐ other *(specify)*:<br>4. ☐ by personal delivery on *(date)*: |
|---|---|

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.  www.USCourtForms.com |
|---|---|---|

1  PHILLIP B. GREER
   LAW OFFICES OF PHILLIP B. GREER
2  1280 Bison Road  B9-531
   Newport Beach, California
3  92660
   (949) 640-8911
4  (949) 759-7687

5  Attorney for Plaintiff

6

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 1 2 2007

ALAN SLATER, Clerk of the Court

BY: ____J. TOAN____, DEPUTY

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                      FOR THE COUNTY OF ORANGE

9

10  CHRISS STREET,                    )  Case No.: ⬛ 7 C C 0 7 8 4 5
                                      )
11          Plaintiff,                )  COMPLAINT FOR DAMAGES FOR
                                      )
12      vs.                           )     1. Breach of Contract
                                      )     2. Fraud
13  DANIEL HARROW and Does 1 thru 25  )     3. Intentional Interference with
                                      )        Economic Relations
14  inclusive,                        )     4. Negligent Interference with
                                      )        Economic Relations
15          Defendant                 )     5. Conspiracy
                                      )
16                                    )
                                      )  JUDGE WILLIAM M. MONROE
17                                    )         DEPT. C11
                                      )
18                                    )
                                      )
19  _____

20      Plaintiffs allege:

21      1. Plaintiff, Chriss Street, is, and at all times mentioned herein was, a resident of

22          the County of Orange, State of California.

23      2. Defendant, Daniel Harrow, is, and at all times mentioned herein was, a

24          resident of the State of California.

25

COMPLAINT FOR DAMAGES - 1

1    3. The true names and capacities of Defendant sued herein as Does 1 thru 25,

2       inclusive, whether individual, corporate, associate or otherwise, are unknown

3       to Plaintiffs at this time and, therefore, Plaintiffs sue said Defendants by such

4       fictitious names. Plaintiff will amend this complaint to show the true names

5       ·and capacities of said Defendants when same are ascertained. Plaintiff is

6       informed and believes, and thereon alleges, that said Defendants, and each

7       of them, are responsible in some manner for the acts and/or damages alleged

8       herein.

9    4. From approximately July 1996 to the end of August, 2005, Plaintiff served as

10      the Trustee for the End of the Road Trust.

11   5. From approximately July 17, 2005 to July 17, 2006, Plaintiff was covered by a

12      policy of Fiduciary Liability Insurance issued by Arch Specialty Insurance

13      Company, policy No. FDC00090600. Pursuant to said policy, Plaintiff, as

14      Trustee of End of the Road Trust, was entitled to coverage, including, but not

15      limited to, a defense against liability for all actions taken as Trustee for the

16      Trust.

17   6. On or about August 19, 2005, Plaintiff, was served with a subpoena by the

18      United States Department of Labor in his capacity as the Trustee of the End

19      of the Road Trust.

20   7. On or about August 19, 2006, Plaintiff, pursuant to his voluntary resignation

21      as Trustee was replaced as Trustee of the End of the Road Trust by

22      Defendant, Daniel Harrow.

23   8. Pursuant to the terms and conditions of the policy of fiduciary liability

24      insurance, Plaintiff tendered the defense of the United States Department of

25      Labor subpoena to Defendant, Daniel Harrow for processing pursuant to his

COMPLAINT FOR DAMAGES - 2

5

1    duties as the new Trustee for the Trust. Subsequent to the tender of the

2    defense of the Department of Labor subpoena to Mr. Harrow, Plaintiff was

3    informed that there was no coverage and that Plaintiff would have to defend

4    the subpoena personally. At the time Defendants, and each of them, informed

5    · Plaintiff of the denial of coverage by Arch, Plaintiff was unaware of what, if

6    any, information had been provided to Arch and what, therefore, was the

7    basis for the denial of coverage.

8    9.  Plaintiff has defended, and continues to defend, the subpoena and

9    subsequent actions of the United States Department of Labor as they relate

10   to Plaintiff's tenure as Trustee of the End of the Road Trust without the

11   assistance mandated by the policy of insurance.

12   10. On or about March, 2007, Plaintiff discovered, pursuant to a review of

13   documents unearthed in responding to unrelated actions by the End of the

14   Road Trust, correspondence dated April 13, 2006, from attorneys

15   representing Arch Specialty Insurance Company to counsel for Defendant

16   Harrow detailing the basis for the denial of a defense to Plaintiff in regard to

17   the Department of Labor matter. Pursuant to the correspondence, a copy of

18   which is attached hereto as Exhibit "A", certain responses provided by Mr.

19   Harrow, in response to inquiries made by Arch to determine coverage, were

20   "false when made." (Exhibit A, page Six, paragraph 1). The correspondence

21   goes on to state that Mr. Harrow, as the Trustee, "may have made additional

22   misrepresentations relating to the nature of the Trust's business." (Exhibit A,

23   page Six, paragraph 2).

24

25

1 | FIRST CAUSE OF ACTION

2 | (Breach of Contract Against All Defendants)

3 |

4 | 11. Plaintiffs repeat and reallege each and every allegation in Paragraphs One

5 | thru Nine as if fully set forth herein.

6 | 12. Defendants, and each of them, knew that pursuant to the policy of insurance

7 | issued by Arch, both Arch and Defendants, and each of them, had a duty and

8 | obligation to provide a defense for Plaintiff against the Department of Labor

9 | subpoena. Furthermore, Defendants, and each of them, knew thatArch's

10 | coverage position would be dependent upon the information provided by

11 | Defendants, and each of them, as requested by Arch in making its coverage

12 | decision. Pursuant to the policy of fiduciary liability insurance issued by Arch,

13 | Defendants, and each of them, had a duty to provide accurate and truthful

14 | information to Arch.

15 | 13. Plaintiff has performed all conditions on his part to be performed pursuant to

16 | said agreement with the exception of those conditions whose non-

17 | performance is excused by the conduct of Defendants, and each of them, as

18 | herein described and alleged.

19 | 14. Defendants, and each of them, breached said agreement by failing to provide

20 | all necessary and appropriate information in a truthful and accurate manner to

21 | Arch so as to allow Arch to conclude that it had a duty to provide a defense to

22 | Plaintiff in regard to the Department of Labor subpoena and subsequent

23 | related actions.

24 | 15. As a direct and proximate result of the breaches by Defendants, and each of

25 | them, Plaintiff was forced to provide, and continues to provide, a personal

COMPLAINT FOR DAMAGES - 4

1  defense to the subpoena and related actions of the Department of Labor, all

2  to his damage in an amount to be proven at the time of trial.

3

4  SECOND CAUSE OF ACTION

5  (Fraud Against All Defendants)

6  16. Plaintiff repeats and realleges each and every allegation in Paragraph One

7  thru Fifteen as if fully set forth herein.

8  17. As hereinabove described, Defendants, and each of them, represented to

9  Plaintiff that they would provide a defense to each and every action taken by

10  Plaintiff during his tenure as Trustee of the End of the Road Trust. Defendant,

11  and each of them, further represented to Plaintiff that they would provide Arch

12  with honest and accurate information as to any and all claims made pursuant

13  to said policy.

14  18. The representations made by Defendants, and each of them, were false and

15  Defendants, and each of them, had no reasonable grounds for believing them

16  to be true. The facts were that Defendants, and each of them, knew or should

17  have known that they had not properly processed the application of Plaintiff,

18  had not provided Arch with all necessary, appropriate, honest and accurate

19  information so as to allow Arch to provide a defense and, in fact, provided

20  Arch with false and misleading information as to the nature and extent of the

21  claim.

22  19. At the time Defendants, and each of them, made the aforementioned

23  representations, Plaintiff reasonably relied upon them and believed them to

24  be true. In reliance upon those representations, Plaintiff did not immediately

25  seek alternative means of defending against the subpoena and subsequent

COMPLAINT FOR DAMAGES - 5

1    actions of the Department of Labor subpoena. Had Plaintiff known the true

2    facts, Plaintiff would not have relied upon the actions and representations of

3    Defendants, and each of them, as herein described .

4    20. Plaintiff has been damaged as a result of the fraudulent misrepresentations of

5    Defendants, and each of them, in that Plaintiff has had to incur considerable

6    legal and related expenses in defending himself against the Department of

7    Labor subpoena and related actions. Plaintiff furthermore has been put into a

8    compromising position exposing Plaintiff to the potential of considerable and

9    unnecessary liability in regard to the Department of Labor subpoena and

10    related actions due to the fact that Defendants, and each of them, have

11    denied Plaintiff access to all necessary and appropriate books, records, files

12    and other information as requested by the United States Department of

13    Labor. Plaintiff does not yet know the full extent and true amount of damages

14    suffered as a result of the fraudulent misrepresentations of Defendants, and

15    each of them, and will seek leave to amend this compliant when the full

16    amount of damages is ascertained.

17    21. Defendants, and each of their, actions, in fraudulently misrepresenting the

18    true facts and their true intentions, were intentional and done for the purpose

19    of inducing plaintiff to take the actions hereinabove described and, therefore,

20    Plaintiff is entitled to punitive and exemplary damages in an amount to be

21    determined at trial.

22

23

24

25

1

2                                  THIRD CAUSE OF ACTION

3        (Intentional Interference with Economic Relationship Against all Defendants)

4

5        22. Plaintiff repeats and realleges each and every allegation in Paragraphs One

6            thru Sixteen, inclusive, as if fully set forth herein.

7        23. Defendants, and each of them, knew of the above described relationship

8            between Plaintiff and the Arch Specialty Insurance Company in that

9            defendants, and each of them, had copies of the insurance policy in question

10          and provided information to Arch during Arch's investigation of the claim.

11      24. On or about  August 19, 2005, and continuing thereafter, defendants, and

12          each of them, continued to falsely represent to Plaintiff that they were

13          pursuing coverage pursuant to the policy of insurance issued by Arch and

14          that, as a result, Plaintiff would enjoy the benefits of that policy of insurance.

15          Defendants, and each of them, made these representations not only to

16          Plaintiff but to third parties as well.

17      25. On or about February, 2006, the Arch denied coverage under the policy of

18          insurance as a result of the misrepresentations, falsehoods and breaches

19          made by Defendants, and each of them.

20      26. As a proximate result of defendants, and each of their, conduct, and the

21          denial of coverage pursuant to the policy of fiduciary liability insurance in

22          place at the time, plaintiff has suffered damages in an amount to be proven at

23          trial.

24

25

1   27. The aforementioned acts of defendants, and each of them, were willful,

2        oppressive, fraudulent and malicious. Plaintiff is therefore entitled to punitive

3        damages.

4

5                          FOURTH CAUSE OF ACTION

6        (Negligent Interference with Economic Relationship Against All Defendants)

7

8   28. Plaintiff repeats and realleges each and every allegation in Paragraphs One

9        thru Twenty Seven, inclusive, as if fully set forth herein.

10  29. Defendants, and each of them, were informed when they agreed to provide

11       fiduciary liability insurance that their failure to cooperate with Arch in its

12       investigation into the claim, its failure to provide honest and accurate

13       information and its failure to make all regarding a claim available to Plaintiff

14       and Arch would cause Plaintiff to lose the benefits and advantages of the

15       policy of insurance and cause Plaintiff to be exposed to liability for acts

16       engaged in while Trustee of the End of the Road Trust, acts which should

17       have been covered pursuant to the policy of insurance.

18  30. Defendants, and each of them, nevertheless negligently failed to provide Arch

19       with truthful and accurate information regarding the claim in a timely manner,

20       failed to cooperate with Arch and failed to provide Arch and Defendant with all

21       relevant information.

22  31. As a result of defendants, and each of their, negligence, plaintiff was denied

23       coverage despite the existence of the policy of insurance, all to his damage in

24       an amount to be proven at trial.

25

1

2                    FIFTH CAUSE OF ACTION

3                 (Conspiracy Against All Defendants)

4

5    32. Plaintiff repeats and realleges each and every allegation in Paragraphs One

6         thru Thirty One, inclusive, as if fully set forth herein.

7    33. On or about August 2005, and continuing thereafter, Defendants, and each of

8         them, knowingly and willingly conspired and agreed among themselves to

9         withhold pertinent, honest and accurate information to both Arch and Plaintiff

10        and instead provided false, misleading and fraudulent information to Arch

11        Specialty Insurance Company so as to manipulate Arch's investigation of the

12        Department of Labor's subpoena and related activities, resulting in the denial

13        of coverage for Plaintiff in regard to the United States Department of Labor

14        subpoena, and related activities, pursuant to the policy of fiduciary liability

15        insurance issued by Arch.

16   34. Pursuant to Exhibit A, attached hereto, Defendants, and each of them

17        provided Arch with false and misleading information so as to have Arch deny

18        coverage pursuant to the policy of insurance.

19   35. Defendants, and each of them, did the acts and things herein alleged

20        pursuant to, and in furtherance of, the conspiracy and above alleged

21        agreement.

22   36. Plaintiff is informed and believes and thereon alleges that the last overt act in

23        pursuance of the above described conspiracy occurred on or about April 13,

24        2006 on which date defendants, and each of them continued to provide Arch

25        with false and misleading information.


COMPLAINT FOR DAMAGES - 9


12

1   37. Plaintiff did not know of the conspiracy as hereinabove described until on or

2        about March 2007 when, pursuant to a review of documents heretofore

3        unavailable, Plaintiff discovered the correspondence identified as Exhibit A

4        hereto. Since said information was in the possession of Defendants, and each

5        of them, until such time as Plaintiff discovered said correspondence pursuant

6        to discovery requests in another matter involving the End of the Road Trust,

7        plaintiff had no reason or ability to determine the existence of said

8        documents.

9   38. As a proximate result of the wrongful acts herein alleged, Plaintiff has been

10       generally damaged in an amount to be determined at trial.

11  39. In doing the things herein alleged, defendants, and each of them, acted with

12       malice, oppression and fraud, willfully and with the intent to cause injury to

13       Plaintiff. Defendants were therefore guilty of malice, oppression and fraud in

14       conscious disregard of Plaintiff's rights, thereby warranting an assessment of

15       punitive damages in an amount appropriate to punish defendants and deter

16       others from engaging in similar misconduct.

17

18  WHEREFORE, Plaintiff prays judgment against Defendants, and each of them,

19  as follows:

20  FIRST CAUSE OF ACTION

21  1.  For general damages in an amount to be proven at trial

22  2.  For special damages in an amount to be proven at trial

23  SECOND CAUSE OF ACTION

24  3.  For general damages in an amount to be proven at trial

25  4.  For special damages in an amount to be proven at trial

1    5. For punitive or exemplary damages in an amount to be proven at trial

2

3    THIRD CAUSE OF ACTION

4    6. For general damages in an amount to be proven at trial

5    7. For special damages in an amount to be proven at trial

6    8. For punitive or exemplary damages in an amount to be proven at trial

7

8    FOURTH CAUSE OF ACTION

9    9. For general damages in an amount to be proven at trial

10   10. For special damages in an amount to be proven at trial

11

12   FIFTH CAUSE OF ACTION

13   11. For general damages in an amount to be proven at trial

14   12. For special damages in an amount to be proven at trial

15   13. For punitive or exemplary damages in an amount to be proven at trial

16

17   ALL CAUSES OF ACTION

18   14. For attorney fees and costs incurred herein

19   15. For such other and further relief as the Court deems just and proper

20

21   Dated this 15th day of June, 2007

22

23                                          PHILLIP B. GREER
                                            Attorney for Plaintiff
24                                          Chriss Street

25

COMPLAINT FOR DAMAGES - 11



# TUCKER ELLIS & WEST LLP

### ATTORNEYS AT LAW

One Market Street  Steuart Tower  Suite 1300  San Francisco, California  94105
phone 415.617.2400  fax 415.617.2409  tuckerellis.com

Direct Dial: 415.617.2224
Email: Kwest@tuckerellis.com

April 13, 2006

### VIA CERTIFIED MAIL & E-MAIL

Ali M.M. Mojdehi, Esq.
Baker & McKenzie LLP
101 West Broadway, Twelfth Floor
San Diego, California 92101-3890

| Re: | Insured: | Pension Transfer Corporation/End of the Road Trust |
|-----|----------|---------------------------------------------------|
| | Insurer: | Arch Specialty Insurance Company |
| | Policy: | Fiduciary Liability Insurance |
| | Policy No.: | FDC00090600 |
| | Policy Period: | July 17, 2005 to July 17, 2006 |
| | Ref. Nos. | Arch: 20675 |
| | | TEW: 10177/00005 |
| | Claim: | DOL Subpoena to Chriss W. Street |

Dear Mr. Mojdehi:

Our firm has been retained to represent the interests of Arch Specialty Insurance
Company ("Arch") in connection with the August 19, 2005, Department of Labor ("DOL")
subpoena ("the DOL Subpoena") issued to Chriss W. Street ("Street"), former Trustee of End of
the Road Trust ("the Trust"). The DOL Subpoena was reported to Arch under Fiduciary Liability
Insurance Policy No. FDC000990600 ("the Policy"). We write to respond to your letter to Arch
dated January 31, 2006.

We have carefully re-examined the provisions of the Policy in light of your
correspondence. While Arch has modified certain of its positions, it continues to appear that the
Policy would not afford coverage for any loss to Street or the Trust arising from the DOL
Subpoena. In addition, Arch has identified additional coverage issues which otherwise could
serve to preclude or limit coverage. Such coverage issues also are discussed herein.

# TUCKER ELLIS & WEST LLP

### ATTORNEYS AT LAW

Ali M.M. Mojdehi
Baker & McKenzie LLP
*Re:  Pension Transfer Corporation/End of the*
      *Road Trust/DOL Subpoena to Street*
April 13, 2006
Page 2


## RESPONSE TO JANUARY 31, 2005 LETTER

### A.    Arch's Communications with Mr. Street

     We acknowledge your concern with regard to the Policy's notice provisions given the
replacement of Street by Daniel W. Harrow ("Harrow") as the current Trustee and sole
authorized representative of the Named Corporations (*i.e.*, Pension Transfer Corporation and/or
End of the Road Trust), effective August 2, 2005. However, your contention that the October 19,
2005 letter from Street's attorney (Joseph C. Faucher), as well as Arch's Response, "are in
abrogation of the essential terms and conditions of the Policy" is an exaggeration under the
circumstances. Street is an Insured Person under the Policy, a point which you appear ready to
concede.

     Nevertheless, Arch regrets this oversight and Mr. Harrow's delayed receipt of Arch's
November 18, 2005 letter. In the future, we will direct all communications to you and/or Mr.
Harrow. As you may already know, on March 22, 2006, Arch issued coverage correspondence to
Donald Sheetz in connection with his December 12, 2005 notice to Arch involving the action
styled *Double A Trailer Sales, Inc. v. Chriss W. Street, et al.* ("the *Double A* Action"). We
understand that Mr. Sheetz and Mr. Harrow have discussed the *Double A* Action and that Mr.
Harrow was aware that Mr. Sheetz would be reporting the *Double A* Action to Arch.

### B.    The DOL Subpoena is a Potential Claim

     After further consideration, Arch is now of the view that the DOL Subpoena is not a
Claim as initially asserted. However, we have considered whether the subpoena is a potential
Claim. In relevant part, Section VII of the Policy states that:

> If during the Policy Period the Insureds shall become aware of any
> circumstances which may reasonably be expected to give rise to a
> Claim being made against an Insured and shall give written notice
> to the Insurer of the circumstances, the anticipated allegations of
> Wrongful Act(s) and the reasons for anticipating such a Claim,
> with full particulars as to dates, persons and entities involved, then
> a Claim which is subsequently made against such Insured and
> reported to the Insurer for a Wrongful Act;
>
> (1)    which is the same as any Wrongful Act alleged or contained
>        in such notice, or

10177\00005\144557\5\



# TUCKER ELLIS & WEST LLP

### ATTORNEYS AT LAW

Ali M.M. Mojdehi
Baker & McKenzie LLP
*Re:  Pension Transfer Corporation/End of the*
*    Road Trust/DOL Subpoena to Street*
April 13, 2006
Page 3

   (2) which together with any Wrongful Act alleged or contained
     in such notice constitute Interrelated Wrongful Acts,

  shall be considered made at the time such notice of circumstances
  was first given to the Insurer. However, the Insurer shall not be
  liable under this Policy for any amount incurred by an Insured in
  the defense, investigation or settlement of any such potential Claim
  prior to the date the Claim is actually made against the Insured.

The DOL Subpoena contains the following requests:

- **Request No. 5.** "All documents relating to the decision to retain SAM [Street Asset Management] as a service provider for the Plan."

- **Request No. 6.** "All documents reflecting any communication, analysis, evaluation, report, recommendation or request for information or advice relating to the investment of the Plan in Dorsey Trailer or Dorsey Holdings."

- **Request No. 8.** "All documents reflecting your investment or legal advice, opinions, or recommendations relating to the Plan."

- **Request No. 9.** "All documents reflecting any indemnification agreement, other agreement, or insurance policy (including any fiduciary liability, professional liability, directors and officers liability, or errors and omissions liability policy) that may cover any losses incurred by the Plan."

  The foregoing requests relate to Street's conduct in connection with the Fruehauf Trailer Corporation Retirement Plan and appear to suggest that the DOL's suspects self-dealing by Street. Thus, a reasonable person could conclude the subpoena involves circumstances which may reasonably be expected to give rise to a Claim by the DOL. It therefore appears the DOL Subpoena represents a potential Claim and, accordingly, Arch will treat the October 19, 2005 letter of Street's attorney (Joseph C. Faucher) as notice of a potential Claim. That said, Arch would have no obligation to indemnify any of Street's expense in responding to the DOL Subpoena; coverage would be available only for those expenses incurred after an actual Claim is made against Street.

{0177\00005\144557\5\}

17



# TUCKER ELLIS & WEST LLP

### ATTORNEYS AT LAW

Ali M.M. Mojdehi
Baker & McKenzie LLP
*Re: Pension Transfer Corporation/End of the*
*Road Trust/DOL Subpoena to Street*
April 13, 2006
Page 4

## C.    Misrepresentations in the Application

Even though the DOL Subpoena is a potential Claim, and not a Claim, the Company was still required to disclose the DOL subpoena in its Policy Application.

### 1.    Application

The Policy defines Application to mean:

> [E]ach and every signed application, any attachments to such
> applications, other materials submitted therewith or incorporated
> therein and any other documents submitted in connection with the
> underwriting of this Policy or the underwriting of any other
> fiduciary, directors and officers and/or corporation (or equivalent)
> liability policy issued by the Insurer, or any of its affiliates, of
> which this Policy is a renewal, replacement or which it succeeds in
> time[.]

The Trust submitted to Arch an "Application for Fiduciary Insurance," signed by Daniel Harrow and dated October 3, 2005. This submission is an Application, as defined.

The Trust also submitted warranty letters, signed by Daniel Harrow, and dated August 31, 2005 and September 6, 2005. The warranty letters are part of the "Application for Fiduciary Insurance" dated October 3, 2005 because they are, at a minimum, "any other documents submitted in connection with the underwriting of this Policy."

### 2.    Section XVIII [Representations]

Section XVIII [Representations] of the Policy provides that:

> By acceptance of this Policy the Insureds agree that the statements
> in the Application are their agreements and representations and that
> this Policy is issued in reliance upon the truth of such agreements
> and representations, which are deemed material to the acceptance
> of the risk or the hazard assumed by the Insurer under the Policy.
>
> If any Insured has knowledge or information, as of the effective
> date of the Application, of any act, error, omission or circumstance

18



# TUCKER ELLIS & WEST LLP
### ATTORNEYS AT LAW

Ali M.M. Mojdehi
Baker & McKenzie LLP
Re:  *Pension Transfer Corporation/End of the*
      *Road Trust/DOL Subpoena to Street*
April 13, 2006
Page 5

which may give rise to a Claim and which is required to be
disclosed in the Application, whether or not actually disclosed in
the Application, any Claim subsequently arising therefrom shall be
excluded from coverage under this Policy; provided this paragraph
does not limit and is without prejudice to any other rights, defenses
and remedies available to the Insurer. Only the knowledge of
Executives shall be imputed to the Corporation and any Plan for
purposes of this Section XVIII.

### 3.    Application Question

The Company submitted to Arch an "Application for Fiduciary Insurance," signed by
Dan Harrow and dated October 3, 2005. Page six of the Application contains the following
question:

#### PRIOR KNOWLEDGE

Does any person or entity for whom this insurance is intended,
have any knowledge or information concerning any actual or
alleged act, error, omission, fact or circumstance which may give
rise to a Claim which may fall within the scope of the proposed
insurance? (emphasis supplied)

IT IS UNDERSTOOD AND AGREED THAT IF SUCH
KNOWLEDGE OR INFORMATION EXISTS, ANY CLAIM
ARISING THEREFROM IS EXCLUDED FROM THIS
PROPOSED INSURANCE.

In response, the Trust answered "No" and "None Known."

### 4.    The Warranty Letters

The August 31, 2005 warranty letter, which was signed by Mr. Harrow, stated "please be
advised that I am not aware of any incident that might result in a loss since July 17, 2005." The
September 6, 2005 warranty letter, signed by "a trustee," states that we are not aware of any
known losses that involve the Fiduciary Liability placement."

10177\00005\144557\5\

*9



# TUCKER ELLIS & WEST LLP

### ATTORNEYS AT LAW

Ali M.M. Mojdehi
Baker & McKenzie LLP
*Re:  Pension Transfer Corporation/End of the
     Road Trust/DOL Subpoena to Street*
April 13, 2006
Page 6

### 5.  Analysis ·

As disused above, the DOL Subpoena constitutes a potential Claim against Street. Street is an Insured Person and an Executive, as defined, and thus is a "person for whom this insurance is intended." Street was served with the DOL Subpoena on August 19, 2005. Thus, as of October 3, 2005, at least one Insured Person and Executive (Street) had "knowledge or information concerning any actual or alleged act, error, omission, fact or circumstance which may give rise to a Claim which may fall within the scope of the proposed insurance." Accordingly, Mr. Harrow's negative response to the above Application question and the statements in the warranty letters were false when made. Mr. Harrow's actual knowledge or lack of knowledge of the DOL Subpoena is irrelevant in this regard.

Therefore, contrary to your assertions, Arch has a substantial basis to contend that misrepresentations were made to it during the Application process and Arch's assertion of the same was entirely appropriate. Moreover, as discussed below, there is evidence that the Trust may have made additional misrepresentations relating to the nature of the Trust's business.

Based on the foregoing, Arch affirms its declination and sees no basis to "retract" its earlier response as you request.

### ADDITIONAL COVERAGE ISSUES

#### A.  Potential Claim

As we noted previously, Faucher's October 19, 2005 letter is notice of a potential Claim.. Arch has no obligation to indemnify any of Street's expense in responding to the DOL Subpoena. Such obligation, if any, would arise only after an actual Claim is made against Street and would be limited to expenses incurred after such Claim was made.

#### B.  Exclusions

Pursuant to Section IV [Exclusions] of the Policy, the Insurer shall not be liable to make any payment for Loss as a result of a Claim made against an Insured:

> (a)    arising out of, based upon or attributable to the gaining of any profit, remuneration or financial advantage to which such Insured was not legally entitled, as evidenced by a written statement or written admission by such Insured or a judgment or other final

# TUCKER ELLIS & WEST LLP

· ATTORNEYS AT LAW

Ali M.M. Mojdehi
Baker & McKenzie LLP
*Re:  Pension Transfer Corporation/End of the
      Road Trust/DOL Subpoena to Street*
April 13, 2006
Page 7

> adjudication in the underlying action or in a separate action,
> alternative dispute resolution process (including one pursuant to
> Section XIV) or other proceeding;

(b)     arising out of, based upon or attributable to the committing of any
        deliberate criminal or deliberate fraudulent act by such Insured, as
        evidenced by a written statement or written admission by such
        Insured or a judgment, ruling or other finding of fact in the
        underlying action or in a separate action, alternative dispute
        resolution process (including one pursuant to Section XIV) or
        other proceeding.

To the extent the DOL Subpoena suggests the DOL may suspect Street of self-dealing,
Arch reserves the right to decline coverage for any Claim which actually results from the DOL
Subpoena, containing such allegations, pursuant to Exclusions (a) and (b) of the Policy.

## C.     Possible Misrepresentations Regarding Nature of Business

Arch has become aware of information which suggests that the Trust may have made
additional misrepresentations in its Policy Application dated October 3, 2005. Such
misrepresentations may involve statements relating to the nature of the Trust's business and
whether the Trust was in control of any Plans at the time the Trust was submitted.[1] Arch is
investigating this issue and expressly reserves the right to deny coverage for any Claim arising
from the DOL Subpoena based on any such misrepresentations. Arch also reserves the right to
reform or rescind the Policy.

## CONCLUSION

Arch reserves the right to supplement the coverage positions set forth herein, specifically
including the right to raise additional coverage defenses under the Policy, including the right to
rescind the Policy, should the facts and circumstances developed in this matter so warrant.

---

[1] Such misrepresentations relate to what you describe as "an error that was committed (which error may
have been due to Arch's negligence in part) in the inappropriate conversion of the policy to a runoff policy." From
our investigation thus far, it appears any such "error" is attributable entirely to the Trust and its agents.

10177 \ 00005 \ 144557 \ 5 \



# TUCKER ELLIS & WEST LLP

### ATTORNEYS AT LAW

Ali M.M. Mojdehi
**Baker & McKenzie LLP**
*Re: Pension Transfer Corporation/End of the*
*      Road Trust/DOL Subpoena to Street*
April 13, 2006
Page 8

    Accordingly, the comments herein concerning coverage are based upon the facts
presently known with regard to the DOL investigation. If you believe that any of the coverage
positions taken herein by Arch are incorrect, please advise us and Arch will be pleased to
consider any additional information or arguments it may wish to submit. In the interim, all rights
of Arch arising under the Policy, any applicable law and in equity, should be considered fully and
specifically reserved at all times.

    While we encourage you to first contact us or Arch with any questions or concerns you
may have with regard to this letter, you may be entitled to have its claim reviewed by the
California Department of Insurance to the extent you disagree with any or all of the positions
expressed herein. Your inquiry should be directed as follows:

> California Department of Insurance
> Claims Service Bureau – 11th Floor
> 300 South Spring Street
> Los Angeles CA 90013
>
> Telephone:   1-800-927-HELP
>                1-800-927-4357
>                1-213-897-8921

    Once you have had an opportunity to review this letter, feel free to contact us with any
questions or comments you may have.

Very truly yours,

Kim W. West

KWW/WJL/PKS

Cc: Please see attached list.

10177 \ 00005 \ 144557 \ 5 \

22



# TUCKER ELLIS & WEST LLP

### ATTORNEYS AT LAW

Ali M.M. Mojdehi
Baker & McKenzie LLP
*Re:  Pension Transfer Corporation/End of the
        Road Trust/DOL Subpoena to Street*
April 13, 2006
Page 9


cc:    Claudia Cinardo (via e-mail)
        **Arch Insurance Company**

        Daniel W. Harrow (via regular mail)
        **End of the Road Trust**
        11766 Wilshire Blvd.
        Suite 870
        Los Angeles, CA  90025

        Joseph C. Faucher (via regular mail)
        **Reish, Luftman, Reicher & Cohen**
        11755 Wilshire Blvd.
        10th Floor
        Los Angeles, California, 90025-1539

        Chriss W. Street (via regular mail)
        1111 Bayside Drive
        Carona del Mar, California 92625

        Bill Schwartz (via regular mail)
        **Schwartz & Company**
        P.O. Box 1260
        La Quinta, CA 92247

        Mary Walrond (via e-mail at mwalrond@trinitymgrs.com)
        **Trinity Managers International**

1        DECLARATION OF SERVICE

2        The undersigned certifies and declares as follows:

3        I am employed in the City of Newport Beach and County of Orange, in the State of California.

4     I am over the age of 18 and not a party to the within action. I am employed by Blakeley & Blakeley

5     LLP, whose business address is 1000 Quail Street, Suite 200, Newport Beach, California 92660.

6        On **July 18, 2007**, I served the forgoing document described as:

7

8        **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

9

10    on the interested parties in this action [X] by placing [] the original [X] a true copy thereof enclosed in

11    sealed envelopes, with postage fully prepaid, addressed as follows:

12        **SEE ATTACHED SERVICE LIST**

13    [X]     By U.S. Mail

14    [X]     I am readily familiar with Blakeley & Blakeley's practice of collecting and processing

15    correspondence for mailing via U.S. Mail. Correspondence so collected and processed is deposited

16    with the United States Postal Service that same day in the ordinary course of business.    I am aware

17    that on motion of the party served, service is presumed invalid if postal cancellation date or postage

18    meter date is more than one day after date of deposit of mailing in declaration

19    [X]     I declare under penalty of perjury under the laws of the United States of America that

20    the foregoing is true and correct. Executed on **July 18, 2007**, at Newport Beach, California.

21

22

23

24                                                                      Megan Rutledge

25

26

27

28

Proof of Svc Mail (MR)

1

## **SERVICE LIST:**

## **COUNSEL FOR PLAINTIFF**
PHILLIP B. GREER
LAW OFFICES OF PHILLIP B. BREER
1280 Bison Road B9-531
Newport Beach, CA 92660